ROBERT A. SIEGEL (S.B. #64604)
O'MELVENY & MYERS LLP
400 South Hope Street
Los Angeles, CA 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

ADAM P. KOHSWEENEY (S.B. #229983)
O'MELVENY & MYERS LLP
Two Embarcadero Center
San Francisco, CA 94111-3823
Telephone: 415-984-8912
Facsimile: 415-984-8701

Attorneys for Defendant
US Airways, Inc.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

C 12 5860

| | |
|---|---|
| JOSEPH TIMBANG ANGELES, NOE LASTIMOSA, on behalf of themselves and on behalf of others similarly situated, and the general public,<br><br>        Plaintiffs,<br><br>v.<br><br>US AIRWAYS, INC., and DOES 1 through 50,<br><br>        Defendants. | Case No. CV _____<br><br>**NOTICE OF REMOVAL OF DEFENDANT US AIRWAYS, INC.**<br><br>(28 U.S.C. §§ 1332(d), 1441(a))<br><br>(San Francisco County Superior Court Case No. CGC-12-521809) |

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS**

**AND PLAINTIFFS' ATTORNEY OF RECORD:**

        Pursuant to 28 U.S.C. § 1446(a), Defendant US Airways, Inc. ("US Airways") hereby invokes this Court's jurisdiction under the provisions of 28 U.S.C. §§ 1332(d) and 1441(a) and states the following grounds for removal:

1.    On October 17, 2012, Defendant received a Summons and First Amended Complaint, a true and correct copy of which is attached hereto collectively as Exhibit A. The action, which arises from an alleged employment relationship between Plaintiffs Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs") and Defendant, was brought in the Superior Court of the State of California, County of San Francisco, styled and captioned exactly as above, and assigned Case No. CGC-12-521809. Plaintiffs had previously filed, but not served, a Complaint in this matter on June 22, 2012, a true and correct copy of which is attached hereto as Exhibit B. No other pleadings or papers have been filed in this action, and no other defendants have been served with the First Amended Complaint.

2.    Said Case No. CGC-12-521809 was filed as a putative civil class action wherein Plaintiffs, on behalf of themselves and a putative class of allegedly similarly situated employees, seek compensatory and other damages and relief according to proof at trial against Defendant. Plaintiffs have alleged claims for violations of the California Labor Code (including, but not limited to, failure to pay overtime, failure to provide accurate itemized wage statements, failure to provide meal periods and rest breaks, failure to reimburse reasonable business expenses, and violations of the Private Attorney General Act). Plaintiffs also allege a statutory claim for violation of California Business and Professions Code §§ 17200 *et seq.*.

3.    This Notice of Removal has been filed within thirty (30) days of service of Defendant, and, as no other defendant has been served, the requirement of 28 U.S.C. § 1446(b) requiring removal within thirty (30) days of service of the first defendant has been satisfied. In addition, this Notice of Removal has been filed within one year of the commencement of the action in state court as required by 28 U.S.C. § 1446(c). Therefore, this Notice of Removal has been timely filed.

4.    This Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d), because this is a putative class action in which: (a) there are 100 or more members in Plaintiffs'

1  proposed class; (b) at least some members of the proposed class, including Plaintiffs, have

2  a different citizenship from one or more defendants; (c) the claims of the proposed class

3  members, in the aggregate, exceed the sum or value of $5,000,000 (exclusive of interest

4  and costs); and (d) no exceptions to CAFA apply.

**JURISDICTION AND BASIS FOR REMOVAL UNDER CAFA**

**Plaintiffs' Class Action Consists of More Than 100 Members.**

7      5.      CAFA jurisdiction can attach so long as the number of class members of all

8  proposed plaintiff classes in the aggregate exceeds one hundred (100). 28 U.S.C. §

9  1332(d)(5)(B). Plaintiffs allege – and Defendant agrees – that the class proposed in the

10  First Amended Complaint consists of "over 100 Fleet Service Agents working for

11  Defendants in California." (Amend. Compl. ¶ 50.) US Airways confirms, based on

12  currently available information, that there were, on average, approximately 226.44 full-

13  time Fleet Service Agents employed by US Airways per month in California during the

14  course of the class period to date, excluding partial months. (Declaration of Rob

15  Harbinson in Support of Removal, dated November 12, 2012 ("Harbinson Decl.") ¶ 7.) In

16  addition, there were, on average, approximately 163.04 part-time Fleet Service Agents

17  employed by US Airways per month in California during the course of the class period.

18  (*Id.* ¶ 7.)

19      6.      Accordingly, there is no dispute that the number of putative class members

20  in the class proposed by Plaintiffs exceeds one hundred (100).

21      **Diversity of Citizenship is Established.**

22      7.      Plaintiff Joseph Timbang Angeles ("Angeles"), according to US Airways'

23  records, is a citizen of the State of California, residing in the city of Daly City, California.

24  (*Id.* ¶ 3.) Angeles alleges in his First Amended Complaint that at all times relevant to this

25  lawsuit he was employed by US Airways at the San Francisco International Airport in the

26  State of California. (Amend. Compl. ¶ 8.)

27      8.      Plaintiff Noe Lastimosa ("Lastimosa"), according to US Airways' records,

28  is a citizen of the State of California, residing in the city of San Francisco, California.

1    (Harbinson Decl. ¶ 4.) Lastimosa alleges in his First Amended Complaint that at all times

2    relevant to this lawsuit he was employed by US Airways at the San Francisco

3    International Airport in the State of California. (Amend. Compl. ¶ 9.)

4          9.      The Summons and First Amended Complaint name US Airways, Inc. as the

5    named Defendant. At the time this action was filed and at the time this Notice of

6    Removal was filed, US Airways, Inc., was and is a corporation incorporated under the

7    laws of the State of Delaware with its principal place of business in Tempe, Arizona. US

8    Airways' corporate headquarters is located in Arizona, and its administrative, executive,

9    and support functions are centralized there. (Harbinson Decl. ¶ 2.) Accordingly, US

10   Airways is, for the purposes of removal, and pursuant to 28 U.S.C. § 1332(c)(1), both a

11   citizen of Delaware and Arizona. *See Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1192 (2010)

12   (concluding that a corporation's "'principal place of business' is best read as referring to .

13   . . the corporation's 'nerve center'" where "the corporation maintains its headquarters" so

14   long as "the headquarters is the actual center of direction, control, and coordination").

15         10.     The First Amended Complaint also names fifty (50) "Does" as defendants.

16   For purposes of removal, "the citizenship of defendants sued under fictitious names shall

17   be disregarded." 28 U.S.C. § 1441(b). Therefore, for purposes of removal jurisdiction

18   based on 28 U.S.C. § 1332, the citizenship of all of the "Doe" defendants is to be

19   disregarded.

20         11.     Because Defendant is a citizen of states outside California, and one or more

21   members of the proposed plaintiff class is a citizen of California, the minimal diversity

22   requirement of 28 U.S.C. § 1332(d)(2)(A) is satisfied.

23              **The Aggregate Amount-in-Controversy Exceeds $5,000,000.**

24         12.     The amount in controversy in this case exceeds the sum or value of

25   $5,000,000, as required by 28 U.S.C. §§ 1332(d)(2) and 1332(d)(6), the latter of which

26   provides: "In any class action, the claims of the individual class members shall be

27   aggregated to determine whether the matter in controversy exceeds the sum or value of

28   $5,000,000, exclusive of interests and costs." By this allegation, and the statements

                                    - 4 -          NOTICE OF REMOVAL CV _____

1  contained in this Notice of Removal, Defendant does not concede that Plaintiffs are owed

2  in excess of five million dollars ($5,000,000), that they are owed any amount whatsoever,

3  or that class certification is appropriate.  Nevertheless, the amount "in controversy" in this

4  case is in excess of five million dollars ($5,000,000) for the reasons set forth below.

5      13.    The First Amended Complaint purports to assert eight causes of action, all

6  of which are putative class claims.

7      14.    Based on the First Amended Complaint's allegations, which Defendant

8  disputes, the amount in controversy exceeds $5,000,000.00 dollars, as demonstrated by

9  the following reasonable assumptions:

10      (a) From December 2008 forward, and subject to applicable living wage

11          ordinances in some areas, the lowest straight-time hourly rate for any

12          employee in the putative class – pursuant to the collective bargaining

13          agreement which governs the putative class's employment – has been

14          $9.29/hour.  (Harbinson Decl. ¶ 9.)  The highest possible wage rate is

15          currently $20.57/hour.  (*Id.* ¶ 9.)  The Fleet Service Agents who

16          comprise the putative class in this action had thirty-seven (37) pay

17          periods from June 22, 2011, to October 31, 2012.  (*Id.* ¶ 9.)

18      (b) The First Amended Complaint alleges that there are over one

19          hundred employees in the putative class as defined by the First

20          Amended Complaint.  (Amend. Compl. ¶ 50.)  Defendant confirms

21          that from December 2008 through October 2012, it has employed an

22          approximate average of 217.9 full-time Fleet Service Agents per

23          month in California.  (*Id.* ¶ 7.)  The First Amended Complaint's

24          purported class period started in June 2008 and will continue to run

25          until the conclusion of this action.  (Amend. Compl. ¶ 49.)

26      (c) The First Amended Complaint alleges that US Airways regularly

27          "deducted 30 minutes from each Fleet Service Agent's daily hours

28          worked" and "[a]s a pattern and practice . . . regularly required

- 5 -

1       employees to work through their meal periods without proper

2       compensation." (Amend. Compl. ¶¶ 60 & 66.) The First Amended

3       Complaint proceeds to allege that as a result of this alleged conduct,

4       "employees have been deprived of overtime compensation."

5       (Amend. Compl. ¶ 61.) Although Defendant denies these allegations,

6       if true Defendants would owe each employee "one-and-a-half (1½)

7       times such employees regular rate of pay" for each unpaid overtime

8       hour. (Industrial Welfare Commission Wage Order No. 9-2001 §

9       3(A).) Assuming an average of approximately 217.19 putative class

10      members per month for the 47 months from December 2008 to

11      October 2012, each earning $9.29/hour (and therefore earning

12      overtime at $13.94/hour) and being denied a half hour of overtime

13      per day for five days per week, the potential damages at issue would

14      be $1,529,171.16.

15     (d) Further, the First Amended Complaint alleges that US Airways

16       "regularly required employees to work through their meal periods"

17       and "failed to pay employees . . . the premium compensation" alleged

18       due to them. (Amend. Compl. ¶¶ 66-67.) Although Defendant

19       denies this allegation, if true Defendant would owe each employee

20       "one (1) hour of pay at the employee's regular rate of compensation

21       for each workday that the meal period is not provided." (Industrial

22       Welfare Commission Wage Order No. 9-2001 § 11(D).) Assuming

23       an approximate average of 217.19 putative class members per month

24       for the 47 months from December 2008 to October 2012, each

25       earning $9.29/hour and being denied one meal period per day for

26       three days per week, the potential damages at issue would be an

27       additional $1,223,336.93.

28     (e) The First Amended Complaint also alleges that "[a]s a pattern and

    NOTICE OF REMOVAL CV _____

1 practice, [US Airways] regularly required employees to work through
2 their rest breaks without proper compensation." (Amend. Compl. ¶
3 73.) Although Defendant denies this allegation, if true Defendant
4 would owe each employee "one (1) hour of pay at the employee's
5 regular rate of compensation for each work day that the rest period is
6 not provided." (Industrial Welfare Commission Wage Order No. 9-
7 2001 § 12(B).) Assuming an approximate average of 217.19 putative
8 class members per month for the 47 months from December 2008 to
9 October 2012, each earning $9.29/hour and being denied one rest
10 break per day for four days per week, the potential damages at issue
11 would be $1,631,115.90.

12 (f) The First Amended Complaint also alleges that Plaintiff Angeles may
13 "recover civil penalties as [an] aggrieved employee on behalf of
14 himself and other current and former employees" of US Airways
15 under the Labor Code Private Attorney General of 2004 ("PAGA").
16 (Amend. Compl. ¶¶ 112-119.) Although Defendant denies any
17 liability under PAGA, if Plaintiffs prevail PAGA provides for a civil
18 penalty of "one hundred dollars ($100) for each aggrieved employee
19 per pay period," subject to certain restrictions. (Cal. Labor Code §
20 2699(f)(2).) Assuming thirty-seven (37) pay periods from June 22,
21 2011, to October 31, 2012, and approximately 175.25 putative class
22 members per month, the potential penalties at issue would be
23 $648,425.00. (Harbinson Decl. ¶¶ 6 & 8.)

24 (g) Accordingly, utilizing only the conservative estimates of Plaintiffs'
25 claims as set forth above, the total damages at issue would be
26 $5,032,048.99.

27
28

NOTICE OF REMOVAL CV _____

1     15.     This calculation uses artificially low assumptions regarding the putative

2   class' wage rates and the number of individuals in the putative class, and does not factor

3   in some of Plaintiffs' class claims.  It does not take into account Plaintiffs' claims for,

4   among other things, waiting time penalties, unfair business practices, or unreimbursed

5   business expenses.  (Amend. Compl. ¶¶ 84-87, 92, 108.)  Moreover, it does not take into

6   account the part-time Fleet Service Agents who are members of the putative class, and

7   excludes the first six months of the class period (June 2008 through November 2008) from

8   several of Plaintiffs' claims.

9     16.     In short, as a matter of legal certainty the amount in controversy in this

10  action exceeds five million dollars ($5,000,000) as required by 28 U.S.C. § 1332(d)(2)

11  and § 1332(d)(6), even if only a subset of the First Amended Complaint's allegations are

12  considered.

13                          **No CAFA Exception Applies.**

14    17.     CAFA contains certain jurisdictional exceptions, none of which applies to

15  the present case.

16    18.     The "Local Controversy Exception" does not apply to the present case

17  because the named defendant is not a citizen of California, the state in which the action

18  was originally filed.  *See* 28 U.S.C. § 1332(d)(4)(A)(i)(II)(cc).

19    19.     The "Home State Exception" does not apply to the present case because the

20  primary defendant is not a citizen of California, the state in which the action was

21  originally filed.  *See* 28 U.S.C. § 1332(d)(4)(B).

22    20.     Accordingly, all of the requirements for federal jurisdiction under 28 U.S.C.

23  §1332(d) are satisfied, and removal of this action is proper under 28 U.S.C. §§ 1441,

24  1446, and 1453.

25                              **CONCLUSION**

26    21.     For the reasons discussed herein, pursuant to 28 U.S.C. §§ 1332 and

27  1441(a), and under the principles of CAFA jurisdiction, this state court action may be

28  removed to Federal District Court.

## VENUE

22.     Plaintiffs' state court action was commenced in the Superior Court of the State of California for the County of San Francisco and, pursuant to 28 U.S.C. §§ 84(a) and 1446 (a), (b) and (c), may be removed to this United States District Court for the Northern District of California, which embraces San Francisco County within its jurisdiction.

WHEREFORE, Defendant requests that this action be brought to this Court, and that this Court exercise its jurisdiction in the premises.

Dated: November 15, 2012
_____.

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY


By:   /s/ Adam P. KohSweeney
Adam P. KohSweeney
Attorneys for Defendant US Airways, Inc.

NOTICE OF REMOVAL CV _____

# EXHIBIT A

# SUMMONS TO FIRST AMENDED
## (CITACION JUDICIAL) COMPLAINT

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

US Airways, Inc., and DOES 1 through 50,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Superior Court of California, County of San Francisco<br>400 McAllister Street, San Francisco, CA 94102 | CASE NUMBER:<br>*(Número del Caso):*<br>CGC-12-521809 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Arlo Uriarte, Esq., Liberation Law Group, P.C., 2760 Mission Street, San Francisco, CA 94110 (415)695-1000

| DATE: OCT 0 4 2012<br>*(Fecha)* | CLERK OF THE COURT Clerk, by<br>*(Secretario)* | M.A. MORAN , Deputy<br>*(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* US Airways, Inc.,

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 9/17/2012 11:30 AM

Page 1 of 1

Arlo Garcia Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Mateo, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

OCT 0·4 2012

CLERK OF THE COURT
BY: MARY ANN MORAN
Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public, <br><br> Plaintiffs, <br><br> vs. <br><br> US Airways, Inc., and DOES 1 through 50, <br><br> Defendants. | Case No.: CGC-12-521809 <br><br> CLASS ACTION <br><br> *FIRST AMENDED* COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF: <br><br> **(1) FAILURE TO PAY OVERTIME** <br> **(2) FAILURE TO COMPENSATE FOR IMPROPER OR MISSED MEAL PERIODS** <br> **(3) FAILURE TO COMPENSATE FOR IMPROPER OR MISSED REST BREAKS** <br> **(4) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS** <br> **(5) FAILURE TO REIMBURSE FOR WORK RELATED EXPENSES** <br> **(6) WAITING TIME PENALTIES** <br> **(7) UNFAIR BUSSINESS PRACTICES** <br> **(8) LABOR CODE §§ 2699, ET SEQ.** |

PLAINTIFFS Joseph Timbang Angeles and Noe Lastimosa ("PLAINTIFFS"), hereby submit their Complaint against Defendant US Airways, Inc., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves, and the class of others similarly situated, as follows:

1

## INTRODUCTION

1. This class action is within the Court's jurisdiction under California <u>Labor Code</u> Sections 201-204, 226, 510, 1194, 226.7, 2802 and 512, California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code</u>, <u>Business and Professions</u> Code and applicable IWC wage orders against employees of DEFENDANTS.

3. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful rest and meal periods.

4. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, including overtime wages (b) the opportunity to take proper rest and meal periods, and (c) receive accurate wage statements.

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code</u>, <u>Business and Professions Code</u> and applicable IWC wage orders.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 226, 2802 and 512 California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9 § 11 and 12 claims alleged herein.

1  Damages alleged herein are in an amount that exceeds $25,000, the precise amount of which will
2  be proven at trial.

3      7. Venue is proper because the alleged wrongs occurred in the County of San Francisco.
4  DEFENDANTS are located within the jurisdiction of the County of San Francisco.
5  PLAINTIFFS worked for DEFENDANTS in the San Francisco International Airport.

6  **PARTIES**

7      8.    PLAINTIFF Joseph Timbang Angeles was employed as a part-time ramp agent at
8  San Francisco Internationl Airport ("SFIA") by DEFENDANTS from May 27, 2008 to June 4,
9  2012.

10      9. PLAINTIFF Noe Lastimosa was employed by DEFENDANTS as a full-time ramp
11  agent and later as a part-time ramp agent at SFIA from 2007 to the present.
12

13      10.    US Airways, Inc. is a corporation doing business in the State of California with
14  its principal place of business in the County of San Francisco.

15      11.    PLAINTIFFS are informed and believes and thereon alleges that at all times herein
16  mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business
17  entities, individuals, and partnerships, licensed to do business and actually doing business in the
18  State of California.

19      12. DEFENDANTS own and operate an industry, business and establishment in the
20  County of San Francisco, for the purpose of providing cleaning, fueling, and ramp related
21  services to its airplanes that serve passengers at San Francisco International Airport.  As such,
22  and based upon all the facts and circumstances incident to DEFENDANTS' business in
23  California, DEFENDANTS are subject to California <u>Labor Code</u> Sections 201-204, 510, 1194
24  226.7, 226, and 2802, 512, California <u>Business and Professions Code</u> Section 17200, et seq.,
25  (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare
26  Commission including IWC Wage Order No. 9§ 11 and 12.

27      13.    PLAINTIFFS do not know the true names or capacities, whether individual,
28  partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and

3

---

for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFFS prays leave to amend this complaint when the true names and capacities are known. PLAINTIFFS are informed and believes and thereon alleges that each of said fictitious DEFENDANTS are responsible in some way for the matters alleged herein and proximately caused PLAINTIFFS and members of the class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14. At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15. PLAINTIFFS are informed and believes and based thereon alleges that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

16. At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17. At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

## STATEMENT OF FACTS

18. Defendant US Airways along with US Airways Shuttle and US Airways Express, operates flights and serves passengers in several airports in California, including San Francisco,

4

San Jose, Oakland, Sacramento, Monterey, Fresno, Bakersfield, San Luis Obispo, Santa Barbara, Santa Ana, Palm Springs, Los Angeles and San Diego.

19.    PLAINTIFFS and similarly situated employees ("Fleet Service Agents") are required to clock in and clock out each work day.

20.    Fleet Service Agents are assigned a schedule for morning (a.m.) shifts and afternoon/evening (p.m.) shifts. Fleet Service Agents are allowed to 'pick-up shifts' from other Fleet Service Agents to pick-up shift mean to add shifts to pre-assigned daily schedules. By picking up shifts part-time and full-time Fleet Service Agents are able to increase the number of daily and weekly hours worked.

21. Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 8 hours in one day.

22. Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 12 hours in one day.

23. Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 40 hours in one week.

24. DEFENDANTS' pay Fleet Service Agents once every two weeks. For a two week pay period, the maximum number of regular hours is 80.

25. Yet, DEFENDANTS' payroll services when accounting for hours worked and overtime hours worked does not properly pay Fleet Service Agents pursuant to California overtime regulations.

26. DEFENDANTS' payroll services engaged in a creative accounting practice that results in the underpayment of overtime wages.

27. DEFENANTS payroll services segregates the hours worked into different categories resulting in the underpayment and inaccurate accounting of overtime hours worked during each two week pay period.

28.    The pay stub or itemized wage statements received by Fleet Service Agents do not accurately reflect which hours are hours worked and which hours are regular hours worked.

29.     Fleet Service Agents are not required to clock in and clock out during meal periods.

30.     Fleet Service Agents were subject to a uniform policy and practice wherein these employees were only allowed to take meal periods and rest periods when there are no flights that need to be serviced. Often, changes in flight schedules, under staffing, and other factors causes Fleet Service Agents to involuntarily engage in improper/on-duty meal periods and rest breaks or results in Fleet Service Agents missing meal period and rest breaks entirely.

31.     DEFENDANTS' uniform practice and policy is to not schedule meal periods for Fleet Service Agents.

32. DEFENDANTS' uniform practice and policy is to not schedule rest breaks for Fleet Service Agents.

33. DEFENDANTS' uniform practice and policy is to not allow its Fleet Service Agents to leave the employment premises or that part of the airport that U.S. Airways operates and controls. Therefore, Fleet Service Agents are not free to use their meal periods for whatever purpose.

34. DEFENDANTS' did not have a uniform practice or policy in place to relieve Fleet Service Agents of all duties allowing them to take a proper meal period the entire meal period.

35. DEFENDANTS' uniform practice and policy was to automatically deduct 30 minutes from each Fleet Service Agent's work hours, to account for meal periods. This automatic deduction is done without regard to whether or not the meal period was actually taken.

36. DEFENDANTS' did not have a uniform practice or policy in place for Fleet Service Agents to schedule proper rest break.

37. Fleet Service Agents were not free from DEFENDANTS' control during meal periods, as they were required to be inside DEFENDANTS' premises and required to respond to cell phone calls or radio calls at all times.

38. Fleet Service Agents were not free from DEFENDANTS' control during rest breaks.

6

39. Fleet Service Agents were scheduled for shifts lasting more than 2 hours requiring at least one rest break per shift.

40. Fleet Service Agents were scheduled for shifts of 5 hours or more requiring at least one meal period per shift.

41. DEFENDANTS only authorized meal periods for full-time Fleet Service Agents who were scheduled for shifts of 6 hours or more.

42. DEFENDANTS did not authorize meal periods for part-time Fleet Service Agents who worked shifts lasting less than 6 hours.

43. DEFENDANTS did not authorize rest breaks for part-time Fleet Service Agents who worked shifts lasting less than 4 hours but over 2 hours.

44. DEFENDANTS did not authorize a second rest break for Fleet Service Agents who worked shifts over 6 hours but less than 8 hours.

45. DEFENDANTS did not authorize a second meal period for Fleet Service Agents working a shift longer than 10 hours.

46. DEFENDANTS did not authorize a third rest break for Fleet Service Agents working shifts longer than 10 hours.

47. When meal or rest periods are missed involuntarily by Fleet Service Agents or because they were not authorized by DEFENDANTS, Fleet Service Agents were not compensated one-hour at their regular rate of pay.

48. On or about June 29, 2012, PLAINTIFF Joseph Timbang Angeles through counsel, pursuant to the Labor Code Private Attorneys General Act of 2004, sent via certified mail a letter-notice of violations to the California Labor and Workforce Development Agency ("LWDA"), as required by Labor Code §2699.3. The LWDA has not provided notice that it does not intend to investigate the alleged violations. Pursuant to Labor Code §2699.3(a)(2)(A), because the LWDA did not provide a notice of intent to investigate within thirty three (33) calendar days of the postmark date of the letter sent to the LWDA on June 29, 2012, PLAINTIFF Joseph Timbang Angeles may commence a civil action pursuant to Section 2699.

7

## CLASS ACTION ALLEGATIONS

49. **Definition:** The named individual PLAINTIFFS brings this action on behalf of himself and the class pursuant to California <u>Code of Civil Procedure</u> § 382. The class is defined as:

> "All current and former employees of DEFENDANTS who worked as Fleet Service Agents in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

50. **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFFS are informed and believe that there are over 100 Fleet Service Agents working for DEFENDANTS in California. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature. PLAINTIFFS are informed and believes and based thereon alleges that (a) class members regularly were denied payment of all wages due, and (b) class members were regularly denied meal periods and rest breaks.

51. **Adequacy of Representation:** PLAINTIFFS are a member of the class, PLAINTIFFS does not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class. PLAINTIFFS will fairly and adequately represent and protect the interests of the class members. The PLAINTIFFS' counsels are competent and experienced in litigating wage and hour class actions.

52. **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual Class Members may be relatively

8

small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

53.     The California Labor Code and Wage Order provisions upon which PLAINTIFFS bases their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

54.     The nature of this action and the format of laws available to PLAINTIFFS and members of the class identified herein make the class action format a particularly efficient and appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

55.     The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the

9

individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

56. **Common Question of Law and Fact:** There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

a. Whether DEFENDANTS have failed to pay its employees overtime wages for time worked in excess of 40 hours per week, eight hours per day and/or double overtime twelve hours per day;

b. Whether DEFENDANTS have employed employees in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

c. Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Labor Code §§ 510 and 1194 by their failure to pay overtime compensation and whether the practice of automatically deducting 30 minutes for meal periods was unlawful;

d. Whether DEFENDANTS failure to pay overtime compensation, and automatically deducting 30 minutes, constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

e. Whether DEFENDANTS have failed to provide adequate off-duty meal periods and payments for missed meal periods, and/or whether the practice of automatically deducting 30 minutes for meal periods was in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

f. Whether DEFENDANTS' failure to provide adequate meal periods and payments for missed meal periods, and/or the practice of

automatically deducting 30 minutes for meal periods, constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

g. Whether DEFENDANTS have failed to provide adequate rest breaks and payments for missed rest breaks, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 12;

h. Whether DEFENDANTS' failure to provide adequate rest breaks and payments for missed rest breaks constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

i. Whether the wage statements provided to PLAINTIFFS and similarly situated employees were inaccurate pursuant to Labor Code § 226 and IWC Wage Order 9.

j. Whether PLAINTIFFS and similarly situated employees are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

k. Whether DEFENDANTS have violated Labor Code §§ 201-203, by failing, upon termination, to timely pay employees wages that were due for overtime, missed meal periods, and/or rest breaks;

l. Whether DEFENDANTS failure to pay all compensation owed at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

11

m.  Whether DEFENDANTS have violated Labor Code §2802, by failing to pay work related expenses, for the use of cell phones by its employees;

n.  Whether DEFENDANTS failure to pay work related expenses constituted an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

o.  The proper formula for calculating restitution, damages, and waiting time and other statutory penalties owed to PLAINTIFFS and the class alleged herein.

57.  **Typicality:** The claims of PLAINTIFFS are typical of the claims of all members of the class. The PLAINTIFFS are a member of the class and has suffered the alleged violations of California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 226, and 512 and California Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

<u>FIRST CAUSE OF ACTION</u>

**FAILURE TO PAY WAGES AND OVERTIME COMPENSATION**

58.  PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

59.  By failing to pay overtime compensation to PLAINTIFFS and similarly situated employees DEFENDANTS violated and continues to violate Labor Code § 510 and IWC wage order No. 9, § 3, which require overtime compensation to non-exempt employees.

60.  By automatically deducting 30 minutes from each Fleet Service Agent's daily hours worked without regard to whether or not a meal period was actually taken, DEFENDANTS' unlawfully withheld wages.

61.  As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and the similarly situated employees have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recovery of such amounts, plus interest thereon, under Labor Code § 1194.

62. By violating Labor Code § 510, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §1194.

63. PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER MEAL PERIODS

64. PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

65. DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including PLAINTIFFS and others similarly situated, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. PLAINTIFFS and others similarly situated were suffered and permitted to work through legally required meal breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B).

66. As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation. DEFENDANTS did not employ sufficient Fleet Service Agents in order for them to take proper meal periods when the flight schedules got busy. This policy of requiring employees to work through their legally mandated meal periods is a violation of California law.

67. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS' willful failure to provide PLAINTIFFS and other members of the class the wages due and owing them upon separation from employment.

68. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS did

13

1  not properly maintain records pertaining to when PLAINTIFFS began and ended each meal

2  period in violation of California Labor Code §1174 and Section 7 of the applicable IWC Wage

3  Order(s).

4       69.    Such a pattern, practice and uniform administration of corporate policy as

5  described herein is unlawful and creates an entitlement to recovery by the PLAINTIFFS and the

6  class identified herein, in a civil action, for the unpaid balance of the unpaid premium

7  compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B), including

8  interest thereon.

9       70.    DEFENDANTS' wrongful and illegal conduct in failing provide class members

10  with the opportunity to take meal breaks and to provide premium compensation in accordance

11  with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9§ 11(B) despite the clear legal

12  obligation to do so, unless and until enjoined and restrained by order of this court, will cause

13  great and irreparable injury to PLAINTIFFS and all members of the class in that the

14  DEFENDANTS will continue to violate these California laws, represented by labor statutes and

15  IWC wage orders, unless specifically ordered to comply with same. This expectation of future

16  violations will require current and future employees to repeatedly and continuously seek legal

17  redress in order to gain compensation to which they are entitled under California law.

18  PLAINTIFFS has no other adequate remedy at law to insure future compliance with the

19  California labor laws and wage orders alleged to have been violated herein.

20  
21                          **THIRD CAUSE OF ACTION**

22                     **FAILURE TO PROVIDE REST BREAKS**

23       71.    PLAINTIFFS re-allege and incorporate by reference paragraphs above as though

24  fully set for herein.

25       72.    DEFENDANTS failed in their affirmative obligation to ensure that all of their

26  employees, including PLAINTIFFS and others similarly situated, were provided an opportunity

27  and authorized to take rest breaks. PLAINTIFFS and others similarly situated were suffered and

28  permitted to work through legally required rest breaks. As such, Defendant is responsible for

14

paying premium compensation for missed rest breaks pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 9§ 12.

73. As a pattern and practice, DEFENDANTS regularly required employees to work through their rest breaks without proper compensation. DEFENDANTS did not employ sufficient Fleet Service Agents in order for them to take proper rest breaks when the flight schedules got busy. This policy of requiring employees to work through their legally mandated rest breaks is a violation of California law.

74. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 9§ 12. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS' willful failure to provide PLAINTIFFS and other members of the class the wages due and owing them upon separation from employment.

75. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the PLAINTIFFS and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 12, including interest thereon.

76. DEFENDANTS' wrongful and illegal conduct in failing provide class members with the opportunity to take rest breaks and to provide premium compensation in accordance with <u>Labor Code</u> §§ 226.7 and 512 and IWC Wage Order No. 9§ 12 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to PLAINTIFFS and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.

FIRST AMENDED COMPLAINT: Angeles v. US Airways CGC-12-521809

PLAINTIFFS has no other adequate remedy at law to insure future compliance with the California labor laws and wage orders alleged to have been violated herein.

## FOURTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

77.     The allegations of Paragraphs above are re-alleged and incorporated herein by reference.

78.     Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total actual hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

79.     DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFFS and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a) and IWC wage order No 9, § 7(B). As a result, DEFENDANTS, are liable to PLAINTIFFSS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

80.     PLAINTIFFS, on behalf of themselves and similarly situated Employees, requests relief as described below.

## FIFTH CAUSE OF ACTION

### FAILURE TO REIMBURSE EMPLOYEES FOR WORK RELATED EXPENSES

81. PLAINTIFFS re-allege and incorporate by reference the paragraphs above as though fully set for herein.

82. Labor Code § 2802 requires an employer to reimburse its employees for work-related expenses incurred by its employees.

16

83. PLAINTIFFS, and similarly situated employees, used their cell phones at work to communicate with management, supervisors and other employees, during the course of each work day.

84. PLAINTIFFS, and similarly situated employees, incurred costs and expenses, from the usage of their personal cell phones, in that minutes were deducted from their cell phone plans and actual usage charges were incurred, as a result of their cell phone usage.

85. DEFENDANTS did not compensate PLAINTIFFS, and similarly situated employees, for the use of these cell phones.

86. By violating Labor Code § 2802, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §2802(c).

87. PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

### SIXTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

88. PLAINTIFFS re-allege and incorporate by reference the paragraphs above as though fully set for herein.

89. Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

90. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

91. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

92. DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal and rest compensation, and overtime wages to employees whose employment terminated. As a result, DEFENDANTS are liable to former employees for waiting time penalties, together with interest thereon under Labor Code § 203.

93. PLAINTIFFS, on behalf of all terminated employees, request relief as described below.

## SEVENTH CAUSE OF ACTION

## FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*

94. PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

95. Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

96. Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

97. Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, including by engaging in the following:

a. failing and refusing to record meal periods of PLAINTIFFS and similarly situated employees;

b. failing to pay one hour compensation for improper or missed meal periods;

c. failing to pay one hour compensation for improper or missed rest breaks;

d. failing to pay all wages due to PLAINTIFFS and similarly situated employees;

e. failing to pay overtime compensation to PLAINTIFFS and similarly situated employees;

18

f.  failing to reimburse employees for work related expenses;

g.  failing to provide accurate itemized wage statements to PLAINTIFFS and similarly situated employees; and,

h.  failing to pay all wages earned, including overtime wages, and premium pay for failure to provide proper meal and rest breaks upon termination or 72 hours of a resignation.

98.  The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

99.  As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFFS and class members. As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFFS and class members have suffered economic injuries including, but not limited to loss of wages, including overtime wages, pay for missed meal and rest periods, and waiting time penalties. DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal and rest period compensation, and interest accrued by PLAINTIFFS and similarly situated Employees.

100.  PLAINTIFFS and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for overtime, pay for missed meal and rest periods, and interest since four years prior to the filing of this action.

101.  PLAINTIFFS and similarly situated Employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

102.  PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to the unpaid

19

compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

103.    Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

104.    In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFFS request an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Employees, from whom they were unlawfully taken.

105.    PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

106.    By all of the foregoing alleged conduct, DEFENDANTS have committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 et seq.

107.    As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other Employees, and members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

108.    Pursuant to Business & Prof. Code §17203, PLAINTIFFS, other Employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair business practices; and (c) a declaration that DEFENDANTS business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

109.    PLAINTIFFS, on behalf of themselves and similarly situated Employees, request relief as described below.

20

110.    PLAINTIFFS are informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving PLAINTIFFS and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## SEVENTH CAUSE OF ACTION

*(Labor Code §2699)*

111.    PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

112.    Pursuant to Labor Code §2699, the foregoing violations of statutes and regulations permit PLAINTIFFS to recover a civil penalty through this action.  Labor Code §2699 provides in relevant part that:

> (a) Notwithstanding any other provisions of law, any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the        Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of [the Labor Code], may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees....(e) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: ....(2) If at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

113.    DEFENDANTS' violations of California wage and hour laws enable PLAINTIFF Joseph Timbang Angeles to recover civil penalties as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS.

114.    PLAINTIFF Joseph Timbang Angeles has complied with the procedural requirements specified in Labor Code §2699.3.  As a result, PLAINTIFF Joseph Timbang

Angeles has exhausted all administrative procedures required of him under Labor Code §§2698, 2699 and 2699.3, and are justified as a matter of right in bringing forward this cause of action.

115.    On or about June 29, 2012, PLAINTIFF Joseph Timbang Angeles through counsel, pursuant to the Labor Code Private Attorneys General Act of 2004, sent via certified mail a letter-notice of violations to the LWDA. A copy of this letter-notice is attached to this Complaint as *Exhibit "A."*

116.    The LWDA has not provided notice that it does not intend to investigate the alleged violations. Pursuant to Labor Code §2699.3(a)(2)(A), because the LWDA did not provide a notice of intent to investigate within thirty three (33) calendar days of the postmark date of the letter sent to the LWDA on June 29, 2012, PLAINTIFF Joseph Timbang Angeles may commence a civil action pursuant to Section 2699.

117.    As a result of DEFENDANTS' violation of numerous provisions of the Labor Code, PLAINTIFFS seek all civil penalties, reasonable attorneys fees and costs available pursuant to Labor Code §2699.

118.    PLAINTIFFS are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to further penalties and violations. PLAINTIFFS will amend this Complaint if appropriate and required to seek all applicable penalties for violations which the LWDA has failed to investigate and/or failed to issue a citation.

119.    Pursuant to Labor Code §2699(i), PLAINTIFFS should be awarded twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded.

## PRAYER FOR RELIEF

WHEREFORE, PLAINTIFFS on his own behalf and on the behalf of the members of the class, prays for judgment as follows:

A.    Certification of the above-described class as a class action, pursuant to Code of Civil Procedure 382;

22

B.     Certification of the above-described class as a representative class under Business and Professions Code § 17200;

C.     Class notice be provided to all employees who worked for DEFENDANTS in California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action;

D.     A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

1.     Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by failure to provide proper off-duty meal periods and rest breaks to PLAINTIFFS and the class;

2.     Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by failure to pay overtime compensation to PLAINTIFFS and the class;

3.     Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide PLAINTIFFSS and the class with accurate itemized statements of the actual total hours worked with each payment of wages;

4.     Labor Code §§ 201-203, for willful failure to pay overtime compensation, pay for missed meal and rest periods, and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

5.     Cal. Business and Professions Code §§ 17200-17208, by failing to to provide proper off-duty meal periods and/or pay meal period compensation, by illegally deducting a health care premium from the hourly rate when no health benefit was provided, failing to pay all wages due and overtime compensation, failing to provide accurate itemized wage statements showing all actual hours

23

worked, and willfully failing to pay all compensation owed to Drivers upon termination of employment;

6.     Pursuant to Labor Code §2699(i), twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded;

E.     A declaratory judgment that DEFENDANTS' violations as described above were willful;

F.     An equitable accounting to identify, locate, and restore to all current and former employees the wages that are due;

G.     An award to PLAINTIFFS and the Class Members of damages in the amount of unpaid wages and overtime, meal period pay, and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

H.     An award to PLAINTIFFS and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFFS and the Class Members with itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

I.     An award of payments due to them as waiting time penalties as to those Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

J.     An order requiring DEFENDANTS to pay restitution of all amounts owed to PLAINTIFFS and similarly situated employees of DEFENDANTS for failure to pay legally required overtime, meal period pay, and interest thereon and for failure to repay amounts unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

\ \ \

K.     An award to PLAINTIFFS and the Class Members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5, 226, 1194, 2802(c) and/or other applicable law; and

L.     An award to PLAINTIFFS and the Class Members of such other and further relief as this Court deems just and proper.

Dated: October 3, 2012                    LIBERATION LAW GROUP, P.C.

By: _____
         Arlo Garcia Uriarte
         Attorney for PLAINTIFFS

# EXHIBIT B

1  Arlo Garcia Uriarte, SBN 231764
   Un Kei Wu, SBN 270058
2  Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Mateo, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6

7  Attorneys for PLAINTIFFS

SUMMONS ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2012 JUN 22 AM 8:25

CLERK OF THE COURT
BY:
DEPUTY CLERK
D. STEPP

8        **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9           **FOR THE COUNTY OF SAN FRANCISCO**

10

11  Joseph Timbang Angeles, Noe Lastimosa, on          Case No.:  **C G C - 1 2 - 5 2 1 8 0 9**
    behalf of themselves, and on behalf of others
12  similarly situated, and the general public,        **CLASS ACTION**

13           Plaintiffs,                                **COMPLAINT FOR DAMAGES AND**
                                                        **EQUITABLE RELIEF:**
14
                                                        **(1) FAILURE TO PAY OVERTIME**
15           vs.
                                                        **(2) FAILURE TO COMPENSATE FOR**
16  US Airways, Inc., and DOES 1 through 50,            **IMPROPER OR MISSED MEAL**
                                                        **PERIODS**
17           Defendants.
                                                        **(3) FAILURE TO COMPENSATE FOR**
18                                                      **IMPROPER OR MISSED REST**
                                                        **BREAKS**
19
                                                        **(4) FAILURE TO PROVIDE**
20                                                      **ACCURATE WAGE STATEMENTS**

21                                                      **(5) WAITING TIME PENALTIES**

22
                                                        **(6) UNFAIR BUSSINESS PRACTICES**
23

24

25       PLAINTIFFS Joseph Timbang Angeles and Noe Lastimosa ("PLAINTIFFS"), hereby

26  submit their Complaint against Defendant US Airways, Inc., and Does 1-50 (hereinafter

27  collectively referred to as "DEFENDANTS") on behalf of themselves, and the class of others

28  similarly situated, as follows:

                                                    1

                    **COMPLAINT:   Angeles v. US Airways**

# INTRODUCTION

1. This class action is within the Court's jurisdiction under California <u>Labor Code</u> Sections 201-204, 226, 510, 1194, 226.7, and 512, California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission ("IWC") including IWC Wage Order No. 9.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California <u>Labor Code, Business and Professions</u> Code and applicable IWC wage orders against employees of DEFENDANTS.

3. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS, joint and severally have acted intentionally and with deliberate indifference and conscious disregard to the rights of all employees in receiving all wages due and lawful rest and meal periods.

4. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS have engaged in, among other things a system of willful violations of the California <u>Labor Code, Business and Professions Code</u> and applicable IWC wage orders by creating and maintaining policies, practices and customs that knowingly deny employees: (a) all wages due, including overtime wages (b) the opportunity to take proper rest and meal periods, and (c) receive accurate wage statements.

5. The policies, practices and customs of DEFENDANTS described above and below have resulted in unjust enrichment of DEFENDANTS and an unfair business advantage over businesses that routinely adhere to the strictures of the California <u>Labor Code, Business and Professions Code</u> and applicable IWC wage orders.

# JURISDICTION AND VENUE

6. The Court has jurisdiction over the violations of the California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 226, and 512 California <u>Business and Professions Code</u> Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9 § 11 and 12 claims alleged herein.

2

Damages alleged herein are in an amount that exceeds $25,000, the precise amount of which will be proven at trial.

7. Venue is proper because the alleged wrongs occurred in the County of San Francisco. DEFENDANTS are located within the jurisdiction of the County of San Francisco. PLAINTIFFS worked for DEFENDANTS in the San Francisco International Airport.

## PARTIES

8. PLAINTIFF Joseph Timbang Angeles was employed as a part-time ramp agent at San Francisco Internationl Airport ("SFIA") by DEFENDANTS from May 27, 2008 to June 4, 2012.

9. PLAINTIFF Noe Lastimosa was employed by DEFENDANTS as a full-time ramp agent and later as a part-time ramp agent at SFIA from 2007 to the present.

10. US Airways, Inc. is a corporation doing business in the State of California with its principal place of business in the County of San Francisco.

11. PLAINTIFFS are informed and believes and thereon alleges that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships, licensed to do business and actually doing business in the State of California.

12. DEFENDANTS own and operate an industry, business and establishment in the County of San Francisco, for the purpose of providing cleaning, fueling, and ramp related services to its airplanes that serve passengers at San Francisco International Airport. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code Sections 201-204, 510, 1194 226.7, 226, and 512, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act) and the applicable wage order(s) issued by the Industrial Welfare Commission including IWC Wage Order No. 9§ 11 and 12.

13. PLAINTIFFS do not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and

1 for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFFS

2 prays leave to amend this complaint when the true names and capacities are known.

3 PLAINTIFFS are informed and believes and thereon alleges that each of said fictitious

4 DEFENDANTS are responsible in some way for the matters alleged herein and proximately

5 caused PLAINTIFFS and members of the class to be subject to the illegal employment practices,

6 wrongs and injuries complained of herein.

7     14.    At all times herein mentioned, each of said DEFENDANTS participated in the

8 doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and

9 furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of

10 each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times

11 herein mentioned, were acting within the course and scope of said agency and employment.

12     15.    PLAINTIFFS are informed and believes and based thereon alleges that at all

13 times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter

14 ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and

15 was acting within the course and scope of such agency, employment, joint venture, or concerted

16 activity. To the extent said acts, conduct, and omissions were perpetrated by certain

17 DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts,

18 conduct, and omissions of the acting Defendant.

19     16.    At all times herein mentioned, DEFENDANTS, and each of them, were members

20 of, and engaged in, a joint venture, partnership and common enterprise, and acting within the

21 course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

22     17.    At all times herein mentioned, the acts and omissions of various DEFENDANTS,

23 and each of them, concurred and contributed to the various acts and omissions of each and all of

24 the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

25                 **STATEMENT OF FACTS**

26     18.    Defendant US Airways along with US Airways Shuttle and US Airways Express,

27 operates flights and serves passengers in several airports in California, including San Francisco,

4

San Jose, Oakland, Sacramento, Monterey, Fresno, Bakersfield, San Luis Obispo, Santa Barbara, Santa Ana, Palm Springs, Los Angeles and San Diego.

19. PLAINTIFFS and similarly situated employees ("Fleet Service Agents") are required to clock in and clock out each work day.

20. Fleet Service Agents are assigned a schedule for morning (a.m.) shifts and afternoon/evening (p.m.) shifts. Fleet Service Agents are allowed to 'pick-up shifts' from other Fleet Service Agents to pick-up shift mean to add shifts to pre-assigned daily schedules. By picking up shifts part-time and full-time Fleet Service Agents are able to increase the number of daily and weekly hours worked.

21. Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 8 hours in one day.

22. Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 12 hours in one day.

23. Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 40 hours in one week.

24. DEFENDANTS' pay Fleet Service Agents once every two weeks. For a two week pay period, the maximum number of regular hours is 80.

25. Yet, DEFENDANTS' payroll services when accounting for hours worked and overtime hours worked does not properly pay Fleet Service Agents pursuant to California overtime regulations.

26. DEFENDANTS' payroll services engaged in a creative accounting practice that results in the underpayment of overtime wages.

27. DEFENANTS payroll services segregates the hours worked into different categories resulting in the underpayment and inaccurate accounting of overtime hours worked during each two week pay period.

28. The pay stub or itemized wage statements received by Fleet Service Agents do not accurately reflect which hours are hours worked and which hours are regular hours worked.

29. Fleet Service Agents are not required to clock in and clock out during meal periods.

30. Fleet Service Agents were subject to a uniform policy and practice wherein these employees were only allowed to take meal periods and rest periods when there are no flights that need to be serviced. Often, changes in flight schedules, under staffing, and other factors causes Fleet Service Agents to involuntarily engage in improper/on-duty meal periods and rest breaks or results in Fleet Service Agents missing meal period and rest breaks entirely.

31. DEFENDANTS' uniform practice and policy is to not schedule meal periods for Fleet Service Agents.

32. DEFENDANTS' uniform practice and policy is to not schedule rest breaks for Fleet Service Agents.

33. DEFENDANTS' uniform practice and policy is to not allow its Fleet Service Agents to leave the employment premises or that part of the airport that U.S. Airways operates and controls. Therefore, Fleet Service Agents are not free to use their meal periods for whatever purpose.

34. DEFENDANTS' did not have a uniform practice or policy in place to relieve Fleet Service Agents of all duties allowing them to take a proper meal period the entire meal period.

35. DEFENDANTS' did not have a uniform practice or policy in place for Fleet Service Agents to schedule proper rest break.

36. Fleet Service Agents were not free from DEFENDANTS' control during meal periods, as they were required to be inside DEFENDANTS' premises and required to respond to cell phone calls or radio calls at all times.

37. Fleet Service Agents were not free from DEFENDANTS' control during rest breaks.

38. Fleet Service Agents were scheduled for shifts lasting more than 2 hours requiring at least one rest break per shift.

39. Fleet Service Agents were scheduled for shifts of 5 hours or more requiring at least one meal period per shift.

6

40. DEFENDANTS only authorized meal periods for full-time Fleet Service Agents who were scheduled for shifts of 6 hours or more.

41. DEFENDANTS did not authorize meal periods for part-time Fleet Service Agents who worked shifts lasting less than 6 hours.

42. DEFENDANTS did not authorize rest breaks for part-time Fleet Service Agents who worked shifts lasting less than 4 hours but over 2 hours.

43. DEFENDANTS did not authorize a second rest break for Fleet Service Agents who worked shifts over 6 hours but less than 8 hours.

44. DEFENDANTS did not authorize a second meal period for Fleet Service Agents working a shift longer than 10 hours.

45. DEFENDANTS did not authorize a third rest break for Fleet Service Agents working shifts longer than 10 hours.

46. When meal or rest periods are missed involuntarily by Fleet Service Agents or because they were not authorized by DEFENDANTS, Fleet Service Agents were not compensated one-hour at their regular rate of pay.

## CLASS ACTION ALLEGATIONS

47. **Definition:** The named individual PLAINTIFFS brings this action on behalf of himself and the class pursuant to California <u>Code of Civil Procedure</u> § 382. The class is defined as:

> "All current and former employees of DEFENDANTS who worked as Fleet Service Agents in the State of California at any time from period commencing four years from the filing of this action through the entry of final judgment in this action."

48. **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFFS are informed and believe that there are over 100 Fleet Service Agents working for DEFENDANTS in California. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to the Class Members via first class mail using techniques and a

7

form of notice similar to those customarily used in class action lawsuits of this nature. PLAINTIFFS are informed and believes and based thereon alleges that (a) class members regularly were denied payment of all wages due, and (b) class members were regularly denied meal periods and rest breaks.

49. **Adequacy of Representation**: PLAINTIFFS are a member of the class, PLAINTIFFS does not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class. PLAINTIFFS will fairly and adequately represent and protect the interests of the class members. The PLAINTIFFS' counsels are competent and experienced in litigating wage and hour class actions.

50. **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

51. The California Labor Code and Wage Order provisions upon which PLAINTIFFS bases their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

52. The nature of this action and the format of laws available to PLAINTIFFS and members of the class identified herein make the class action format a particularly efficient and

1  appropriate procedure to redress the wrongs alleged herein. If each employee were required to

2  file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an

3  unconscionable advantage since it would be able to exploit and overwhelm the limited resources

4  of each individual PLAINTIFF with their vastly superior financial and legal resources.

5  Requiring each class member to pursue and individual remedy would also discourage the

6  assertion of lawful claims by employees who would be disinclined to file an action against their

7  former and/or current employer for real and justifiable fear of retaliation and permanent damage

8  to their careers at subsequent employment.

9       53.    The prosecution of separate actions by the individual class members, even if

10  possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect

11  to individual class members against the DEFENDANTS and which would establish potentially

12  incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect

13  to individual class members which would, as a practical matter, be dispositive of the interest of

14  the other class members not parties to the adjudications or which would substantially impair or

15  impede the ability of the class members to protect their interests. Further, the claims of the

16  individual members of the class are not sufficiently large to warrant vigorous individual

17  prosecution considering all of the concomitant costs and expenses.

18

19       54.    **Common Question of Law and Fact:** There are questions of law and fact

20  common to PLAINTIFFS and the class that predominate over any questions affecting only

21  individual members of the class. These common questions of law and fact include, without

22  limitation:

23            a.    Whether DEFENDANTS have failed to pay its employees

24                  overtime wages for time worked in excess of 40 hours per week,

25                  eight hours per day and/or double overtime twelve hours per day;

26            b.    Whether DEFENDANTS have employed employees in a position

27                  subject to, and not exempt from, California's overtime pay and

28                  other wage and hour requirements;

9

c.  Whether DEFENDANTS have violated IWC wage order No. 9, § 3 and Labor Code §§ 510 and 1194 by their failure to pay overtime compensation;

d.  Whether DEFENDANTS failure to pay overtime compensation constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq.;

e.  Whether DEFENDANTS have failed to provide adequate off-duty meal periods and payments for missed meal periods, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 11;

f.  Whether DEFENDANTS' failure to provide adequate meal periods and payments for missed meal periods constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

g.  Whether DEFENDANTS have failed to provide adequate rest breaks and payments for missed rest breaks, in violation of Labor Code §§ 226.7 and 512 and IWC wage order No. 9, § 12;

h.  Whether DEFENDANTS' failure to provide adequate rest breaks and payments for missed rest breaks constitutes an unlawful, unfair, and/or fraudulent business practice, under Business & Professions Code § 17200 et seq;

i.  Whether the wage statements provided to PLAINTIFFS and similarly situated employees were inaccurate pursuant to Labor Code § 226 and IWC Wage Order 9.

j.  Whether PLAINTIFFS and similarly situated employees are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one

10

1   hundred dollars ($100) for each subsequent violation, up to four

2   thousand dollars ($4,000) pursuant to Labor Code § 226(b);

3   k. Whether DEFENDANTS have violated Labor Code §§ 201-203,

4   by failing, upon termination, to timely pay employees wages that

5   were due for overtime, missed meal periods, and/or rest breaks;

6   l. Whether DEFENDANTS failure to pay all compensation owed at

7   time of termination of employment constituted an unlawful, unfair,

8   and/or fraudulent business practice, under Business & Professions

9   Code § 17200 et seq; and

10  m. The proper formula for calculating restitution, damages, and

11  waiting time and other statutory penalties owed to PLAINTIFFS

12  and the class alleged herein.

13  55.    **Typicality:** The claims of PLAINTIFFS are typical of the claims of all members

14  of the class.  The PLAINTIFFS are a member of the class and has suffered the alleged violations

15  of California <u>Labor Code</u> Sections 201-204, 510, 1194 226.7, 226, and 512 and California

16  Industrial Welfare Commission wage orders including IWC Wage Order No. 9.

### FIRST CAUSE OF ACTION

### FAILURE TO PAY OVERTIME COMPENSATION

56.    PLAINTIFFS re-allege and incorporate by reference paragraphs above as though

fully set for herein.

57.    By failing to pay overtime compensation to PLAINTIFFS and similarly situated

employees DEFENDANTS violated and continues to violate Labor Code § 510 and IWC wage

order No. 9, § 3, which require overtime compensation to non-exempt employees.

58. As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and the similarly situated

employees have been deprived of overtime compensation in an amount to be determined at trial,

and are entitled to recovery of such amounts, plus interest thereon, under Labor Code § 1194.

59. By violating Labor Code § 510, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §1194.

60. PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO PROVIDE PROPER MEAL PERIODS

61. PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

62. DEFENDANTS failed in their affirmative obligation to ensure that all of their employees, including PLAINTIFFS and others similarly situated, were actually relieved of all duties, not performing any work, and free to leave the premises during meal periods. PLAINTIFFS and others similarly situated were suffered and permitted to work through legally required meal breaks. As such, Defendant is responsible for paying premium compensation for missed meal periods pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B).

63. As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation. DEFENDANTS did not employ sufficient Fleet Service Agents in order for them to take proper meal periods when the flight schedules got busy. This policy of requiring employees to work through their legally mandated meal periods is a violation of California law.

64. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B). PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS' willful failure to provide PLAINTIFFS and other members of the class the wages due and owing them upon separation from employment.

65. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS did

1   not properly maintain records pertaining to when PLAINTIFFS began and ended each meal

2   period in violation of California Labor Code §1174 and Section 7 of the applicable IWC Wage

3   Order(s).

4       66.     Such a pattern, practice and uniform administration of corporate policy as

5   described herein is unlawful and creates an entitlement to recovery by the PLAINTIFFS and the

6   class identified herein, in a civil action, for the unpaid balance of the unpaid premium

7   compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 11(B), including

8   interest thereon.

9       67.     DEFENDANTS' wrongful and illegal conduct in failing provide class members

10  with the opportunity to take meal breaks and to provide premium compensation in accordance

11  with Labor Code §§ 226.7 and 512 and IWC Wage Order No. 9§ 11(B) despite the clear legal

12  obligation to do so, unless and until enjoined and restrained by order of this court, will cause

13  great and irreparable injury to PLAINTIFFS and all members of the class in that the

14  DEFENDANTS will continue to violate these California laws, represented by labor statutes and

15  IWC wage orders, unless specifically ordered to comply with same. This expectation of future

16  violations will require current and future employees to repeatedly and continuously seek legal

17  redress in order to gain compensation to which they are entitled under California law.

18  PLAINTIFFS has no other adequate remedy at law to insure future compliance with the

19  California labor laws and wage orders alleged to have been violated herein.

20

21                         **THIRD CAUSE OF ACTION**

22                      **FAILURE TO PROVIDE REST BREAKS**

23      68.     PLAINTIFFS re-allege and incorporate by reference paragraphs above as though

24  fully set for herein.

25      69.     DEFENDANTS failed in their affirmative obligation to ensure that all of their

26  employees, including PLAINTIFFS and others similarly situated, were provided an opportunity

27  and authorized to take rest breaks. PLAINTIFFS and others similarly situated were suffered and

28  permitted to work through legally required rest breaks. As such, Defendant is responsible for

---

13

paying premium compensation for missed rest breaks pursuant to <u>Labor Code</u> § 226.7 and IWC Wage Order No. 9§ 12.

70.     As a pattern and practice, DEFENDANTS regularly required employees to work through their rest breaks without proper compensation. DEFENDANTS did not employ sufficient Fleet Service Agents in order for them to take proper rest breaks when the flight schedules got busy. This policy of requiring employees to work through their legally mandated rest breaks is a violation of California law.

71.     PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS willfully failed to pay employees who were not provided the opportunity to take meal breaks the premium compensation set out in <u>Labor Code</u> § 226.7 and IWC Wage Order No. 9§ 12. PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS' willful failure to provide PLAINTIFFS and other members of the class the wages due and owing them upon separation from employment.

72.     Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the PLAINTIFFS and the class identified herein, in a civil action, for the unpaid balance of the unpaid premium compensation pursuant to Labor Code § 226.7 and IWC Wage Order No. 9§ 12, including interest thereon.

73.     DEFENDANTS' wrongful and illegal conduct in failing provide class members with the opportunity to take rest breaks and to provide premium compensation in accordance with <u>Labor Code</u> §§ 226.7 and 512 and IWC Wage Order No. 9§ 12 despite the clear legal obligation to do so, unless and until enjoined and restrained by order of this court, will cause great and irreparable injury to PLAINTIFFS and all members of the class in that the DEFENDANTS will continue to violate these California laws, represented by labor statutes and IWC wage orders, unless specifically ordered to comply with same. This expectation of future violations will require current and future employees to repeatedly and continuously seek legal redress in order to gain compensation to which they are entitled under California law.

1  PLAINTIFFS has no other adequate remedy at law to insure future compliance with the

2  California labor laws and wage orders alleged to have been violated herein.

### FOURTH CAUSE OF ACTION

### FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

74.     The allegations of Paragraphs above are re-alleged and incorporated herein by reference.

75.     Labor Code § 226(a) and IWC wage order No. 9, § 7(B) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked by the employee.  Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide a statement itemizing, among other things, the total actual hours worked by the employee, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

76.     DEFENDANTS knowingly and intentionally failed to furnish PLAINTIFFS and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a) and IWC wage order No 9, § 7(B).  As a result, DEFENDANTS, are liable to PLAINTIFFSS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

77.     PLAINTIFFS, on behalf of themselves and similarly situated Employees, requests relief as described below.

### FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

78.     PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 68 as though fully set for herein.

15

79.     Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

80. Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

81. Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

82. DEFENDANTS willfully failed and refused to timely pay compensation and wages, including unpaid meal and rest compensation, and overtime wages to employees whose employment terminated.  As a result, DEFENDANS are liable to former employees for waiting time penalties, together with interest thereon under Labor Code § 203.

83. PLAINTIFFS, on behalf of all terminated employees, request relief as described below.

## SIXTH CAUSE OF ACTION

### FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*

84.     PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

85.     Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

86.     Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

87.     Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, including by engaging in the following:

16

88. failing and refusing to record meal periods of PLAINTIFFS and similarly situated employees;

89. failing to pay one hour compensation for improper or missed meal periods;

90. failing to pay one hour compensation for improper or missed rest breaks;

91. failing to pay all wages due to PLAINTIFFS and similarly situated employees;

92. failing to pay overtime compensation to PLAINTIFFS and similarly situated employees;

93. failing to provide accurate itemized wage statements to PLAINTIFFS and similarly situated employees; and,

94. failing to pay all wages earned, including overtime wages, and premium pay for failure to provide proper meal and rest breaks upon termination or 72 hours of a resignation.

95. The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

96. As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFFS and class members. As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFFS and class members have suffered economic injuries including, but not limited to loss of wages, including overtime wages, pay for missed meal and rest periods, and waiting time penalties. DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, improper deductions from compensation, unpaid overtime, meal and rest period compensation, and interest accrued by PLAINTIFFS and similarly situated Employees.

97. PLAINTIFFS and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and 17208 for overtime, pay for missed meal and rest periods, and interest since four years prior to the filing of this action.

98. PLAINTIFFS and similarly situated Employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

99. PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

100. Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

101. In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFFS request an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to Employees, from whom they were unlawfully taken.

102. PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

103. By all of the foregoing alleged conduct, DEFENDANTS have committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 et seq.

104. As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other Employees, and members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

105. Pursuant to Business & Prof. Code §17203, PLAINTIFFS, other Employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair

1    business practices; and (c) a declaration that DEFENDANTS business practices are unlawful,

2    unfair, and/or fraudulent within the meaning of the statute.

3        106.    PLAINTIFFS, on behalf of themselves and similarly situated Employees, request

4    relief as described below.

5        107.       PLAINTIFFS are informed and believes and on that basis alleges that at

6    all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair

7    business practices, as proscribed by California <u>Business and Professions Code</u> § 17200 et seq.,

8    including those set forth herein above thereby depriving PLAINTIFFS and other members of the

9    class the minimum working condition standards and conditions due to them under the California

10   laws and Industrial Welfare Commission wage orders as specifically described therein.

11                                        **PRAYER FOR RELIEF**

12       WHEREFORE, PLAINTIFFS on his own behalf and on the behalf of the members of the

13    class, prays for judgment as follows:

14

15          A.      Certification of the above-described class as a class action, pursuant to

16    Code of Civil Procedure 382;

17          B.      Certification of the above-described class as a representative class under

18    Business and Professions Code § 17200;

19          C.      Class notice be provided to all employees who worked for

20    DEFENDANTS in California at any time from period commencing four years from the filing of

21    this action through the entry of final judgment in this action;

22          D.      A declaratory judgment that DEFENDANTS have knowingly and

23    intentionally violated the following provisions of law:

24               1.      Labor Code §§ 226.7 and 512, and IWC wage order No. 9 by

25                      failure to provide proper off-duty meal periods and rest breaks to

26                      PLAINTIFFS and the class;

27               2.      Labor Code §§ 510, 1194 et seq. and IWC wage order No. 9 by

28                      failure to pay overtime compensation to PLAINTIFFS and the

class;

3.    Labor Code § 226 and IWC wage order No. 9, § 7(B) by failing to provide PLAINTIFFSS and the class with accurate itemized statements of the actual total hours worked with each payment of wages;

4.    Labor Code §§ 201-203, for willful failure to pay overtime compensation, pay for missed meal and rest periods, and failure to repay unlawfully deducted wages at the time of termination of employment, resulting in unpaid waiting time penalties; and

5.    Cal. Business and Professions Code §§ 17200-17208, by failing to to provide proper off-duty meal periods and/or pay meal period compensation, by illegally deducting a health care premium from the hourly rate when no health benefit was provided, failing to pay all wages due and overtime compensation, failing to provide accurate itemized wage statements showing all actual hours worked, and willfully failing to pay all compensation owed to Drivers upon termination of employment;

E.    A declaratory judgment that DEFENDANTS' violations as described above were willful;

F.    An equitable accounting to identify, locate, and restore to all current and former employees the wages that are due;

G.    An award to PLAINTIFFS and the Class Members of damages in the amount of unpaid wages and overtime, meal period pay, and amounts unlawfully deducted from wages, including interest thereon, subject to proof at trial;

H.    An award to PLAINTIFFS and the Class Members of statutory penalties because of DEFENDANTS' failure to provide PLAINTIFFS and the Class Members with itemized wage statements that comply with the requirements of Labor Code § 226, subject to

1    proof at trial;

2            I.      An award of payments due to them as waiting time penalties as to those

3    Class Members who have left DEFENDANTS' employ, pursuant to Labor Code § 203;

4            J.      An order requiring DEFENDANTS to pay restitution of all amounts owed

5    to PLAINTIFFS and similarly situated employees of DEFENDANTS for failure to pay legally

6    required overtime, meal period pay, and interest thereon and for failure to repay amounts

7    unlawfully deducted, and interest thereon, in an amount according to proof, pursuant to Business

8    & Professions Code § 17203;

9            K.      An award to PLAINTIFFS and the Class Members of reasonable

10   attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§

11   218.5, 226, 1194 and/or other applicable law; and

12           L.      An award to PLAINTIFFS and the Class Members of such other and

13   further relief as this Court deems just and proper.

14

15   Dated:  June 6, 2012                    LIBERATION LAW GROUP, P.C.

16

17

18                                   By:_____

19                                        Arlo Garcia Uriarte
                                          Attorney for PLAINTIFFS
20

21

22

23

24

25

26

27

28