1    ROBERT A. SIEGEL (S.B. #64604)
     rsiegel@omm.com
2    O'MELVENY & MYERS LLP
     400 South Hope Street, 18th Floor
3    Los Angeles, CA 90071-2899
     Telephone:     213-430-6000
4    Facsimile:     213-430-6407

5    ADAM P. KOHSWEENEY (S.B. #229983)
     akohsweeney@omm.com
6    O'MELVENY & MYERS LLP
     Two Embarcadero Center, 28th Floor
7    San Francisco, CA 94111-3823
     Telephone:     415-984-8912
8    Facsimile:     415-984-8701

9    Attorneys for Defendant
     US Airways, Inc.

10

11                   **UNITED STATES DISTRICT COURT**

12                **NORTHERN DISTRICT OF CALIFORNIA**

13                      **OAKLAND DIVISION**

14

15    JOSEPH TIMBANG ANGELES, NOE      Case No. CV-12-05860 KAW
     LASTIMOSA, on behalf of themselves and
16    on behalf of others similarly situated, and    **NOTICE OF MOTION AND MOTION OF**
     the general public,                 **DEFENDANT US AIRWAYS, INC. TO**
17                          **DISMISS UNDER FEDERAL RULE OF**
             Plaintiffs,             **CIVIL PROCEDURE 12(b)(1) and (6)**
18

19          v.                       Hearing Date:   January 3, 2013
                               Time:   11:00 a.m.
20    US AIRWAYS, INC., and DOES 1         Courtroom:   4
     through 50,                        Judge:   Magistrate Judge Kandis A. Westmore
21                 Defendants.

22

23

24

25

26

27

28

1 **TO PLAINTIFFS JOSEPH TIMBANG ANGELES AND NOE LASTIMOSA AND THEIR**

2 **ATTORNEYS OF RECORD IN THIS ACTION:**

3     **PLEASE TAKE NOTICE** that on January 3, 2013 at 11:00 a.m., or as soon thereafter as

4 this matter may be heard in Courtroom 4 of the above-entitled Court, located at 1301 Clay Street,

5 Oakland, California, 94612, Defendant US Airways, Inc. ("Defendant" or "US Airways") will

6 move, and hereby does move, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of

7 Civil Procedure, to dismiss with prejudice the First Amended Complaint filed in this action by

8 Plaintiffs Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs").

9     Defendant's Motion is made on a number of independent bases. Plaintiffs' first cause of

10 action (unpaid overtime) is deficient under Wage Order 9 and, alternatively, is preempted by the

11 Railway Labor Act, 45 U.S.C. §151 *et seq.* ("RLA"). Plaintiffs' second cause of action (failure to

12 provide meal periods) and third cause of action (failure to provide rest breaks) are preempted by

13 the RLA and, alternatively, by the Airline Deregulation Act, 49 U.S.C. §40120 *et seq.* ("ADA").

14 Plaintiffs' fourth cause of action (inaccurate wage statements) is deficient under Wage Order 9

15 and, alternatively, fails because it is predicated on Plaintiffs' deficient overtime, meal, and rest

16 claims. Plaintiffs' sixth cause of action (waiting time penalties), seventh cause of action (unfair

17 competition), and eighth cause of action (PAGA) fail because they are predicated on Plaintiffs'

18 deficient overtime, meal, and rest claims. Said Motion is based on this Notice of Motion and

19 Motion, Defendant's supporting Memorandum of Points and Authorities, the Declaration of Ron

20 Harbinson dated November 20, 2012, and all pleadings and papers on file with the Court in this

21 action and on such other matters as may be presented to the Court at or before the hearing of this

22 Motion.

23 Dated: November 26, 2012               O'MELVENY & MYERS LLP
                                      ROBERT A. SIEGEL

24                                       ADAM P. KOHSWEENEY

25

26                                 By:    /s/ Adam P. KohSweeney
                                Adam P. KohSweeney

27                                 Attorneys for Defendant US Airways, Inc.

28

1

# TABLE OF CONTENTS

2

**Page**

3  PRELIMINARY STATEMENT .................................................................................................... 1

4  STATEMENT OF FACTS AND PROCEDURAL HISTORY ...................................................... 2

5  ARGUMENT ............................................................................................................................... 4

6  I.     PLAINTIFFS' CLAIM FOR FAILURE TO PAY OVERTIME MUST BE
DISMISSED BECAUSE IWC WAGE ORDER 9 EXEMPTS US AIRWAYS

7  FROM ITS OVERTIME PROVISIONS AND BECAUSE THE CLAIM IS
PREEMPTED BY THE RLA .............................................................................................. 5

8          A.     Wage Order 9 Exempts US Airways from Its Overtime Provisions ...................... 5

9          B.     Plaintiffs Overtime Claim Is Preempted by the RLA Because Adjudicating

10               the Claim Would Require This Court to Interpret the Parties' CBA ...................... 6

11  II.    PLAINTIFFS' MEAL PERIOD AND REST BREAK CLAIMS ARE
PREEMPTED BY THE RAILWAY LABOR ACT AND THE AIRLINE

12  DEREGULATION ACT ....................................................................................................... 9

13          A.     Plaintiffs' Claims for Meal Periods and Rest Breaks Are Preempted by the
RLA Because Adjudicating These Claims Would Require This Court to

14               Interpret the Parties' CBA ....................................................................................... 9

15          B.     Plaintiffs' Claims for Failure to Provide Meal Periods and Rest Breaks Are
Also Preempted by the ADA Because They Relate to the Services Provided

16               by US Airways .......................................................................................................... 11

17  III.   PLAINTIFFS' WAGE STATEMENT CLAIM FAILS BECAUSE IT RELIES ON
WAGE ORDER PROVISIONS THAT DO NOT APPLY TO US AIRWAYS

18  AND BECAUSE IT IS DEPENDENT ON PLAINTIFFS' OTHER DEFICIENT
CAUSES OF ACTION ........................................................................................................ 13

19
IV.   PLAINTIFFS' CAUSES OF ACTION FOR WAITING TIME PENALTIES AND

20  FOR VIOLATIONS OF PAGA AND THE UCL MUST ALSO BE DISMISSED
BECAUSE THEY ARE DEPENDENT ON PLAINTIFFS' OTHER DEFICIENT

21  CAUSES OF ACTION ........................................................................................................ 14

22  CONCLUSION ............................................................................................................................ 15

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adames v. Exec. Airlines, Inc.*,
   258 F.3d 7 (1st Cir. 2001) ............................................................................ 6, 8, 9

*American Airlines, Inc. v. Wolens*,
   513 U.S. 219 (1995) ........................................................................................ 12, 14

*Blackwell v. SkyWest Airlines, Inc.*,
   No. 06cv0307, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) ........................... passim

*Brinker Rest. Corp. v. Superior Court*,
   53 Cal. 4th 1004 (2012) .................................................................................. 10

*Burgos v. Exec. Air, Inc.*,
   914 F. Supp. 792 (D.P.R. 1996) ...................................................................... 6

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,
   20 Cal. 4th 163 (1999) .................................................................................... 14

*Charas v. Trans World Airlines, Inc.*,
   160 F.3d 1259 (9th Cir. 1998) ........................................................................ 11, 12

*Consol Rail Corp. v. Ry. Labor Execs.' Ass'n*,
   491 U.S. 299 (1989) ........................................................................................ 10

*Espinal v. Nw. Airlines*,
   90 F.3d 1452 (9th Cir. 1996) .......................................................................... 6, 8

*Firestone v. Southern California Gas Co.*,
   281 F.3d 801 (9th Cir. 2002) .......................................................................... 6

*Fitz-Gerald v. SkyWest Airlines, Inc.*,
   155 Cal. App. 4th 411 (2007) ......................................................................... passim

*Ginsberg v. Nw., Inc.*,
   695 F.3d 873 (9th Cir. 2012) .......................................................................... 12

*Hernandez v. Vitamin Shoppe Indus., Inc.*,
   174 Cal. App. 4th 1441 (2009) ....................................................................... 10

*In re Int'l Ass'n of Machinists & Aerospace Workers*,
   33 NMB 35 (May 11, 2006) ............................................................................ 5

*Johnson v. Lucent Techs. Inc.*,
   653 F.3d 1000 (9th Cir. 2011) ........................................................................ 5

**TABLE OF AUTHORITIES**
(continued)

Page

*Masiello v. U.S. Airways, Inc.*,
    113 F. Supp. 2d 870 (W.D.N.C. 2000) ..................................................................... 5

*Morales v. Trans World Airlines, Inc.*,
    504 U.S. 374 (1992) .............................................................................................. 11, 14

*Price v. Starbucks Corp.*,
    192 Cal. App. 4th 1136 (2011) ............................................................................... 15

*Rowe v. N.H. Motor Transp. Ass'n*,
    552 U.S. 364 (2008) ................................................................................................. 11

*Safe Air for Everyone v. Meyer*,
    373 F.3d 1035 (9th Cir. 2004) .................................................................................. 3

*Saridakis v. United Airlines*,
    166 F.3d 1272 (9th Cir 1999) ................................................................................... 6

*United States v. Ritchie*,
    342 F.3d 903 (9th Cir. 2003) .................................................................................... 3

*US Airways, Inc. v. U.S. Airline Pilots Ass'n*,
    813 F. Supp. 2d 710 (W.D.N.C. 2011) ..................................................................... 5

*Van Buskirk v. Cable News Network*,
    284 F.3d 977 (9th Cir. 2002) .................................................................................... 3

*York v. Starbucks Corp.*,
    No. 08cv07919, 2011 WL 8199987 (C.D. Cal. Nov. 23, 2011) ................................ 7

STATUTES

Airline Deregulation Act, 49 U.S.C. § 41713(b)(1) ...................................................... 11

Airline Deregulation Act, 49 U.S.C. § 40120 ......................................................... 1, 11

Class Action Fairness Act, 28 U.S.C. § 1332(d) ............................................................ 4

Labor Management Reporting Act, Section 301 ............................................................. 6

Railway Labor Act, 45 U.S.C. § 151 ................................................................... 1, 5, 13

Cal. Bus. & Prof. Code § 17200 ........................................................................... 2, 14

Cal. Lab. Code § 201 ................................................................................................... 14

Cal. Lab. Code § 202 ................................................................................................... 14

1

2

# TABLE OF AUTHORITIES
(continued)

**Page**

3  Cal. Lab. Code § 203 ................................................................................................ 2, 14

4  Cal. Lab. Code § 226 ................................................................................................ 13

5  Cal. Lab. Code § 226.7 ............................................................................................. 12

6  Cal. Lab. Code § 226(a) ........................................................................................... 13

7  Cal. Lab. Code § 510 ................................................................................................ 5

8  Cal. Lab. Code § 514 ................................................................................................ 6

9  Cal. Lab. Code § 2698 .............................................................................................. 2

10  Cal. Lab. Code § 2699 ............................................................................................. 14

11  Cal. Lab. Code § 2802 ............................................................................................. 1

12

13  **OTHER AUTHORITIES**

14  Fed. R. Civ. P. 12 .................................................................................................... 5

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PRELIMINARY STATEMENT**

In this litigation, plaintiffs Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs") contend that defendant US Airways, Inc. ("US Airways") failed to pay overtime and provide meal periods and rest breaks in violation of provisions of the California Labor Code and the applicable wage order issued by the Industrial Welfare Commission ("IWC"). Plaintiffs seek to bring these claims on behalf of themselves as well as a putative class of California-based current and former Fleet Service Agents of US Airways. US Airways moves to dismiss all of Plaintiffs' causes of action except for the fifth cause of action (for reimbursement of business expenses pursuant to Labor Code § 2802) because they are based on provisions of California law that do not apply to US Airways and/or because they are preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA") and the Airline Deregulation Act, 49 U.S.C. § 40120 *et seq.* ("ADA").

Plaintiffs' first cause of action for unpaid overtime should be dismissed for two separate and independent reasons. First, while Plaintiffs attempt to base their overtime claims on Wage Order 9, Section 1(E) of Wage Order 9 states that its overtime provisions do ***not*** "cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the" RLA. The putative class has entered into such a collective bargaining agreement ("CBA"). Therefore, Plaintiffs and the putative class cannot state a claim for overtime pursuant to Wage Order 9. Second, Plaintiffs' overtime claim is preempted by the RLA. The RLA preempts claims when their adjudication requires a court to interpret the parties' CBA. Here, Plaintiffs' overtime claims are predicated on company practices regarding shift trades, "pick-up" shifts, and overtime. These practices are products of the parties' CBA and cannot be adjudicated without the Court interpreting the CBA.

Plaintiffs' second and third causes of action alleging meal period and rest break violations are preempted by federal law for two separate reasons. First, like their overtime claims, Plaintiffs' meal and rest claims are preempted by the RLA because adjudication of these claims will require interpretation of the parties' CBA. California courts have recognized that adjudicating meal and rest claims requires an individualized analysis of both the employer's written policy – which, in this case, is a CBA – and the application of that policy to determine if

MOTION OF US AIRWAYS, INC. TO
DISMISS UNDER FRCP 12(b)(1) & (6)
CASE NO. CV-12-05860 KAW

individual employees have been provided with a "reasonable opportunity" to take meal periods and rest breaks. Second, meal and rest claims are also preempted by the ADA because the state laws on which these claims are based "relate to" the services of US Airways. These laws require covered employees to be off duty at certain times during their shifts in a manner that directly impacts the point-to-point transportation of US Airways' passengers and cargo.

Plaintiffs' fourth cause of action for inaccurate wage statements also fails for two separate and independent reasons. First, as is the case with the overtime claims, Plaintiffs' claims are based on provisions of Wage Order 9 that do not apply to US Airways because the Wage Order states that its record-keeping provisions do not "cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the" RLA. Second, Plaintiffs' wage statement claims are predicated on their deficient overtime, meal, and rest claims and cannot be maintained separately from those claims.

Plaintiffs' sixth cause of action under California Labor Code Section 203 ("waiting time" penalties), their seventh cause of action under California Business and Professions Code Section 17200 *et seq.* (the "Unfair Competition Law" or "UCL"), and their eighth cause of action under California Labor Code Section 2698 *et seq.* (the "Private Attorneys General Act" or "PAGA"), must also be dismissed because they are predicated on Plaintiffs' deficient overtime, meal, and rest claims and cannot be maintained separately from those claims.

For these reasons, as discussed in greater detail below, Plaintiffs' first, second, third, fourth, sixth, seventh, and eighth causes of action should be dismissed with prejudice.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

US Airways employed Plaintiffs as ramp agents (Fleet Service Agents) at San Francisco International Airport. Fleet Service Agents are responsible for duties including, but not limited to, ramp service, operations/tower work, central load planning, and de-icing of aircraft.

1   (Declaration of Ronald Harbinson ("Harbinson Decl.") ¶ 4, Ex. A at Art. 4, pp. 11-14.)[1]  Fleet

2   Service Agents are represented by the International Association of Machinists and Aerospace

3   Workers ("IAM"), which negotiates with US Airways on behalf of Fleet Agents regarding the

4   terms and conditions of Fleet Service Agents' employment.  (Harbinson Decl. ¶ 4.)  The result of

5   these negotiations is reflected in a CBA, dated May 8, 2008, between US Airways and the IAM

6   which was entered into in accordance with the provisions of the Railway Labor Act.  (*Id*. ¶ 4, Ex.

7   A at Preamble.)  Provisions of the CBA cover topics such as overtime, meal periods, rest breaks,

8   "pick up" shifts and shift swaps, and related items.  (*See, e.g.*, *id*. ¶ 4, Ex. A at Arts. 5, 6, 30.)

9          On June 22, 2012, Plaintiffs filed, but did not serve, their initial Complaint in this matter

10   in the Superior Court of the State of California, County of San Francisco.  On October 17, 2012,

11   US Airways received a Summons and First Amended Complaint.  In their First Amended

12   Complaint ("FAC"), Plaintiffs primarily allege, on behalf of a putative class of US Airways Fleet

13   Service Agents, that US Airways failed to provide them with all wages due, with lawful meal and

14   rest periods, and with work-related expenses.  Specifically, Plaintiffs claim that US Airways'

15   "payroll services when accounting for hours worked and overtime hours worked . . . results in the

16   underpayment of overtime wages."  (FAC ¶¶ 25-28.)   Plaintiffs also claim that US Airways "did

17   not have a uniform practice or policy in place" to relieve Fleet Service Agents of duties to allow

18   them to take legally compliant meal and rest periods.  (*Id*. ¶¶ 34, 36.)  US Airways allegedly

19   implements a "uniform policy and practice wherein these employees were only allowed to take

20   meal periods and rest periods when there are no flights that need to be serviced" and wherein

21   Fleet Service Agents are not allowed "to leave the employment premises or that part of the airport

22   that US Airways operates and controls."  (*Id*. ¶¶ 30, 33.)  Moreover, Plaintiffs allege that

23   ───────────────

24   [1] This Court's consideration of the Harbinson Declaration and attached CBA should not convert
     US Airways' motion to dismiss into a motion for summary judgment, since these documents
     pertain to a factual attack on jurisdiction, *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039

25   (9th Cir. 2004) ("In resolving a factual attack on jurisdiction, the district court may review
     evidence beyond the complaint without converting the motion to dismiss into a motion for

26   summary judgment."), and since the First Amended Complaint relies on facts and practices that
     arise from the CBA, *United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (recognizing that

27   "if a document is not attached to a complaint, it may be incorporated by reference into a
     complaint if . . . the document forms the basis of the plaintiff's claim"); *Van Buskirk v. Cable*

28   *News Network*, 284 F.3d 977, 980 (9th Cir. 2002).

MOTION OF US AIRWAYS, INC. TO
DISMISS UNDER FRCP 12(b)(1) & (6)
CASE NO. CV-12-05860 KAW

1   US Airways implements "a uniform policy and practice [to] automatically deduct 30 minutes

2   from each Fleet Service Agent's work hours, to account for meal periods" "whether or not the

3   meal period was actually taken."  (*Id.* ¶ 35.)

4        Plaintiffs also allege that US Airways failed to provide accurate wage statements and

5   compensation upon discharge and that they are entitled to relief under California's PAGA and

6   Unfair Competition Law.  (*Id.* ¶¶ 28, 77-80, 88-119.)  These claims are entirely dependent on the

7   claims discussed above.

8        On November 16, 2012, US Airways filed a Notice of Removal to this Court based on the

9   fact that this Court has subject matter jurisdiction pursuant to the Class Action Fairness Act

10  ("CAFA"), 28 U.S.C. § 1332(d).

11                              **ARGUMENT**

12       Plaintiffs' overtime claim (first cause of action), meal period claim (second cause of

13  action), rest break claim (third cause of action), and wage statement claim (fourth cause of action)

14  should each be dismissed based on several independent grounds.  ***First***, Wage Order 9 exempts

15  US Airways from California's overtime requirements because US Airways and the IAM entered

16  into a CBA pursuant to the RLA.  Alternatively, the overtime claim is preempted by the RLA

17  because it will require this Court to interpret the CBA between US Airways and the IAM.

18  ***Second***, Plaintiffs' claims for failure to provide meal periods and rest breaks are preempted by the

19  RLA because they also will require this Court to interpret the CBA between US Airways and the

20  IAM.  Alternatively, Plaintiffs' meal and rest claims are also preempted by the ADA because the

21  meal and rest requirements would have the effect of impermissibly regulating US Airways'

22  services.  ***Third***, Plaintiffs' wage statement claims rely on record-keeping provisions that do not

23  apply to US Airways.  Alternatively, the wage statement claims also fail because they are

24  predicated on Plaintiffs' deficient overtime, meal, and rest claims, and must be dismissed to the

25  extent these claims are dismissed.

26       In addition, Plaintiffs' causes of action for waiting time penalties (sixth cause of action),

27  for violations of the UCL (seventh cause of action), and for violations of the PAGA (eighth cause

28  of action) fail because they are predicated on Plaintiffs' other deficient claims that must be

MOTION OF US AIRWAYS, INC. TO
DISMISS UNDER FRCP 12(b)(1) & (6)
CASE NO. CV-12-05860 KAW

1    dismissed for the reasons stated above.[2]

2    **I.    PLAINTIFFS' CLAIM FOR FAILURE TO PAY OVERTIME MUST BE
         DISMISSED BECAUSE IWC WAGE ORDER 9 EXEMPTS US AIRWAYS FROM
3        ITS OVERTIME PROVISIONS AND BECAUSE THE CLAIM IS PREEMPTED
         BY THE RLA**

4

5         In their first cause of action, Plaintiffs claim that they were not compensated properly for

6    all overtime hours worked in violation of California Labor Code § 510 and IWC Wage Order 9,

7    § 3.  (FAC ¶ 59.)  This claim, however, relies on provisions of law that do not apply to

8    US Airways because US Airways has entered into a CBA with the IAM on behalf of all Fleet

9    Service Agents pursuant to the RLA.  The claim also requires interpretation of the parties' CBA,

10   and thus is preempted by the RLA.  Accordingly, this cause of action must be dismissed.

11        **A.    Wage Order 9 Exempts US Airways from Its Overtime Provisions**

12        Wage Order No. 9, § 1(E) states:  "Except as provided in Sections 4, 10, 11, 12, and 20

13   through 22, this order shall not be deemed to cover those employees who have entered into a

14   collective bargaining agreement under and in accordance with the provisions of the Railway

15   Labor Act, 45 U.S.C. Sections 151 *et seq.*"  By its express terms, therefore, the Wage Order does

16   not apply to US Airways with respect to overtime, which is governed by Section 3 of Wage

17   Order 9.  Courts interpreting this language have concluded that Wage Order No. 9, § 1(E)

18   precludes lawsuits against airline employers based on the claims at issue here.  *See Fitz-Gerald v.*

19   *SkyWest Airlines, Inc.*, 155 Cal. App. 4th 411, 418 (2007) (upholding dismissal of overtime

20   claims due to existence of CBA between union and SkyWest); *Blackwell v. SkyWest Airlines,*

21   *Inc.*, No. 06cv0307, 2008 WL 5103195, at *9 (S.D. Cal. Dec. 3, 2008) (dismissing overtime

22   claims due to CBA between SkyWest Airlines' Frontline Association and SkyWest).[3]

23   _____

24   [2] The allegations in the First Amended Complaint are taken as true solely for purposes of this
     motion pursuant to Federal Rule of Civil Procedure 12.  *Johnson v. Lucent Techs. Inc.*, 653 F.3d
25   1000, 1010 (9th Cir. 2011).  That said, US Airways denies the allegations of the First Amended
     Complaint.

26   [3] US Airways is a "carrier," the IAM is a "representative," and US Airways and the IAM have
     entered into a CBA pursuant to the terms of the RLA.  *See Masiello v. U.S. Airways, Inc.*, 113 F.
27   Supp. 2d 870, 872 (W.D.N.C. 2000); *US Airways, Inc. v. U.S. Airline Pilots Ass'n*, 813 F. Supp.
     2d 710, 714 (W.D.N.C. 2011); *In re Int'l Ass'n of Machinists & Aerospace Workers*, 33 NMB 35
28   (May 11, 2006); Harbinson Decl. ¶ 4, Ex. A at p. 2.

1    Accordingly, Wage Order No. 9's overtime provision does not apply to US Airways, and

2    Plaintiffs' first cause of action must be dismissed.[4]

3        **B.    Plaintiffs Overtime Claim Is Preempted by the RLA Because Adjudicating
             the Claim Would Require This Court to Interpret the Parties' CBA**
4

5        Alternatively, Count I must be dismissed because it is preempted by the RLA.  Under the

6    RLA, interpretation of a CBA lies within the exclusive jurisdiction of arbitrational bodies

7    mandated by the RLA.  *See Saridakis v. United Airlines*, 166 F.3d 1272, 1287 (9th Cir 1999);

8    *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1458-59 (9th Cir. 1996).  Accordingly, state law claims are

9    preempted by the RLA when their resolution requires interpretation or application of a CBA.  *See*

10   *Saridakis*, 166 F.3d at 1277-78; *Espinal*, 90 F.3d at 1456; *Adames v. Exec. Airlines, Inc.,* 258

11   F.3d 7, 11 (1st Cir. 2001).  Courts – including California courts – have held that the RLA

12   preempts state overtime claims pursuant to this principle.  *See, e.g.*, *Adames*, 258 F.3d at 12

13   ("Other circuits considering state law claims for overtime pay . . . almost always find that

14   interpretation of the agreement is necessary for resolution of the claim if the agreement addresses

15   those same subjects and the meaning of the statutory language as applied to the terms of the CBA

16   is unclear.");[5] *Blackwell*, 2008 WL 5103195, at *12-14 ("A determination of whether the CBA

17   provisions violate California law would require this Court to construe the CBA . . . ."); *Burgos v.*

18   *Exec. Air, Inc.*, 914 F. Supp. 792, 795-96 (D.P.R. 1996) (stating that it was "clear that [plaintiff's]

19   'right' to overtime pay requires, at the least, some examination of the CBA").

20   _____

21   [4] In addition to the exception contained in Wage Order No. 9, § 1(E), California Labor Code
     § 514 also states that the Labor Code's overtime provisions do "not apply to an employee covered
22   by a valid collective bargaining agreement if the agreement expressly provides for the wages,
     hours of work, and working conditions of employees, and if the agreement provides premium
23   wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of
     not less than 30 percent more than the state minimum wage." *See* Cal. Lab. Code § 514;
24   *Blackwell*, 2008 WL 5103195, at *10.  The US Airways-IAM CBA provides for the wages,
     hours, and working conditions of Fleet Service Agents, and also provides for premium wage rates
25   for overtime hours.  (Harbinson Decl. ¶ 4, Ex. A.)  In addition, many portions of the wage scale
     provide for an hourly rate in excess of 30% more than the state minimum wage.  (*Id.*)
26   Accordingly, California Labor Code § 514 provides an alternative basis for dismissal.

27   [5] Although *Adames* addressed RLA preemption, the cases it cited for this general principle
     involved Section 301 of the Labor Management Reporting Act, which is the source of a
28   comparable preemption standard.  The Ninth Circuit has cited *Adames* with approval.  *Firestone
     v. S. Cal. Gas Co.*, 281 F.3d 801, 802 (9th Cir. 2002).

In the instant case, adjudication of Plaintiffs' overtime claims will necessarily involve interpreting the parties' CBA because this Court will have to determine the relevant provisions, ascertain how those provisions are applied by the parties, and then compare the meaning and application of those provisions to the requirements of California law.  Article 6 of the CBA, entitled "Overtime," governs the overtime compensation practices that US Airways applies to Fleet Service Agents.  (Harbinson Decl. ¶ 4, Ex. A at Art. 6, pp. 23-32.)  In order to resolve Plaintiffs' overtime claims, this Court would need to interpret Article 6 of the CBA, including determining how daily and weekly overtime qualifiers are calculated and whether a Lead Agent premium was applicable under Article 30.  (*Id.* at 29-30.)  The Court will not be able to do this by simply looking at payroll records because, among other reasons, Plaintiffs allege that US Airways "segregates the hours worked into different categories resulting in the underpayment and inaccurate accounting" of hours worked and that their wage statements do not "accurately reflect which hours are worked and which hours are regular hours worked."  (FAC ¶¶ 27 & 28.)  Accordingly, this Court will have to look into the nature of hours worked, compare them to the CBA's overtime qualifiers (thereby interpreting and applying the CBA), and determine whether the result of that application reaches the same result as required by California law.  Indeed, such interpretation and application of employer policies designed to maintain overtime compliance is usually the focal point in wage/hour litigation regarding unpaid overtime.  *See, e.g., York v. Starbucks Corp.*, No. 08cv07919, 2011 WL 8199987, at *29-30 (C.D. Cal. Nov. 23, 2011) (examining and interpreting the employer's policy, steps taken by the employer to enforce the policy, and the facts regarding actual compliance with the policy, in order to adjudicate overtime claims).

Further, Plaintiffs' FAC alleges that Fleet Service Agents "are allowed to 'pick-up shifts' from other Fleet Service Agents" and "to add shifts to pre-assigned daily schedules," and that this practice allegedly results in Fleet Service Agents regularly working daily and weekly overtime hours for which they are not paid.  (FAC ¶¶ 20-27.)  This "shift trading" practice is governed by Article 5 of the CBA, which contains detailed provisions governing items such as:  when and how employees may trade shifts; the maximum hours that may be traded; and the number of times an

- 7 -

1    employee may trade her shift.   (Harbinson Decl. ¶ 4, Ex. A at Art. 5, pp. 20-22.)  The CBA also

2    specifically addresses overtime in the context of shift trades, by stating both that "[n]o overtime

3    payment will be paid to an employee as a result of working another employee's shift" and that

4    "[n]o request under these provisions shall be honored if found to be in conflict with state law"

5    regarding "such overtime payment for such hours of work."  (Harbinson Decl. ¶ 4, Ex. A at Art.

6    5, pp. 21.)  To adjudicate Plaintiffs' claims this Court will have to interpret the CBA to determine

7    what this proviso regarding state law means, how it is applied by US Airways, and whether its

8    application complies with California law.

9         The *Blackwell* decision involved CBA provisions of the type at issue here.  The CBA at

10   issue in *Blackwell* directly addressed overtime by setting forth overtime qualifiers, and also

11   addressed "shift trades," including various qualifications and limitations on when and how they

12   could be used.  After reviewing these provisions, the court found that it would be unable to

13   adjudicate the plaintiffs' claims without interpreting and applying the CBA, and therefore held

14   that the plaintiffs' overtime claims were preempted.  *Blackwell*, 2008 WL 5103195 at *13-14; *see

15   also Adames*, 258 F.3d at 13.  All of the items that *Blackwell* pointed to as examples of

16   interpretative issues – overtime qualifiers, shift trade limitations, double time calculations, etc. –

17   are present in the instant case.  In addition, and unlike in *Blackwell*, the CBA at issue in the

18   instant case explicitly requires that its shift swap provisions be applied consistent with applicable

19   state law, without providing any guidance or instruction as to how that is to occur, thereby raising

20   further interpretive difficulties that this Court would have to address.

21        For all these reasons, this Court will be unable to adjudicate Plaintiffs' overtime claims

22   without interpreting and applying the parties' CBA.  Accordingly, Plaintiffs' overtime claims are

23   preempted by the RLA and should be dismissed.[6]

24

25   _____

     [6] The body of case law finding that discrimination claims are not preempted by the RLA does not
26   change this conclusion. *See, e.g.*, *Espinal*, 90 F.3d at 1457.  Such cases can usually be resolved
     "entirely separate from the CBA."  This is not true of wage/hour claims because wage/hour
27   claims involve rights that are a product of both state law and private agreement, and because state
     law requires courts to interpret and apply the employer's policy in order to adjudicate plaintiffs'
28   claims.

II.     **PLAINTIFFS' MEAL PERIOD AND REST BREAK CLAIMS ARE PREEMPTED BY THE RAILWAY LABOR ACT AND THE AIRLINE DEREGULATION ACT**

In their second and third causes of action, Plaintiffs claim that they were not provided with meal periods and rest breaks in compliance with California law.  (FAC ¶¶ 64-76.)  These claims however, require interpretation of the parties' CBA and are therefore preempted by the RLA.  Separately and independently from this, the provisions that Plaintiffs rely on also relate to the services provided by US Airways and are therefore also preempted by the ADA.  Accordingly, these causes of action must be dismissed.

A.     **Plaintiffs' Claims for Meal Periods and Rest Breaks Are Preempted by the RLA Because Adjudicating These Claims Would Require This Court to Interpret the Parties' CBA**

As described in Section I.B., the RLA preempts any claim which requires this Court to interpret and/or apply the terms of the parties' CBA.  Courts have recognized that meal period and rest break claims like those asserted by Plaintiffs do require the interpretation and application of the operative CBA and are therefore preempted.  *See Fitz-Gerald*, 155 Cal. App. at 421; *Blackwell*, 2008 WL 5103195, at *12; *see also Adames*, 258 F.3d at 13-15.

The CBA that governs the employment of Plaintiffs and the putative class of California-based Fleet Service Agents contains detailed provisions governing meal and rest breaks.  (Harbinson Decl. ¶ 4, Ex. A Art. 5, p. 17.)  For example, some employees are granted one 12-minute break period during the first four hours of their work shift, but interpreting when that entitlement accrues will require this Court to examine how "work shift" is defined in the CBA.  (*Id.*)  In addition, the CBA provides certain employees with an unpaid, 30-minute meal period, but also states that "[t]he ***Company will make every effort*** to schedule meal periods" within certain time parameters.  (*Id.* (emphasis added).)  The CBA also states that employees will receive premium pay "[i]f unable to take a meal period ***due to Company requirements***."  (*Id.* (emphasis added).)  These meal period provisions that reference US Airways' intention to "make every effort" and US Airways' "requirements" necessitate a rigorous interpretation and examination of both the explicit and the implied terms of US Airways' meal and rest break

1   customs and practices.  Accordingly, this case – if allowed to proceed – would center on

2   interpretative disputes regarding the meaning and application of these provisions, and how this

3   meaning and application aligns (or fails to align) with California law.  *See Fitz-Gerald*, 155 Cal.

4   App. 4th at 421; *Blackwell*, 2008 WL 5103195, at *12.  This is strictly prohibited by the RLA.

5         Further, the California Supreme Court recognizes that adjudicating meal and rest break

6   claims requires courts to resolve disputes about not only what written policies mean, but also how

7   they are applied.  *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1020 (2012); *see*

8   *also Hernandez v. Vitamin Shoppe Indus., Inc.*, 174 Cal. App. 4th 1441, 1445 (2009).  Courts

9   have also recognized in the RLA preemption context that analysis of the parties' ***practices***

10  pursuant to the written CBA is a part of analyzing the CBA itself.  Accordingly, preemption is not

11  limited to situations where the written CBA must be interpreted, but also extends to situations

12  where the Court must inquire into ***implicit*** meal and rest break guidelines and practices pursuant

13  to the CBA.  *See Blackwell*, 2008 WL 5103195, at *14 (noting that CBAs can include implied

14  terms of practice, usage, and custom that need to be interpreted to determine industry norms and

15  safety standards regarding meal and rest periods); *Consol Rail Corp. v. Ry. Labor Execs.' Ass'n*,

16  491 U.S. 299, 311 (1989) (recognizing that the "the parties' practice, usage, and custom" is

17  relevant to interpreting the CBA).  In this case, the Court would have to inquire into not only the

18  written words of the CBA but the practices on the ground regarding meal and rest breaks –

19  particularly how the terms "every effort" and "Company requirements" are applied.  This inquiry

20  qualifies as "interpreting the CBA" and will therefore trigger RLA preemption.

21        Further, the calculation of meal and rest period penalties will also require the application

22  and interpretation of different portions of the CBA.  Here, employees who are unable to take a

23  meal period "will receive pay for the applicable meal period at a time and a one-half (1 1/2x)

24  rate" or "will receive an additional thirty (30) minutes pay at straight time rates."  (Harbinson

25  Decl. ¶ 4, Ex. A at Art. 5, p. 17.)  Courts cannot calculate the regular rate that forms the basis of

26  overtime compensation without interpreting the CBA.  *See Blackwell*, 2008 WL 5103195, at *14

27  ("[I]nterpretive issues arise as to the proper calculation of meal and rest period penalties.");

28  *Fitz-Gerald*, 155 Cal. App. 4th at 421 (damages under Wage Order No. 9, §§ 11(D) and 12(B)

MOTION OF US AIRWAYS, INC. TO
DISMISS UNDER FRCP 12(b)(1) & (6)
CASE NO. CV-12-05860 KAW

1    require a calculation of the employees "regular rate of compensation" which could not be

2    determined without interpreting the CBA.  Plaintiffs' claims in this case are no different, as

3    calculating the "regular rate" will involve many of the same interpretive issues as determining

4    appropriate overtime compensation.  (*See supra*, at p. 8.)

5    **B.    Plaintiffs' Claims for Failure to Provide Meal Periods and Rest Breaks Are Also Preempted by the ADA Because They Relate to the Services Provided by US Airways**

6

7        Separate and apart from being preempted by the RLA, Plaintiffs' causes of action for

8    failure to provide meal and rest periods are also preempted under the Airline Deregulation Act, 49

9    U.S.C. § 40120 *et seq.* ("ADA").  To prevent state regulation from interfering with federal

10   deregulation, the ADA includes a broad preemption provision which provides that "a State . . .

11   may not enact or enforce a law, regulation, or other provision having the force and effect of law

12   related to a price, route, or service of an air carrier." *Id*. § 41713(b)(1).  Because of the nature of

13   Fleet Service Agents' duties, applying California's meal and rest requirements to them would

14   have the effect of regulating US Airways' "services" – i.e., the point-to-point transportation of

15   US Airways' customers and cargo.  Plaintiffs' meal and rest claims are therefore preempted by

16   the ADA.

17       The ADA's preemption provision was broadly written and has been broadly applied.  The

18   Supreme Court has held that the provision should preempt all "[s]tate enforcement actions having

19   a connection with, or reference to, airline 'rates, routes, or services,'" *Morales v. Trans World*

20   *Airlines, Inc.*, 504 U.S. 374, 384 (1992), and that such preemption "may occur **even if a state**

21   **law's effect on . . . services is only indirect**." *Rowe v. N.H. Motor Transp. Ass'n*, 552 U.S. 364,

22   370 (2008) (emphasis added).  Thus, a state enforcement action can be preempted even if it does

23   not specifically prescribe or directly regulate services.  The Ninth Circuit has addressed ADA

24   preemption in *Charas v. Trans World Airlines, Inc.*, 160 F.3d 1259, 1265-66 (9th Cir. 1998) (en

25   banc).  *Charas*, which involved a number of tort and personal injury claims brought against

26   various airlines, held that the term "services" in the ADA's preemption provision means the

27   "schedules, origins, and destinations of the point-to-point transportation of passengers, cargo, and

28   mail" and not "the provision of in-flight services" and "similar amenities." *Id*. at 1261; *see also*

MOTION OF US AIRWAYS, INC. TO
DISMISS UNDER FRCP 12(b)(1) & (6)
CASE NO. CV-12-05860 KAW

1   *Ginsberg v. Nw., Inc.*, 695 F.3d 873 (9th Cir. 2012) (citing *Charas* with approval after some

2   courts questioned it post-*Rowe*).[7]   In the instant case, *Charas*' definition of "services"

3   encompasses the duties performed by Fleet Service Agents.

4        The First Amended Complaint alleges that Fleet Service Agents provide "cleaning,

5   fueling, and ramp related services to [US Airways'] airplanes that serve passengers at

6   San Francisco International Airport."  (FAC ¶ 12.)  Similarly, the Fleet Service Agents' CBA

7   states that they engage in the handling and transporting of luggage and material, loading and

8   unloading the aircraft, and delivery of baggage and company materials; receipt and dispatch;

9   handling of cargo office and warehouse functions; sortation and transporting of mail and cargo;

10  servicing of aircraft, cleaning of aircraft interiors, changing of seat covers, performance of minor

11  preventative maintenance; and work associated with other non-company aircraft, the operation of

12  jet ways, performance of catering security checks, and other station work.  (Harbinson Decl. ¶ 4,

13  Ex. A at Art. 4, pp. 11-14.)  Given these duties, Fleet Service Agents directly impact airline

14  schedules and the point-to-point transportation of passengers and cargo and therefore perform

15  "service" under the ADA.  *See Charas*, 160 F.3d at 1261; *Blackwell*, 2008 WL 5103195, at *17.

16       California Labor Code § 226.7 and Wage Order No. 9 require that employers provide

17  employees with duty-free meal and rest periods at certain times during the workday.  Cal. Lab.

18  Code § 226.7; Wage Order 9, §§ 11 and 12.  Because they directly regulate when Fleet Service

19  Agents may work and when they must be relieved of duty, "the application of" California's meal

20  and rest requirements "would have the impermissible force and effect of regulating an air

21  carrier's services."  *Blackwell*, 2008 WL 5103195, at *15.  For example, requiring a Fleet Service

22  Agent to take a meal period at a particular time in a shift may render US Airways unable to fuel

23  an aircraft in a timely fashion or load cargo according to schedule.  This would necessarily have

24  the effect of impacting aircraft flight times, which would affect US Airways' "services" as

25  defined by *Charas*.  *See id.* at *17.  Accordingly, the ADA preempts the application of

26

27  [7] *Ginsberg*, which involved claims under an airline's frequent flyer program, reaffirmed *Charas* and held – similar to *American Airlines, Inc. v. Wolens*, 513 U.S. 219 (1995) – that a passenger could bring a state law claim against an airline based on alleged "contractual obligations" the airline voluntarily entered into.  *See Ginsberg*, 695 F.3d at 880.

28

California's meal and rest breaks to US Airways' Fleet Service Agents.

## III. PLAINTIFFS' WAGE STATEMENT CLAIM FAILS BECAUSE IT RELIES ON WAGE ORDER PROVISIONS THAT DO NOT APPLY TO US AIRWAYS AND BECAUSE IT IS DEPENDENT ON PLAINTIFFS' OTHER DEFICIENT CAUSES OF ACTION

Plaintiffs' fourth cause of action contends that Plaintiffs were not furnished with accurate wage statements, in violation of IWC Wage Order No. 9, § 7(B) and California Labor Code § 226. (FAC ¶ 77.) This claim must be dismissed for two separate and independent reasons – it is based on Wage Order provisions that do not apply to US Airways, and it is dependent on other deficient causes of action that must be dismissed.

*First*, Wage Order No. 9 exempts US Airways from its record-keeping provisions in the same way that it exempts US Airways from its overtime provisions. *See* Wage Order 9, § 1(E) ("Except as provided in Sections 4, 10, 11, 12, and 20 through 22, this order shall not be deemed to cover those employees who have entered into a collective bargaining agreement under and in accordance with the provisions of the Railway Labor Act, 45 U.S.C. Sections 151 et seq."). Wage Order 9's record-keeping provisions are contained in Section 7, and they therefore do not apply to US Airways because it has entered into a CBA which governs the terms and conditions of Plaintiffs' employment. (*See supra*, Section I.A.)

*Second*, Plaintiffs' wage statement claims are predicated on their deficient overtime, meal period, and rest break claims. (FAC ¶¶ 78 & 79.) Specifically, Plaintiffs seek penalties under California Labor Code § 226(a) and Wage Order 9, § 7 for alleged inaccuracies in their wage statements that stemmed from US Airways' supposed overtime, meal period, and rest break violations. Because these causes of action fail for the reasons discussed above, Plaintiffs cannot prove a wage statement violation and recover penalties based on inaccurate wage statements. *See, e.g.*, *Blackwell*, 2008 WL 5103195, at *19-20 (dismissing a cause of action based on another cause of action that was dismissed); *Fitz-Gerald*, 155 Cal. App. 4th at 420-21 (same).

**IV.    PLAINTIFFS' CAUSES OF ACTION FOR WAITING TIME PENALTIES AND FOR VIOLATIONS OF PAGA AND THE UCL MUST ALSO BE DISMISSED BECAUSE THEY ARE DEPENDENT ON PLAINTIFFS' OTHER DEFICIENT CAUSES OF ACTION**

Plaintiffs' claims for waiting time penalties (sixth cause of action), for violation of the UCL (seventh cause of action), and for violation of PAGA (eighth cause of action) must all be dismissed because they are dependent on Plaintiffs' other deficient causes of action.

Because Plaintiffs' overtime, meal and rest claims are barred by Wage Order 9's RLA exception and are preempted by federal law, Plaintiffs cannot recover penalties based on the failure to pay compensation promptly upon discharge under California Labor Code §§ 201, 202 and 203.  Section 203 is predicated on an actual failure to comply with the law.  Cal. Lab. Code § 203 (providing a cause of action "[i]f an employer willfully fails to pay . . . in accordance with Sections 201 [and] 202").  Accordingly, this claim for penalties is derivative of Plaintiffs' other deficient claims and must stand or fall with them.  *See Blackwell*, 2008 WL 5103195, at *20; *Fitz-Gerald*, 155 Cal. App. 4th at 420-21.

Similarly, Plaintiffs' claims under California's Private Attorneys General Act ("PAGA"), Cal. Lab. Code § 2699, and under California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*, fail because they are premised on the violations alleged in the other causes of action.  California's PAGA, on which Plaintiffs' seventh cause of action is based, creates a cause of action to collect civil penalties based on violations of other provisions of the Labor Code not otherwise providing for penalties.  Similarly, California's UCL, on which Plaintiffs' sixth cause of action is based, "borrows violations of other laws and treats them as unlawful practices that the unfair competition law makes independently actionable."  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (1999) (citation and internal quotation marks omitted); *see also Fitz-Gerald*, 155 Cal. App. 4th at 422.[8]  Here again, Plaintiffs' PAGA and UCL claims rise or fall with the underlying claims on which they are based.  *See*

---

[8] Moreover, it is settled that the ADA preempts claims under California's UCL.  *See Blackwell*, 2008 WL 5103195, at *20 (citing *Fitz-Gerald*, 155 Cal. App. 4th at 423; *Morales*, 504 U.S. at 389; *Wolens*, 513 U.S. at 228).

1   *generally Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1147 (2011) ("Because the

2   underlying causes of action fail, the derivative UCL and PAGA claims also fail.").  Because

3   Plaintiffs' predicate claims are preempted under the RLA and ADA, their PAGA and UCL claims

4   must be dismissed as well.

5                                    **CONCLUSION**

6           For the foregoing reasons, US Airways respectfully requests that this Court dismiss

7   Plaintiffs' first cause of action (unpaid overtime), second cause of action (failure to provide meal

8   periods), third cause of action (failure to provide rest breaks), fourth cause of action (inaccurate

9   wage statements), sixth cause of action (waiting time penalties), seventh cause of action (unfair

10  competition), and eighth cause of action (PAGA) as alleged in the First Amended Complaint.

11

12      Dated: November 26, 2012

13                                              O'MELVENY & MYERS LLP
                                                ROBERT A. SIEGEL
14                                              ADAM P. KOHSWEENEY

15

16                                              By:    /s/ Adam P. KohSweeney
                                                       Adam P. KohSweeney
17                                              Attorneys for Defendant US Airways, Inc.

18  71093300

19

20

21

22

23

24

25

26

27

28