ROBERT A. SIEGEL (S.B. #64604)
rsiegel@omm.com
O'MELVENY & MYERS LLP
400 South Hope Street, 18th Floor
Los Angeles, CA 90071-2899
Telephone: 213-430-6000
Facsimile: 213-430-6407

ADAM P. KOHSWEENEY (S.B. #229983)
akohsweeney@omm.com
O'MELVENY & MYERS LLP
Two Embarcadero Center, 28th Floor
San Francisco, CA 94111-3823
Telephone: 415-984-8912
Facsimile: 415-984-8701

Attorneys for Defendant
US Airways, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

JOSEPH TIMBANG ANGELES, NOE LASTIMOSA, on behalf of themselves and on behalf of others similarly situated, and the general public,

Plaintiffs,

v.

US AIRWAYS, INC., and DOES 1 through 50,

Defendants.

Case No. 3:12-cv-05860 CRB

**MOTION TO DISMISS SECOND CAUSE OF ACTION IN PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and (6)**

Hearing Date: May 10, 2013
Time: 10:00 A.M.
Courtroom: 6
Judge: Hon. Charles R. Breyer

**TO PLAINTIFFS JOSEPH TIMBANG ANGELES AND NOE LASTIMOSA AND THEIR ATTORNEYS OF RECORD IN THIS ACTION:**

**PLEASE TAKE NOTICE** that on Friday, May 10, 2013, at 10:00 A.M., or as soon thereafter as this matter may be heard in Courtroom 6 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, 94102, Defendant US Airways, Inc. ("Defendant" or "US Airways") will move, and hereby does move, pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss with prejudice the second cause of action (for unpaid minimum wages) in the Second Amended Complaint ("2AC") filed in this action by Plaintiffs Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs"), as well as Plaintiffs' third cause of action (inaccurate wage statements), fifth cause of action (waiting time penalties), sixth cause of action (unfair competition), and seventh cause of action (PAGA) to the extent they are predicated on the deficient second cause of action.

Defendant's Motion is based on this Court's February 19, 2013, Order [Doc. 23] ("February 19 Order"), which held that "Plaintiffs' first theory, relating to automatic meal period deductions" was dismissed with prejudice. (Feb. 19 Order at 7.) The second cause of action in Plaintiffs' 2AC is based on the same theory – *i.e.*, that Plaintiffs have not been paid for time worked due to US Airways' alleged failure to provide a meal period – and therefore should be dismissed for the same reasons. This Motion is based on this Notice of Motion and Motion; Defendant's supporting Memorandum of Points and Authorities; the Declaration of Adam P. KohSweeney dated March 29, 2013, which attaches the Declaration of Ronald Harbinson dated November 20, 2012 [Doc. No. 6-2]; the February 19 Order, and all pleadings and papers on file with the Court in this action and on such other matters as may be presented to the Court at or before the hearing of this Motion.

Dated: March 29, 2013

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY

By: /s/ Adam P. KohSweeney
Adam P. KohSweeney
Attorneys for Defendant US Airways, Inc.

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT .......... 1

STATEMENT OF FACTS AND PROCEDURAL HISTORY .......... 2

ARGUMENT .......... 3

I. PLAINTIFFS' CLAIM FOR FAILURE TO PAY MINIMUM WAGE MUST BE DISMISSED BECAUSE THE ARGUMENT IS PRECLUDED BY THE COURT'S PRIOR RULING AND BECAUSE THE CLAIM IS PREEMPTED BY THE RLA .......... 4

A. The Court's Order Precludes Plaintiffs from Asserting Arguments Relating to RLA Preemption of Wage Claims Premised on Alleged Meal Period Violations .......... 4

B. The Entirety of Plaintiffs' Minimum Wage Claim Is Preempted by the RLA Because Adjudicating the Claim Would Require This Court to Interpret the Parties' CBA .......... 5

II. PLAINTIFFS' CAUSES OF ACTION FOR INACCURATE WAGE STATEMENTS, WAITING TIME PENALTIES, AND FOR VIOLATIONS OF THE UCL AND PAGA MUST ALSO BE DISMISSED TO THE EXTENT THEY RELY ON PLAINTIFFS' OTHER DEFICIENT CAUSES OF ACTION .......... 8

CONCLUSION .......... 8

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Adames v. Exec. Airlines, Inc.*,
258 F.3d 7 (1st Cir. 2001) ..... 6

*Blackwell v. SkyWest Airlines, Inc.*,
No. 06cv03076, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008) ..... 6, 7, 8

*Brinker Rest. Corp. v. Superior Court*,
53 Cal. 4th 1004 (2012) ..... 7

*Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*,
491 U.S. 299 (1989) ..... 7

*Espinal v. Nw. Airlines*,
90 F.3d 1452 (9th Cir. 1996) ..... 6, 7

*Fitz-Gerald v. SkyWest Airlines, Inc.*,
155 Cal. App. 4th 411 (2007) ..... 6, 7, 8

*Hernandez v. Vitamin Shoppe Indus., Inc.*,
174 Cal. App. 4th 1441 (2009) ..... 7

*Johnson v. Lucent Techs. Inc.*,
653 F.3d 1000 (9th Cir. 2011) ..... 3

*Saridakis v. United Airlines*,
166 F.3d 1272 (9th Cir. 1999) ..... 6

*United States v. U.S. Smelting Ref. & Mining Co.*,
339 U.S. 186 (1950) ..... 5

*Vickery v. Fisher Governor Co.*,
417 F.2d 466 (9th Cir. 1969) ..... 5

*W. Parcel Express v. United Parcel Serv. of Am., Inc.*,
No. C 96-1526 CAL, 1996 WL 756858 (N.D. Cal. Dec. 3, 1996) ..... 5

**STATUTES**

45 U.S.C. § 151 *et seq.* ..... 1

49 U.S.C. § 40120 *et seq.* ..... 3

**RULES**

Fed. R. Civ. P. 12 ..... 3

**PRELIMINARY STATEMENT**

The second cause of action in the Second Amended Complaint ("2AC") filed by Plaintiffs Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs") brings a claim for unpaid minimum wages based on defendant US Airways, Inc.'s ("US Airways") alleged practice of "deducting 30 minutes . . . to account for time that Fleet Service Agents are expected to take a meal period." (2AC ¶¶ 36, 39 & 60.) This claim is identical to the overtime theory dismissed by this Court's February 19, 2013, Order [Doc. 23] (the "February 19 Order") except that it consists of a claim for minimum wages instead of overtime wages. Accordingly, the second cause of action should be dismissed with prejudice for two independent reasons. ***First***, the second cause of action is precluded by the February 19 Order. ***Second***, Plaintiffs' claim is preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA").

With regard to the first argument, Plaintiffs' First Amended Complaint ("1AC") alleged that Plaintiffs were denied overtime compensation because US Airways allegedly deducted thirty minutes from Plaintiffs' hours worked regardless of whether a meal period was actually taken. (1AC ¶ 35.) In response to this allegation, US Airways successfully moved to dismiss the claim as preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq*. ("RLA"). (Feb. 19 Order at 7.) Accordingly, this Court dismissed Plaintiffs' overtime claims insofar as they were based on alleged meal period violations. Notably, Plaintiffs have not sought reconsideration of that ruling. Instead, Plaintiffs changed the claim from seeking ***overtime*** wages in connection with meal period violations to seeking ***minimum*** wages in connection with meal period violations. Despite this alteration, Plaintiffs' allegation remains a wage claim based on a theory which has been found to be preempted by the RLA. For those reasons, the second cause of action is precluded by the February 19 Order.

With regard to the second argument, even if this Court chooses to revisit the RLA preemption argument, the second cause of action should be dismissed for all the reasons demonstrated in US Airways' initial Motion to Dismiss. [Doc. No. 6.] California courts recognize that adjudicating claims based on meal period violations requires an individualized analysis of both the employer's written policy (which in this case is a collective bargaining

agreement) and the application of that policy to determine if individual employees have been provided with a "reasonable opportunity" to take meal periods. Accordingly, Plaintiffs' second cause of action cannot be adjudicated without interpreting the parties' CBA and is therefore preempted by the RLA.

Plaintiffs' third cause of action for inaccurate wage statements, fifth cause of action for waiting time penalties, sixth cause of action for violation of California Business and Professions Code Section 17200 *et seq.* (the "Unfair Competition Law" or "UCL"), and seventh cause of action under California Labor Code Section 2698 *et seq.* (the "Private Attorneys General Act" or "PAGA") must also be dismissed to the extent that they are predicated on the deficient second cause of action. This Court has already held that these claims must be dismissed to the extent they are predicated on other claims that have been dismissed. (Feb. 19 Order at 16-19.)

For these reasons, as discussed in greater detail below, Plaintiffs' second cause of action should be dismissed with prejudice and Plaintiffs' third, fifth, sixth, and seventh causes of action should be dismissed with prejudice to the extent they are predicated on the second cause of action.

## STATEMENT OF FACTS AND PROCEDURAL HISTORY

US Airways employed Plaintiffs as ramp agents (Fleet Service Agents) at San Francisco International Airport. Fleet Service Agents are represented by the International Association of Machinists and Aerospace Workers ("IAM"), which negotiates with US Airways on behalf of Fleet Service Agents regarding the terms and conditions of Fleet Service Agents' employment. (Declaration of Ronald Harbinson ("Harbinson Decl.") ¶ 4 (attached as Ex. 1 to Declaration of Adam P. KohSweeney).)[1] The result of these negotiations is reflected in a collective bargaining agreement ("CBA"), dated May 8, 2008, between US Airways and the IAM, which was entered into in accordance with the provisions of the Railway Labor Act. (*Id.* ¶ 4, Ex. A at Preamble.) Provisions of the CBA cover topics such as shifts, wages, meal periods, compensation for missed meal periods, and related items. (*See, e.g.*, *id.* ¶ 4, Ex. A at Arts. 5, 6, 30.)

[1] This Court previously held that it may consider the Harbinson Declaration and attached CBAs without converting the first Motion to Dismiss into a motion for summary judgment. (Feb. 19 Order at 5-6.)

On October 17, 2012, US Airways received a Summons and First Amended Complaint that alleged eight causes of action. On November 22, 2012, US Airways filed a Motion to Dismiss the 1AC. [Doc. No. 6] On February 19, 2013, this Court dismissed with prejudice Plaintiffs' meal period and rest break claims because they were preempted by the Airline Deregulation Act, 49 U.S.C. § 40120 *et seq*., and dismissed with prejudice Plaintiffs' overtime claim to the extent it was predicated on meal period violations. (Feb. 19 Order at 7, 13 & 16.)

On March 8, 2013, the Parties stipulated to and Plaintiffs filed a Second Amended Complaint. [Doc. No. 26.] The 2AC contains numerous references to US Airways' alleged failure to provide compliant meal periods. (2AC ¶¶ 36-40.) Plaintiffs' second cause of action for unpaid minimum wages is based solely on these allegations regarding meal period violations. (2AC ¶¶ 50(d) & 60-62.)[2]

**ARGUMENT**

Plaintiffs' second cause of action for unpaid minimum wages should be dismissed on two independent grounds. ***First***, the 2AC's minimum wage claim is premised on alleged meal period violations that the February 19 Order has already held to be preempted. Plaintiffs should not be allowed to re-characterize their claim as a minimum wage claim and therefore evade this Court's February 19 Order when the minimum wage claim is based on the same facts, and involves the same interpretative issues, as the dismissed overtime theory. ***Second***, Plaintiffs' claim for unpaid minimum wages is preempted by the RLA because it cannot be adjudicated without interpreting the CBA between US Airways and the IAM.

Further, consistent with this Court's February 19 Order, Plaintiffs' causes of action for inaccurate wage statements (third cause of action), waiting time penalties (fifth cause of action), violations of the UCL (sixth cause of action), and violations of the PAGA (seventh cause of action) fail to the extent they are predicated on Plaintiffs' deficient second cause of action.

---

[2] The allegations in the 2AC are taken as true solely for purposes of this motion pursuant to Federal Rule of Civil Procedure 12. *Johnson v. Lucent Techs. Inc.*, 653 F.3d 1000, 1010 (9th Cir. 2011). That said, US Airways denies the allegations of the 2AC.

## I. PLAINTIFFS' CLAIM FOR FAILURE TO PAY MINIMUM WAGE MUST BE DISMISSED BECAUSE THE ARGUMENT IS PRECLUDED BY THE COURT'S PRIOR RULING AND BECAUSE THE CLAIM IS PREEMPTED BY THE RLA

Plaintiffs' second cause of action alleges that they were not compensated for all hours worked pursuant to California Labor Code § 1194, 1194.2, and IWC Wage Order 9, § 4, because US Airways failed to provide compensation for missed meal periods as a result of its automatic thirty-minute meal period deduction. (2AC ¶¶ 50(d), 58, 60-61.)[3] Plaintiffs' claim cannot survive for the reasons discussed below.

### A. The Court's Order Precludes Plaintiffs from Asserting Arguments Relating to RLA Preemption of Wage Claims Premised on Alleged Meal Period Violations

Both Plaintiffs' 1AC and 2AC contend that US Airways failed to fully compensate Plaintiffs with wages required under the California Labor Code due to alleged meal period violations. (1AC ¶¶ 58-63; 2AC ¶¶ 57-64.)[4] Both complaints support Plaintiffs' arguments regarding unpaid wages by alleging meal period violations: "As a pattern and practice, [US Airways] regularly required employees to work through their meal periods without proper compensation. [US Airways] did not employ sufficient Fleet Service Agents in order for them to take proper meal periods when the flight schedules got busy." (1AC ¶ 66; 2AC ¶ 60.) Both complaints also allege that the automatic meal period deduction resulted in unlawfully withheld wages and underpayment of wages. (1AC ¶ 60; 2AC ¶ 50(d).) The 1AC and 2AC differ only in the wage claims made: the 1AC claims that the alleged meal period violations resulted in unpaid overtime (1AC ¶ 61), and the 2AC alleges that the same violations resulted in unpaid wages and minimum wage (2AC ¶ 60).

---

[3] Plaintiffs' 2AC also alleges under the second cause of action that US Airways violated California Labor Code § 1174. (2AC ¶ 61.) This Court clearly dismissed this claim with prejudice along with the meal period claim: "Plaintiffs claim that Defendant failed to maintain records pertaining to meal periods in violation of California Labor Code Section 1174 . . . . This assertion is dependent on the meal period and rest break violation claims found to be preempted [by the ADA]." (Feb. 19 Order at 14 n.8.)

[4] The Court concluded that the 1AC's meal period claim – which constitutes the allegations underlying the 2AC's second cause of action – was preempted by the Airline Deregulation Act and dismissed the claim with prejudice. (Feb. 19 Order at 16.)

This Court dismissed with prejudice Plaintiffs' overtime claim insofar as it was predicated on meal period violations. (Feb. 19 Order at 7 &13.) In doing so, this Court described the facts underlying the overtime claim: "Defendant failed to schedule meal periods for FSAs, or failed to relieve them of all duties to allow them to take a proper meal period, but automatically deducted thirty-minutes from their working hours daily for a meal period." (*Id.* at 3.) The dismissal was based on Plaintiffs' failure to respond to US Airways' argument that this claim was preempted by the RLA because it would require the interpretation of the CBA's meal period language. (*Id.* at 7.) This Court concluded that Plaintiffs conceded that the RLA preempts such claims. (*Id.*)

There is no material difference between Plaintiffs' overtime and minimum wage claims – they rely on the same facts, they rely on the same language in the Plaintiffs' complaints, and they would involve the analysis of the same issue (*i.e.*, did Plaintiffs work off the clock during meal periods?). Plaintiffs' attempt at a second bite at the apple should be rejected because "sound policy" dictates "that when an issue is once litigated and decided, that should be the end of the matter." *United States v. U.S. Smelting Ref. & Mining Co.*, 339 U.S. 186, 198 (1950). Courts have rejected such attempts in similar circumstances. *See Vickery v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) (affirming the district court's decision to deny plaintiff's motion for leave to amend his first amended complaint when the proposed new cause of action "rested on the same facts . . . but a new legal theory" as a cause of action that had been dismissed); *W. Parcel Express v. United Parcel Serv. of Am., Inc.*, No. C 96-1526 CAL, 1996 WL 756858, at *3 (N.D. Cal. Dec. 3, 1996) (dismissing claims with prejudice when an amended complaint failed to cure the deficiencies identified in a prior complaint). Plaintiffs remain bound by the February 19 Order and the 2AC's second cause of action should be dismissed.

**B. The Entirety of Plaintiffs' Minimum Wage Claim Is Preempted by the RLA Because Adjudicating the Claim Would Require This Court to Interpret the Parties' CBA**

To the extent that this Court does not agree that Plaintiffs' second cause of action is precluded by the February 19 Order, then the cause of action should be dismissed because it is preempted by the RLA. Under the RLA, interpretation of a CBA lies within the exclusive jurisdiction of arbitrational bodies mandated by the RLA. *See Saridakis v. United Airlines*, 166

F.3d 1272, 1276 (9th Cir. 1999); *Espinal v. Nw. Airlines*, 90 F.3d 1452, 1458-59 (9th Cir. 1996). Accordingly, state law claims are preempted by the RLA when their resolution requires interpretation or application of a CBA. *See Saridakis*, 166 F.3d at 1277-78; *Espinal*, 90 F.3d at 1456; *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 11 (1st Cir. 2001). In the instant case, adjudication of Plaintiffs' minimum wage claim will necessarily involve interpreting the parties' CBA because this Court will have to determine whether or not a compliant meal period occurred in order to determine whether or not the Plaintiffs should have been paid for the time. To do so, this Court will have to identify the relevant provisions regarding meal periods, ascertain how those provisions are applied by the parties, and then compare the meaning and application of those provisions to the requirements of California law. Courts have recognized that this analysis requires the interpretation and application of the operative CBA and such claims are therefore preempted. *See Fitz-Gerald v. SkyWest Airlines, Inc.*, 155 Cal. App. 4th 411, 421 (2007); *Blackwell v. SkyWest Airlines, Inc.*, No. 06cv03076, 2008 WL 5103195, at *12 (S.D. Cal. Dec. 3, 2008); *see also Adames*, 258 F.3d at 13-15.

The CBA that governs the employment of Plaintiffs and the putative class of California-based Fleet Service Agents contains detailed provisions governing meal periods and the compensation of missed meal periods. (Harbinson Decl. ¶ 4, Ex. A Art. 5, p. 17.)[5] Regarding the implementation of meal periods, for example, the CBA provides certain employees with an unpaid, thirty-minute meal period and states that "[t]he Company will make every effort to schedule meal periods" within certain time parameters. (*Id.*) The CBA also states that employees will receive premium pay "[i]f unable to take a meal period due to Company requirements." (*Id.* (emphasis added).) These meal period provisions that reference US Airways' intention to "make every effort" and US Airways' "requirements" necessitate a rigorous interpretation and examination of both the explicit and the implied terms of US Airways' meal periods customs and practices. Accordingly, Plaintiffs' minimum wage claim – if allowed to proceed – would center on interpretative disputes regarding the meaning and application of these provisions, and how this

[5] This Court found that "both of the operative CBAs contain provisions indicating that they were entered into in accordance with the provisions of the RLA." (Feb. 19 Order at 8.)

meaning and application aligns (or fails to align) with California law. *See Fitz-Gerald*, 155 Cal. App. 4th at 421; *Blackwell*, 2008 WL 5103195, at *12. This is prohibited by the RLA.

Indeed, the California Supreme Court recognizes that adjudicating meal period claims requires courts to resolve disputes about not only what written policies mean, but also how they are applied. *See Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1020 (2012); *see also Hernandez v. Vitamin Shoppe Indus., Inc.*, 174 Cal. App. 4th 1441, 1445 (2009). In the context of RLA preemption, courts have also recognized that analysis of the parties' practices pursuant to the written CBA is a part of analyzing the CBA itself. Accordingly, preemption is not limited to situations where the written CBA must be interpreted, but also extends to situations where the Court must inquire into implicit meal and rest break guidelines and practices pursuant to the CBA. *See Blackwell*, 2008 WL 5103195, at *14 (noting that CBAs can include implied terms of practice, usage, and custom that need to be interpreted to determine industry norms and safety standards regarding meal and rest periods); *Consol. Rail Corp. v. Ry. Labor Execs.' Ass'n*, 491 U.S. 299, 311 (1989) (recognizing that the "the parties' practice, usage, and custom" is relevant to interpreting the CBA). In this case, the Court would have to inquire into not only the written words of the CBA but also the practices on the ground regarding meal and rest breaks – particularly, how the terms "every effort" and "Company requirements" are applied. This inquiry qualifies as "interpreting the CBA" and will, therefore, trigger RLA preemption.

For these reasons, this Court will be unable to adjudicate Plaintiffs' minimum wage claim without interpreting and applying the parties' CBA. Accordingly, Plaintiffs' minimum wage claim is preempted by the RLA and should be dismissed with prejudice.[6]

---

[6] The body of case law finding that discrimination claims are not preempted by the RLA does not change this conclusion. *See, e.g.*, *Espinal*, 90 F.3d at 1457. Such cases can usually be resolved "entirely separate from the CBA." This is not true of wage/hour claims because wage/hour claims involve rights that are a product of both state law and private agreement, and because state law requires courts to interpret and apply the employer's policy in order to adjudicate plaintiffs' claims.

**II. PLAINTIFFS' CAUSES OF ACTION FOR INACCURATE WAGE STATEMENTS, WAITING TIME PENALTIES, AND FOR VIOLATIONS OF THE UCL AND PAGA MUST ALSO BE DISMISSED TO THE EXTENT THEY RELY ON PLAINTIFFS' OTHER DEFICIENT CAUSES OF ACTION**

As successfully argued in US Airways' initial Motion to Dismiss, Plaintiffs' causes of action for inaccurate wage statements (third cause of action), waiting time penalties (fifth cause of action), violation of the UCL (sixth cause of action), and violation of PAGA (seventh cause of action) must all be dismissed insofar as they rely on the causes of action this Court deems deficient. *See, e.g., Blackwell*, 2008 WL 5103195, at *19-20 (dismissing a cause of action based on another cause of action that was dismissed); *Fitz-Gerald*, 155 Cal. App. 4th at 420-21 (same). (Motion to Dismiss [Doc. No. 6] at 13-15.) This Court agreed with this argument, and held that all these causes of action should be dismissed with prejudice to the extent they were based on deficient claims that were dismissed. (Feb. 19 Order at 16-19.)[7] Because Plaintiffs' second cause of action for unpaid minimum wages is precluded by this Court's prior Order and is preempted by the RLA, these remaining causes of action should be dismissed with prejudice to the extent they are predicated on the deficient second cause of action.

**CONCLUSION**

For the foregoing reasons, US Airways respectfully requests that this Court dismiss Plaintiffs' second cause of action (unpaid minimum wage). US Airways further requests that the third cause of action (failure to furnish accurate wage statements), fifth cause of action (waiting time penalties), sixth cause of action (unfair competition), and seventh cause of action (PAGA) be dismissed to the extent they are predicated on the deficient second cause of action.

---

[7] Specifically, this Court held: (i) "To the extent this claim [for waiting time penalties] is based on Plaintiffs' meal period and rest break claims, it should be dismissed because those claims are preempted by the ADA. . . . Defendant's Motion to Dismiss is GRANTED and Plaintiffs' [waiting time penalties] claim is DISMISSED WITH PREJUDICE insofar as the claim is based on Plaintiffs' meal period overtime, meal period, and rest break claims"; (ii) "Plaintiffs' UCL claim is DISMISSED WITH PREJUDICE insofar as it is predicated on Plaintiffs' meal period overtime, meal period, and rest break claims"; and (iii) "Plaintiffs' [PAGA] claim is DISMISSED WITH PREJUDICE insofar as it is predicated on Plaintiffs' meal period overtime, meal period, and rest break claims." (Feb. 19 Order at 17-19.)

Dated: March 29, 2013

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY

By: /s/ Adam P. KohSweeney
Adam P. KohSweeney
Attorneys for Defendant US Airways, Inc.