Arlo Garcia Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Mateo, CA 94110
Telephone: (415) 695-1000
Facsimile:  (415) 695-1006

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No.: CV-12-05860 CRB<br><br>CLASS ACTION<br><br>**PLAINTIFFS' RESPONSE TO MOTION TO DISMISS SECOND CAUSE OF ACTION**<br><br>Date:  May 10, 2013<br>Time: 10:00 a.m.<br>Courtroom:  6, 17th Floor<br><br>ASSIGNED FOR ALL PURPOSES TO: HON. CHARLES R. BREYER |

PLAINTIFFS Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs"), hereby submit their response to Defendant US Airways, Inc.'s ("US Airways")motion to dismiss second cause of action in Plaintiffs' Second Amended Complaint under Fed. Rule of Civ. Proc. § 12(b)(1) and (6).

# TABLE OF CONTENTS

**INTRODUCTION & PROCEDURAL POSTURE** .......... 5

**RELEVANT STATEMENT OF FACTS FROM THE SECOND AMENDED COMPLAINT** .......... 6

**ARGUMENT** .......... 8

   I.  PLAINTIFFS' SECOND CAUSE OF ACTION IN THE SECOND AMENDED COMPLAINT IS NOT PRECLUDED BY THE COURT'S PRIOR RULING BECAUSE THE MINIMUM WAGE CLAIM WAS NOT AT ISSUE AND BECAUSE THE MINIMUM WAGE THEORY IS A SEPARATE RIGHT. .......... 9

      A.  THE FEBRUARY 19 ORDER HELD THAT PLAINTIFFS' OVERTIME CLAIM PREMISED ON AUTOMATIC 30 MINUTE DEDUCTIONS IS PREEMPTED BECAUSE PLAINTIFFS FAILED TO ARGUE AGAINST DEFENDANTS' PREEMPTION POSITION. .......... 9

      B.  PLAINTIFFS' MINIMUM WAGE THEORY VINDICATE SEPARATE FUNDAMENTAL STATE RIGHTS. .......... 10

      C.  THE CASES US AIRWAYS CITE CONCERNING AMENDMENTS TO THE COMPLAINT ARE EITHER INAPPLICABLE OR SUPPORT PLAINTIFFS' POSITION. .......... 10

   II.  RESOLUTION OF PLAINTIFFS' MINIMUM WAGE THEORY WILL NOT REQUIRE ANY INTERPRETATION OF ANY MEAL PERIOD PROVISIONS IN THE CBA BUT INSTEAD ON STATE STATUTES. .......... 12

      A.  PLAINTIFFS' MINIMUM WAGE THEORY DOES NOT REQUIRE THIS COURT TO INTERPRET THE CBA BUT ONLY TO CALCULATE UNPAID MINIMUM WAGE. .......... 12

      B.  AN OFF-THE-CLOCK MINIMUM WAGE CLAIM SIMILAR TO THAT IN THIS CASE HAS BEEN HELD TO BE NOT PREEMPTED BY THE RLA. .......... 13

**CONCLUSION** .......... 14

# TABLE OF AUTHORITIES

**Cases**

American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995) ...................................................... 11

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ........................................................................... 8

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) .................................................... 8

Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007) .................................. 12

Cruz v. Sky Chefs, Inc., 2012 U.S. Dist. LEXIS 181321 (N.D. Cal. Dec. 21, 2012) .............. 13

Espinal v. Nw. Airlines, 90 F.3d 1452, 1456 (9th Cir. 1996) ................................................ 12

Ford Motor Co. v. Labor Board, 305 U.S. 364 ..................................................................... 11

Gregory v. SCIE, LLC, 317 F.3d 1050, 1052 (9th Cir. 2003) ............................................... 12

Gregory, 317 F.3d at 1053 & nn.3-4 .................................................................................... 14

Hawaiian Airlines, 512 U.S. at 256 ...................................................................................... 12

Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003) .............................................. 8

Insurance Group v. Denver & R. G. W. R. Co., 329 U.S. 607 ............................................. 10

Lara, 2011 U.S. Dist. LEXIS 110046 .................................................................................. 14

Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 ....................................................... 12

Messenger v. Anderson, 225 U.S. 436, 444 ......................................................................... 10

Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007) ..................................................... 8

United States v. U.S. Smelting Refining & Mining Co., 339 U.S. 186, 198-199 (U.S. 1950) .. 10

Vickery v. Fisher Governor Co., 417 F.2d 466 (9th Cir. Cal. 1969) .................................... 11

Western Parcel Express v. UPS of Am., 1996 U.S. Dist. LEXIS 18138, 5-8 (N.D. Cal. Dec. 3, 1996) ................................................................................................................................. 11

Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998) ............ 8

**Statutes**

Fed. R. Civ. P. 12(b)(6). ......................................................................................................... 8

Fed. R. Civ. P. 15 .................................................................................................................... 8

Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq. ................................................. 9, 12, 13

**Additional SUMMARY OF ARGUMENT
& Reference to Important Cases
Pursuant to this Court's Standing Order dated July 6, 2012**

THE MINIMUM WAGE CLAIM WAS NOT AT ISSUE IN THE PRIOR MOTION TO DISMISS AND THE MINIMUM WAGE THEORY IS NEW AND A SEPARATE RIGHT.
 Fed. R. Civ. P. 15; Cal. Labor Code 510 and 1194;  Labor Code §§ 1194 and 1194.2, 1197 and IWC Wage Order 9, Section 4.

THE CASES US AIRWAYS CITE CONCERNING AMENDMENTS TO THE COMPLAINT ARE EITHER INAPPLICABLE OR SUPPORT PLAINTIFFS' POSITION.

RESOLUTION OF PLAINTIFFS' MINIMUM WAGE THEORY WILL NOT REQUIRE ANY INTERPRETATION OF THE CBA BUT INSTEAD A CALCULATION OF WAGES OWED.

 Gregory v. SCIE, LLC, 317 F.3d 1050, 1052 (9th Cir. 2003)
 Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007)

AN OFF-THE-CLOCK MINIMUM WAGE CLAIM HAS BEEN HELD TO BE NOT PREEMPTED BY THE RLA.

 Cruz v. Sky Chefs, Inc., 2012 U.S. Dist. LEXIS 181321 (N.D. Cal. Dec. 21, 2012)

# INTRODUCTION & PROCEDURAL POSTURE

Defendant US Airways' second motion to dismiss focuses only on Plaintiffs' second cause of action for minimum wage violation. Plaintiffs' second cause of action relates to an "off-the-clock" practice which results from work Fleet Service Agents ("FSA") perform during their 30-minute meal periods. Plaintiffs' theory is that FSAs are not paid any wages for times when US Airways requires them to work during a period of time FSAs are off-the-clock.

The parties stipulated to the filing of the Second Amended Complaint (SAC) and Plaintiffs sought leave to file their SAC after this Court's February 19, 2013, Order [Doc. 23] ("February 19 Order) on Defendant's first motion to dismiss.

The First Amended Complaint ("FAC") did not have any allegation concerning a minimum wage "off-the-clock" theory. As such, this Court's February 19 Order did not address any such claims.

This Court dismissed with prejudice Plaintiffs' overtime claim as it relates to the meal period theory (automatic 30-minute deduction) in its February 19 Order that but let stand Plaintiffs overtime claim as it relates to US Airways' practice of shift trades.

Pursuant to this Court's February 19 Order, Plaintiffs amended the FAC and removed all causes of action dismissed by that Order. The SAC removed causes of action related to overtime compensation as it relates to the practice of automatically deducting 30 minutes from each work day; meal and rest break violations; and, Plaintiffs amended their allegations concerning failure to provide accurate itemized wage statements to reflect the necessary injury requirement as outlined in this Court's February 19 Order.

The parties have exchanged initial disclosures, Plaintiffs have served their first set of discovery, including deposition notices. Plaintiffs' counsel met and conferred with counsel for US Airways on discovery regarding off-the-clock unpaid wages that may have occurred. It is US Airways' position that the scope of discovery is limited to issues defined by allegations in the SAC. Declaration of Arlo Uriarte, paragraph 2.

US Airways filed their current motion to dismiss after being served with the SAC. Although the Docket order has the SAC after their motion, Plaintiff has not been prejudiced and agree that US Airways motion replies to the SAC filed as Docket 30.

### RELEVANT STATEMENT OF FACTS FROM THE
### SECOND AMENDED COMPLAINT

Plaintiffs Joseph Timbang Angeles and Noe Lastimosa were employed as part-time and full-time ramp agents at San Francisco International Airport by Defendants. Mr. Angeles has been laid off since June 2012, while Mr. Lastimosa is still employed by Defendants. *FAC ¶¶ 8-9.*

Defendant US Airways along with US Airways Shuttle and US Airways Express, operates flights and serves passengers in several airports in California, including San Francisco, San Jose, Oakland, Sacramento, Monterey, Fresno, Bakersfield, San Luis Obispo, Santa Barbara, Santa Ana, Palm Springs, Los Angeles and San Diego. *FAC ¶ 18.*

Plaintiffs are designated as "Fleet Service Agents" and are required to clock in and clock out each work day. *FAC ¶¶ 19.* Fleet Service Agents are assigned a schedule for morning (a.m.) shifts and afternoon/evening (p.m.) shifts. Fleet Service Agents are allowed to 'pick-up shifts' from other Fleet Service Agents; to pick-up shift means to add shifts to pre-assigned daily schedules. By picking up shifts part-time and full-time Fleet Service Agents are able to increase the number of daily and weekly hours worked. *FAC ¶ 20.*

With regard to the allegations of "off-the-clock" work and failure to pay minimum wage, the SAC states the following:

> 36. Fleet Service Agents are not required to clock in and clock out during meal periods. Instead, DEFENDANTS engage in a uniform policy and practice of deducting 30 minutes of each work day from the total hours worked by every Fleet Service Agent to account for time that Fleet Service Agents are expected to take a meal period.
>
> 37. Changes in flight schedules, under staffing, and other factors causes Fleet Service Agents to work through their designated meal periods at the request of their supervisors, lead agents and managers (agents of DEFENDANTS).
>
> 38. DEFENDANTS failed to reimburse or pay Fleet Service Agents wages during those periods that Fleet Service Agents do not take meal periods because of DEFENDANTS' needs or requests.
>
> 39. DEFENDANTS' uniform practice and policy is to deduct 30 minutes for each day of work by Fleet Service Agents but DEFENDANTS do not have a practice and/or policy with regard to paying wages or not

deducting 30 minutes when Fleet Service Agents are not able to take the meal period at the request of DEFENDANTS.

40.     DEFENDANTS' failure to have a practice and policy of reimbursing or paying for Fleet Service Agents who do not take their meal periods because DEFENDANTS knowingly asks Fleet Service Agents to work through their meal periods results in the underpayment of wages and failure to pay minimum wage.

The allegations above are very different from the meal period overtime theory that was dismissed in the Court's Feb. 19 Order. Instead, the allegations above seek to vindicate a very different right these FSA's have – that of being paid at least minimum wage and for all hours worked, when requested to do so by US Airways. That right is pleaded in the following manner:

## SECOND CAUSE OF ACTION
## FAILURE TO PAY WAGES & MINIMUM WAGE

57.     PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

58.     Pursuant to Labor Code §§ 1194 and 1194.2 and IWC Wage Order 9, Section 4, notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage, liquidated damages, including interest thereon, reasonable attorney's fees, and costs of suit.

59.      In any action under Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.  See Labor Code § 1194.2.

60.     As a pattern and practice, DEFENDANTS regularly required employees to work through their meal periods without proper compensation.  DEFENDANTS did not employ sufficient Fleet Service Agents in order for them to take proper meal periods when the flight schedules got busy.  This policy of requiring employees to work through their meal periods and not paying any wages for those thirty minutes is a violation of California law, in that there is a failure to pay wages and minimum wage.

61. As a pattern and practice, in violation of the aforementioned labor laws and wage orders, PLAINTIFFS are informed and believes and based thereon alleges DEFENDANTS did not properly maintain records pertaining to when PLAINTIFFS did not take a meal period because they were requested to work through the meal period in violation of California Labor Code §1174.

62. Such a pattern, practice and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the PLAINTIFFS and the class identified herein, in a civil action, for the unpaid balance of the wages and minimum wage withheld from Fleet Service Agents.

Thus, the second cause of action seeks rights and remedies related to the practice of not paying minimum wage when US Airways requests that FSAs work during the time when they are "off-the-clock" because the timekeeping system automatically logs them out despite actually working.

## ARGUMENT

A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). Dismissal is proper where a cause of action fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). On a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Wyler-Summit P'ship v. Turner Broad. Sys., Inc., 135 F.3d 658, 661 (9th Cir. 1998). A complaint should not be dismissed without leave to amend unless it is clear that the claims could not be saved by amendment. Swartz v. KPMG LLP, 476 F.3d 756, 760 (9th Cir. 2007).[1]

Fed. R. Civ. P. 15 states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Here, Plaintiff sought leave to file the Second Amended Complaint which was

---

[1] Paragraph copied from page 5 of this Court's February 19 Order.

granted by the Court.[2]

### I. PLAINTIFFS' SECOND CAUSE OF ACTION IN THE SECOND AMENDED COMPLAINT IS NOT PRECLUDED BY THE COURT'S PRIOR RULING BECAUSE THE MINIMUM WAGE CLAIM WAS NOT AT ISSUE AND BECAUSE THE MINIMUM WAGE THEORY IS A SEPARATE RIGHT.

US Airways argues that Plaintiffs attempt a "second bite at the apple" because "sound policy dictates that once an issue is once litigated and decided that should be the end of the matter." Motion, page 5, lines 12-14. Plaintiffs agree. But here, we have two different statutes and different set of facts. US Airways would like for us to be confused on the matter. Therefore, the policy quoted is not applicable here. First, we are in the pleading stage, no discovery has began, no summary judgment, no trial (has not been litigated). Second, Plaintiffs' second cause of action seeks minimum wage remedies, not dealt with, nor alleged in the FAC. Third, the focus of the facts is not whether or not meal periods were taken or provided, but instead, whether FSAs were not paid for time they were actually working.

#### A. THE FEBRUARY 19 ORDER HELD THAT PLAINTIFFS' OVERTIME CLAIM PREMISED ON AUTOMATIC 30 MINUTE DEDUCTIONS IS PREEMPTED BECAUSE PLAINTIFFS FAILED TO ARGUE AGAINST DEFENDANTS' PREEMPTION POSITION.

This Court did not rule in its February 19 Order that no claim related to US Airways' practice of automatically deducting 30 minutes from each work day can exist. Instead, the Court held that Plaintiffs conceded that the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq. preemption argument by failing to respond meaningfully to Defendant's RLA preemption challenge. US Airways had argued that the RLA preempts Plaintiffs' overtime claim with respect to both Plaintiffs' meal period and shift trade theories. "Plaintiffs, however, have failed to respond to the argument, either in their briefing or at oral argument. The failure to respond amounts to a concession." *February 19 Order, page 7 lines 1-15*.

This is a material distinction because in no way did this Court indicate that Plaintiffs

---

[2] See Court's Docket 23.

cannot amend their complaint related to US Airway's practice of automatically deducting 30 minutes from each workday of the FSA.  Nor did this Court address "off-the-clock" or minimum wage allegations.  This Court was specifically addressing Plaintiffs' meal period overtime theory.  *Id.*

### B. <u>PLAINTIFFS' MINIMUM WAGE THEORY VINDICATE SEPARATE FUNDAMENTAL STATE RIGHTS.</u>

US Airways argue that "there is no material difference between Plaintiffs' overtime and minimum wage claims" because they rely on the same language, "i.e., did Plaintiffs work off the clock during meal periods?"  <u>Motion, page 5, line 9.</u>

It is axiomatic to say that from the same set of facts and transactions can come several rights and remedies.  For example, a worker who works from 7:45 a.m. to 4:30 p.m. but only paid for 8 hours of work, may have not only an unpaid minimum wage claim but also an overtime claim.  From the same set of facts, can come other causes of action as well, including a meal period claim.  If the Court dismisses the meal period claim, it does not follow that the minimum wage claim or other claims necessarily fall alongside it.

These FSA's have rights associated with overtime – Cal. Labor Code 510 and 1194 and independently, have rights to be paid at least minimum wage in California, found in Labor Code §§ 1194, 1194.2, 1197 and IWC Wage Order 9, Section 4.  These are independent rights created by statute, related, but independently important and for which remedies may be properly sought.

### C. <u>THE CASES US AIRWAYS CITE CONCERNING AMENDMENTS TO THE COMPLAINT ARE EITHER INAPPLICABLE OR SUPPORT PLAINTIFFS' POSITION.</u>

Defendant relies on a quotation found in <u>United States v. United States Smelting Refining & Mining Co.</u>, 339 U.S. 186, 198-199 (U.S. 1950) that states "The rule of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter."  Citing <u>Messenger v. Anderson</u>, 225 U.S. 436, 444; <u>Insurance Group v. Denver & R. G. W. R. Co.</u>, 329 U.S. 607, 612.  But <u>US Smelting Refining</u> went on to say in the very next line: "It is not applicable here because when the case was first remanded, nothing was finally decided. The whole proceeding thereafter was *in fieri*. The Commission had

a right on reconsideration to make a new record." Ford Motor Co. v. Labor Board, 305 U.S. 364, 374-75.   The Supreme Court continued by saying "When finally decided, all questions were still open and could be presented." Id.

In Vickery v. Fisher Governor Co., 417 F.2d 466 (9th Cir. Cal. 1969) the court affirmed the order of the district court that granted appellee corporation's motion for summary judgment and denied appellant developer's motion to set aside summary judgment and to allow a new trial in his action alleging that appellee violated a sales agreement and breached its fiduciary duty. The trial judge gave the contract the practical meaning placed upon it by the parties and his reading of the contract was not unreasonable.

The Ninth Circuit held that although Fed.R.Civ.P. 15(a) requires leave of court, it "shall be freely given when justice so requires."  In Vickery though, the appellant requested leave, a month after summary judgment was entered against him, and two years after the initial filing of the lawsuit.  The Ninth Circuit held that its own scrutiny of the record and appellant's briefs does not reveal any basis in law or policy for reversal of this ruling denying amendment to the complaint.  Vickery at 470-471.

Similarly, Western Parcel Express v. UPS of Am., 1996 U.S. Dist. LEXIS 18138, 5-8 (N.D. Cal. Dec. 3, 1996) is also not helpful to US Airways.  In that case, Plaintiff attempted to amend the complaint in an unsuccessful attempt to bring this case within the exception to preemption recognized in American Airlines, Inc. v. Wolens, 513 U.S. 219 (1995). The Court held that the Wolens exception is inapplicable to that case.  Because the Amended Complaint did not cure any of the deficiencies identified in the original complaint, plaintiff's Fourth and Fifth Claims for Relief was again dismissed because they were preempted. The district court held that because the defects that continue to plague the Amended Complaint demonstrate that WPX is incapable of curing the deficiencies identified in its original complaint, the Court denied the amendments.  Id. at 5-8.

Here, Plaintiffs have cured the deficiencies outlined in the February 19 Order, are alleging a different cause of action and therefore, WPX is distinguishable.  Also, Plaintiffs have cured the amended complaint and brought it within the holding as found in this Court's February

19 Order. Adjudication of the minimum wage claim, just as that of the overtime shift trade theory will entail a calculation of the hours worked not interpretation of the CBA.

## II. RESOLUTION OF PLAINTIFFS' MINIMUM WAGE THEORY WILL NOT REQUIRE ANY INTERPRETATION OF ANY MEAL PERIOD PROVISIONS IN THE CBA BUT INSTEAD ON STATE STATUTES.

This Court engaged in a clear analysis explaining the distinction between having to interpret the CBA to arrive at a method of calculating damages or merely consulting or referring to the CBA in calculating the wages owed. This Court stated that:

> In determining whether or not RLA preemption applies, courts must inquire into the source of the right asserted by the plaintiff. Espinal v. Nw. Airlines, 90 F.3d 1452, 1456 (9th Cir. 1996). When a plaintiff's right is grounded in the CBA, meaning that resolving the dispute requires interpretation or application of the CBA, the claim is preempted. See Hawaiian Airlines, 512 U.S. at 256. In contrast, when the right asserted is independent of the CBA, the RLA's mechanism for resolving disputes does not preempt the cause of action. Id. Therefore, the RLA preempts a state law claim "if it is dependent on the interpretation of a [CBA]." Espinal, 90 F.3d at 1456 (citing Lingle v. Norge Div. of Magic Chef, Inc., 486 U.S. 399 (1988)). The Ninth Circuit has further clarified that simply consulting a CBA does not require preemption if the meaning of a contract term is not in dispute. Gregory v. SCIE, LLC, 317 F.3d 1050, 1052 (9th Cir. 2003). Furthermore, referring to a CBA to ascertain bargained-for wage rates does not warrant preemption. Burnside v. Kiewit Pac. Corp., 491 F.3d 1053, 1060 (9th Cir. 2007).

### A. PLAINTIFFS' MINIMUM WAGE THEORY DOES NOT REQUIRE THIS COURT TO INTERPRET THE CBA BUT ONLY TO CALCULATE UNPAID MINIMUM WAGE.

Defendant also argues that Plaintiffs' minimum wage claim is preempted by the RLA because adjudicating the claim would require this Court to interpret the parties' CBA. This is not so.

Plaintiffs' allege that US Airways has a practice of not paying for time worked during a period when they are off-the-clock – amounting to a failure to pay minimum wage. In order to adjudicate this claim, Plaintiffs would have to engage in the calculation of wages. This type of

calculation is one that is permissible, as pointed out by this Court's February 19 Order, in relation to the overtime claim shift trade theory. As this Court stated:

> [US Airways'] argument is unconvincing. It is not necessary for the Court to interpret this provision to determine if Defendant failed to pay proper overtime wages to FSAs. Whether or not Defendant complied with this provision, or even what this provision means in relation to state law, is immaterial to the Court's determination of proper overtime compensation. Resolving Plaintiffs' overtime claim only requires the Court to determine how many hours Plaintiffs worked and what Plaintiffs' wages were in relation to those set forth by state law.

Similar to Plaintiffs' shift trade overtime claim, the minimum wage theory will require no exercise of CBA interpretation. US Airways is mistaken when it argues that "Plaintiffs' minimum wage claim will necessarily involve interpreting the parties CBA because this Court will have to determine whether or not a compliant meal period occurred." Motion, page 6, Docket 28.

Instead, the proper inquiry is whether or not work was being performed when the FSAs are "off-the-clock." Plaintiffs' minimum wage allegation centers on the theory that while US Airways has a policy of automatically deducting 30 minutes from each work day, when the FSA are requested to work during those 30 minutes by US Airways, the FSA are not paid for the time worked. The focus is not on whether meal periods were properly taken but on those times that US Airways "suffered" FSA to work during times when they were "off-the-clock."

### B. AN OFF-THE-CLOCK MINIMUM WAGE CLAIM SIMILAR TO THAT IN THIS CASE HAS BEEN HELD TO BE NOT PREEMPTED BY THE RLA.

In Cruz v. Sky Chefs, Inc., 2012 U.S. Dist. LEXIS 181321 (N.D. Cal. Dec. 21, 2012) Defendant Sky Chefs, Inc. moved pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Plaintiff Cesar Cruz's class action complaint for lack of subject matter jurisdiction, arguing that all of Plaintiff's claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et seq.

Plaintiff's right to bring the minimum wage claim was the sole claim in dispute and the district court was asked to determine whether resolution of the claim is substantially dependent

1  on analysis of the CBA.  <u>Cruz</u> at 9-10.

2  In <u>Cruz</u>, Plaintiff's minimum wage claim alleges that, due to Defendant's allegedly illegal rounding of the time employees clocked in and out, Defendant failed to pay Plaintiff and putative class members minimum wages for all hours worked. The district court held that resolution of this dispute turns merely on the number of hours worked by Plaintiff and putative class members, and whether they received the minimum wage for that time.  Citing <u>Gregory</u>, 317 F.3d at 1053 & nn.3-4; <u>Lara</u>, 2011 U.S. Dist. LEXIS 110046, 2011 WL 4480167, at *4.  Therefore, the district court in <u>Cruz</u> held that the court will not have to interpret the CBA to resolve the claim. The RLA therefore does not preempt the claim.

## CONCLUSION

Plaintiffs followed this Court's February 19 Order and amended their complaint accordingly. Plaintiffs removed those causes of action that were deemed to be preempted. Plaintiffs request that they be allowed to maintain their new theory – that of "off-the-clock" minimum wage claim givent aht Plaintiffs do not deviate from this Court's reasoning concerning preemption.

For the foregoing reasons, Plaintiffs respectfully request that US Airways' second motion to dismiss be denied in its entirety.

Dated:  April 12, 2013                LIBERATION LAW GROUP, P.C.

By:_____
    Arlo Garcia Uriarte
    Attorney for PLAINTIFFS