1  ROBERT A. SIEGEL (S.B. #64604)
   rsiegel@omm.com
2  O'MELVENY & MYERS LLP
   400 South Hope Street, 18th Floor
3  Los Angeles, CA 90071-2899
   Telephone: 213-430-6000
4  Facsimile: 213-430-6407

5  ADAM P. KOHSWEENEY (S.B. #229983)
   akohsweeney@omm.com
6  O'MELVENY & MYERS LLP
   Two Embarcadero Center, 28th Floor
7  San Francisco, CA 94111-3823
   Telephone: 415-984-8912
8  Facsimile: 415-984-8701

9  Attorneys for Defendant
   US Airways, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JOSEPH TIMBANG ANGELES, NOE LASTIMOSA, on behalf of themselves and on behalf of others similarly situated, and the general public,<br><br>　　　　　　　　Plaintiffs,<br><br>　　v.<br><br>US AIRWAYS, INC., and DOES 1 through 50,<br>　　　　　　　　Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**REPLY OF DEFENDANT US AIRWAYS, INC. TO PLAINTIFFS' OPPOSITION TO MOTION TO DISMISS SECOND CAUSE OF ACTION IN PLAINTIFFS' SECOND AMENDED COMPLAINT UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) and (6)**<br><br>Hearing Date: May 10, 2013<br>Time: 10:00 A.M.<br>Courtroom: 6<br>Judge: Hon. Charles R. Breyer |

**PRELIMINARY STATEMENT**

In its Motion to Dismiss the Second Cause of Action, dated March 29, 2013 [Doc. No. 28] ("Motion to Dismiss"), Defendant US Airways, Inc. ("US Airways") demonstrated that the second cause of action in the Second Amended Complaint ("2AC") should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and/or (6).  The Motion to Dismiss provided two independently sufficient arguments in support of this conclusion:  (i) the second cause of action is precluded by this Court's February 19, 2013, Order [Doc. 23] (the "February 19 Order"), which dismissed a factually identical claim with prejudice; and/or (ii) the second cause of action cannot be adjudicated without interpreting the parties' collective bargaining agreement and is therefore preempted by the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA").  Plaintiffs' Response to Motion to Dismiss, dated April 12, 2013 [Doc. No. 31] (the "Opposition") ignores several of US Airways' arguments and responds to the others with conclusory statements that do not address the specific analyses set out in the Motion to Dismiss.  Accordingly, as discussed more fully below, Plaintiffs' second cause of action should be dismissed.

*First*, the Opposition fails to address US Airways' argument that the second cause of action is precluded by the February 19 Order's dismissal of the meal period overtime claim asserted in Plaintiffs' First Amended Complaint ("1AC") because it is premised on facts identical to those upon which the overtime claim relied – that, according to Plaintiffs, they were not compensated for working through meal periods at US Airways' request.  This Court dismissed the overtime claim.  Plaintiffs do not dispute that the facts alleged in support of both claims are identical, nor do they dispute that both claims involve the same preemption analysis.  Instead, Plaintiffs argue that dismissal of the overtime claim does not preclude the minimum wage claim because these claims are based on "separate" rights.  This assertion, however, fails to explain how the adjudication of these claims would differ such that Plaintiffs should be allowed a second bite at the apple.  Because there is no material difference between these claims, the minimum wage claim is precluded by the February 19 Order and, therefore, the Motion to Dismiss should be granted.

*Second*, the Motion to Dismiss explained that, to the extent this Court chooses to revisit

- 1 -
REPLY OF US AIRWAYS, INC. TO OPP.
CASE NO. 3:12-CV-05860 CRB

1  RLA preemption of Plaintiffs' meal period claim, the second cause of action should be dismissed
2  because it requires interpretation and application of the parties' CBA.  In order to adjudicate the
3  minimum wage claim, this Court will first have to determine whether a compliant meal period
4  was provided – which this Court cannot do without comparing the CBA's provisions and
5  application to California meal period requirements.  Although Plaintiffs assert that no CBA
6  interpretation is required to resolve this claim, Plaintiffs fail to address the specific CBA
7  provisions and case law cited in the Motion to Dismiss and fail to explain *how* the claim could be
8  adjudicated without resort to the CBA.  Plaintiffs' reliance on *Cruz v. Sky Chefs, Inc.*, No. C 12-
9  02705 DMR, 2012 U.S. Dist. LEXIS 181321 (N.D. Cal. Dec. 21, 2012) is misplaced because –
10 unlike here – the claim in *Cruz* involved a mathematical rounding issue that did not require
11 interpretation of or even reference to the operative collective bargaining agreement.  Because
12 Plaintiffs do not and cannot offer an alternative method for resolving their claim without
13 interpreting the CBA, the second cause of action is preempted by the RLA and should be
14 dismissed with prejudice.

15 Moreover, Plaintiffs failed to respond in any way to US Airways' argument that Plaintiffs'
16 causes of action for inaccurate wage statements, waiting time penalties and for violations of the
17 UCL and PAGA should also be dismissed with prejudice to the extent they rely on Plaintiffs'
18 deficient second cause of action for unpaid minimum wages.  Accordingly, US Airways
19 respectfully suggests that its Motion to Dismiss should be granted.

**ARGUMENT**

**I.  PLAINTIFFS FAIL TO REFUTE US AIRWAYS' EXPLANATION OF WHY THE COURT'S PRIOR RULING PRECLUDES PLAINTIFFS FROM ASSERTING WAGE CLAIMS PREMISED ON ALLEGED MEAL PERIOD VIOLATIONS.**

There is no material difference between the minimum wage claim premised on alleged meal period violations in Plaintiffs' 2AC and the overtime claim premised on alleged meal period violations in Plaintiffs' 1AC that was dismissed by this Court with prejudice. (Feb. 19 Order at 7.) The fact that the minimum wage claim is a rehash of the overtime claim – based on *identical* facts – is reason enough for dismissal. *Stein v. United Artists Corp.*, 691 F.2d 885, 898 (9th Cir.

1982) (affirming dismissal where, as here, "the amended complaint was brought only to assert new theories, if anything, and was not premised upon new facts.") Plaintiffs do not dispute that the minimum wage claim in the 2AC relies on the same facts as the preempted overtime claim in the 1AC. Nor do Plaintiffs argue that the second cause of action requires a different analysis with regard to RLA preemption. Rather, Plaintiffs argue that the minimum wage claim is not precluded by this Court's dismissal of the overtime claim because these claims are based on "independent rights created by statute." (Opp. at 10.) This conclusory statement does not refute the fact that the February 19 Order precludes Plaintiffs' minimum wage claim.

The preemption analysis for the 1AC's meal period overtime claim and the 2AC's minimum wage claim are the same. Regardless of whether the violation is framed as unpaid *overtime* wages or as unpaid *minimum* wages, both claims require a determination of whether Plaintiffs were denied the opportunity to take a meal period by US Airways and as a result were not compensated for work time. As US Airways argued in the Motion to Dismiss the 1AC, this assessment requires interpretation and application of the CBA and is therefore preempted by the RLA.[1] This Court relied on US Airways' argument in dismissing the overtime claim as preempted; the matter has thus been adjudicated and Plaintiffs are not entitled to a do over.

There are also sound policy reasons for rejecting repeated attempts to re-frame the same facts as new causes of action. As one Court has explained, "[p]laintiffs must put their best legal foot forward, and the Court is under no obligation to permit them to test-drive various potential causes of action, using the defendant's responsive motion practice and the Court's opinions as a kind of roadmap in an effort to find a meritorious claim." *In re Keithley Instruments, Inc.*, 599 F. Supp. 2d 908, 916 (N.D. Ohio 2009) (striking new causes of action in the amended complaint because they were "based upon the exact same set of factual allegations present in earlier iterations of the complaint.")

Plaintiffs' attempt to distinguish or refute the cases cited by US Airways in the Motion to Dismiss is not persuasive. With regard to *United States v. U.S. Smelting Ref. & Mining Co.*, 339

---

[1] Doc. No. 6 at 9-11. Section II of this Reply also addresses why this Court cannot adjudicate the second cause of action without interpreting the CBA. (*Infra* at pp. 4-6.)

1   U.S. 186, 198 (1950), Plaintiffs err in relying on the language stating that "all issues were still
2   open and could be presented." *Id.*  Plaintiffs have not challenged the February 19 Order and
3   accordingly the fact that the RLA preempts Plaintiffs' claims for unpaid wages as a result of meal
4   period violations has been finally decided and is no longer "open" for debate.  Plaintiffs' attempt
5   to distinguish *Vickery v. Fisher Governor Co.*, 417 F.2d 466, 470 (9th Cir. 1969) is also
6   misplaced.  Although Plaintiffs contend that the issue in that case was delay, the proposed
7   amendment in *Vickery* came only one month after summary judgment in favor of the defendant.
8   Accordingly, the proposed amendment in *Vickery* was not rejected due to delay, it was rejected
9   because – as here – the claim had already been adjudicated.  Lastly, Plaintiffs argue that *W.*
10  *Parcel Express v. United Parcel Serv. of Am., Inc.*, No. C 96-1526 CAL, 1996 WL 756858, at *3
11  (N.D. Cal. Dec. 3, 1996), is distinguishable because the plaintiff in that case attempted (and
12  failed) to cure a cause of action previously dismissed as deficient, whereas here Plaintiffs are
13  alleging a new cause of action.  Plaintiffs' argument notwithstanding, *Parcel Express* is relevant
14  because it looked to whether or not the proposed amendment addressed new facts or was
15  predicated on the same facts as the prior cause of action.  As US Airways has demonstrated, the
16  1AC's meal period overtime claim and the 2AC's meal period minimum wage claim are
17  predicated on the same facts and would require this Court to engage in the same legal analysis.
18  *Parcel Express* is therefore instructive, and Plaintiffs offer no explanation as to how these claims
19  differ or why the minimum wage claim is not precluded by the February 19 Order.  It is telling
20  that Plaintiffs have not cited ***any*** case in which a cause of action was dismissed with prejudice
21  and the litigant was later permitted to re-frame exactly the same factual allegations as a new cause
22  of action.  Courts do not allow such attempts and Plaintiffs offer no reason why the minimum
23  wage claim should not be dismissed on this basis.

24  **II.   PLAINTIFFS FAIL TO REFUTE US AIRWAYS' EXPLANATION AS TO WHY**
**PLAINTIFFS' MINIMUM WAGE CLAIM IS PREEMPTED BY THE RLA**
25  **BECAUSE ADJUDICATING THE CLAIM WOULD REQUIRE THIS COURT TO**
**INTERPRET THE PARTIES' CBA.**
26

27       State law claims are preempted by the Railway Labor Act ("RLA"), 45 U.S.C. § 151 et
28  seq., when their resolution requires interpretation or application of the CBA.  *See Saridakis v.*

1   *United Airlines*, 166 F.3d 1272, 1278 (9th Cir. 1999); *Espinal v. Northwest Airlines*, 90 F.3d
2   1452, 1458 (9th Cir. 1996); *Adames v. Exec. Airlines, Inc.*, 258 F.3d 7, 11 (1st Cir. 2001);
3   *Blackwell v. SkyWest Airlines, Inc.*, No. 06cv0307 DMS (AJB), 2008 WL 5103195, at *12-14
4   (S.D. Cal. Dec. 3, 2008).  Plaintiffs do not dispute this principle.  (Opp. at 12 ("the RLA preempts
5   a state law claim if it is dependent on the interpretation of a CBA" (quoting from the Feb 19
6   Order at 9).)  The Motion to Dismiss applied this legal principle to Plaintiffs' claims by
7   demonstrating that in order to determine whether Plaintiffs are entitled to minimum wages, this
8   Court would first have to determine whether US Airways provided a meal period that was
9   compliant with California's meal period requirements as articulated in *Brinker Restaurant Corp.*
10  *v. Superior Court*, 53 Cal. 4th 1004, 1020 (2012).  To do that, this Court would have to interpret
11  several provisions of the CBA governing the circumstances under which meal periods may be
12  taken, while also looking to how those provisions are applied in practice in order to determine
13  whether US Airways' meal period policy complies with *Brinker*.  *Id*.  As discussed in more detail
14  in the Motion to Dismiss, this type of inquiry results in RLA preemption.  (Mot. to Dismiss at 7-
15  8.)

16          Plaintiffs do not address these specific examples of CBA provisions that require
17  interpretation.  Instead, Plaintiffs argue that their meal period minimum wage claim is more
18  similar to their shift trade overtime claim than it is to the meal period overtime claim asserted in
19  the First Amended Complaint.  This Court dismissed the meal period overtime claim because the
20  that claim would require interpretation of the CBA and is thereby preempted by the RLA.  (Feb.
21  19 Order at 7.)  By contrast, this Court reasoned that the shift trade overtime claim did not require
22  CBA interpretation and was therefore not preempted by the RLA because resolution of that claim
23  "only requires the Court to determine how many hours Plaintiffs worked and what Plaintiffs'
24  wages were in relation to those set forth by state law."  (Feb. 19 Order at 12.)  Plaintiffs contend
25  in the Opposition that their meal period minimum wage claim can be resolved in the same
26  manner.  (Opp. at 13.)  Plaintiffs are wrong because their argument skips a crucial step – ***how*** the
27  Court could determine "how many hours Plaintiffs" worked without interpreting the CBA.
28          This is not a matter of simply reviewing payroll records.  Rather, it is a matter of

1  Plaintiffs' proving that US Airways' payroll records were wrong because what was recorded as a
2  meal period was actually time worked.  For example, if an individual's shift starts at 9:00 and
3  ends at 4:30, the individual has either worked 7 hours or 7.5 hours depending on whether a 30-
4  minute meal period was provided.  The Court could not determine whether 0.5 hours of minimum
5  wage compensation was due without first determining whether the individual was provided with a
6  compliant meal period.  Because the CBA governs the meal period practices at US Airways,
7  determining whether a compliant meal period was provided requires interpretation of the CBA.
8  Plaintiffs offer no alternative to CBA interpretation for determining whether the length of a shift
9  was understated due to an allegedly missed meal period.  As a result, Plaintiffs fail to explain how
10 the minimum wage claim can be adjudicated without interpreting and applying the CBA.

11      As argued in US Airways' Motion to Dismiss, several courts have held that the RLA
12 preempts meal period claims which require interpretation of the operative collective bargaining
13 agreement.  *See Fitz-Gerald v. SkyWest Airlines*, Inc., 155 Cal. App. 4th 411, 421 (2007);
14 *Blackwell v. SkyWest Airlines*, Inc., No. 06cv03076, 2008 WL 5103195, at *12 (S.D. Cal. Dec. 3,
15 2008); *see also Adames v. Exec. Airlines, Inc.,* 258 F.3d 7, 13-15 (1st Cir. 2001).  Plaintiffs ignore
16 these cases – indeed, they are never mentioned in the Opposition.  Instead,  Plaintiffs rely solely
17 on *Cruz v. Sky Chefs, Inc.*, No. C 12-02705 DMR, 2012 U.S. Dist. LEXIS 181321 (N.D. Cal.
18 Dec. 21, 2012) for the proposition that a minimum wage claim is not preempted by the RLA
19 where the Court does not need to interpret the operative collective bargaining agreement to
20 resolve the claim. (Opp. at 13-14.)  Merely stating that *Cruz* also involved a minimum wage
21 claim however is insufficient to show how that case is similar to the instant case.  Plaintiffs must
22 explain *why Cruz* supports the argument that CBA interpretation is not required to resolve *their*
23 minimum wage claim.  Plaintiffs have not done so.

24      Moreover, *Cruz* does not support Plaintiffs' position because the minimum wage claim in
25 *Cruz* is readily distinguishable.  In *Cruz*, the plaintiff based her minimum wage claim on the
26 employer's improper rounding of plaintiff's clock-in and clock-out time.  Resolution of the claim
27 required a simple comparison of hours worked to wages paid, without any need to interpret the
28 operative collective bargaining agreement to determine the number of hours worked.  *Id*. at *10.

1  Because Plaintiffs' minimum wage claim first requires interpretation of the CBA to determine the
2  number of hours worked, it cannot be resolved in the same manner.
3      US Airways has demonstrated why the minimum wage claim cannot be resolved without
4  interpreting and applying the CBA and Plaintiffs have failed to address, let alone counter, this
5  explanation. The Motion to Dismiss should therefore be granted.

**III. PLAINTIFFS' HAVE FAILED TO RESPOND TO US AIRWAYS ARGUMENT REGARDING PLAINTIFFS' CAUSES OF ACTION FOR INACCURATE WAGE STATEMENTS, WAITING TIME PENALTIES, AND FOR VIOLATIONS OF THE UCL AND PAGA, AND THEREFORE THESE CAUSES OF ACTION SHOULD BE DISMISSED TO THE EXTENT THEY RELY ON PLAINTIFFS' OTHER DEFICIENT CAUSES OF ACTION.**

10      Plaintiffs have not responded in any way to the argument contained in US Airways'
11  Motion to Dismiss that Plaintiffs' causes of action for inaccurate wage statements, waiting time
12  penalties and for violations of the UCL and PAGA should be dismissed to the extent they rely on
13  Plaintiffs' deficient second cause of action for unpaid minimum wages. To the extent this Court
14  grants US Airways' motion to dismiss the second cause of action for unpaid minimum wages,
15  these causes of action should also be dismissed in light of Plaintiffs' failure to respond. *See, e.g.*,
16  *Allen v. Dollar Tree Stores, Inc.*, 475 F. App'x 159, 159 (9th Cir. 2012) ("The court properly
17  dismissed Allen's harassment and retaliation claims because her opposition to the motion to
18  dismiss failed to respond to Dollar Tree's argument that those claims were time-barred."); *First*
19  *Resort, Inc. v. Herrera*, No. C 11–5534 SBA, 2012 WL 4497799, at *9 (N.D. Cal. Sept. 28, 2012)
20  ("[G]iven First Resort's failure to respond to the City's arguments for dismissal of the implied
21  preemption claim, the City's motion to dismiss said claim is GRANTED."); *Enwere v. HUD Fair*
22  *Hous.*, No. C 11–0716 PJH, 2011 WL 1842714, at *2 (N.D. Cal. May 16, 2011) (dismissing
23  plaintiff's original complaint in "view of plaintiff's . . . failure to respond to defendant's briefing
24  on the motion to dismiss with legally meritorious argument"); *Scognamillo v. Credit Suisse First*
25  *Bos*. LLC, No. C03-2061 TEH, 2005 WL 2045807, at *9 (N.D. Cal. Aug. 25, 2005) (granting a
26  motion to dismiss a claim that plaintiffs failed to respond to in their papers or at oral argument
27  and construing plaintiffs' failure to respond "as a concession").
28

## CONCLUSION

For the foregoing reasons and the reasons stated in the Motion to Dismiss, US Airways respectfully requests that this Court dismiss Plaintiffs' second cause of action (failure to pay wages and minimum wage) as alleged in the Second Amended Complaint, as well as Plaintiffs' third cause of action (inaccurate wage statements), fifth cause of action (waiting time penalties), sixth cause of action (unfair competition), and seventh cause of action (PAGA) to the extent they are predicated on the deficient second cause of action.

Dated: April 19, 2013

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY


By: /s/ Adam P. KohSweeney
    Adam P. KohSweeney
Attorneys for Defendant US Airways, Inc.