IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TIMBANG ANGELES, NOE LASTIMOSA, on behalf of themselves and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>US AIRWAYS, INC., and DOES 1 through 50,<br><br>Defendants. | No. C 12-05860 CRB<br><br>**ORDER GRANTING MOTION FOR PARTIAL DISMISSAL OF PLAINTIFFS' SECOND AMENDED COMPLAINT, DENYING MOTION TO RECONSIDER** |

Now before the Court are two motions filed by Defendant US Airways, Inc. The first motion seeks dismissal of the second claim in Plaintiffs' Second Amended Complaint. MTD (dkt. 28); Second Am. Compl. (dkt. 30) ("SAC"). The second motion seeks reconsideration of Section III.A.2 of this Court's Order of February 19, 2013. MTR (dkt. 29); Feb. 19 Order (dkt. 23). Both motions are suitable for resolution on the papers. Civ. L.R. 7-1(b).

Defendant's motion for partial dismissal could be more clear, but the Court takes it to invoke the law of the case doctrine. See MTD at 5 (arguing SAC's second claim is "precluded" because it is based on a legal theory already dismissed by the Feb. 19 Order); see also United States v. Phillips, 367 F.3d 846, 856 (9th Cir. 2004) ("The law of the case doctrine precludes a court from reconsidering an issue that it has already resolved. Issues that a district court determines during pretrial motions become law of the case."); United

States. v. Alexander, 106 F.3d 874, 876 (9th Cir. 1997) (Absent certain conditions not present here, "[f]ailure to apply the doctrine of the law of the case . . . constitutes an abuse of discretion."). The Court determines that the SAC's second claim is barred by the law of the case doctrine and therefore GRANTS Defendant's motion to dismiss the SAC's second claim.[1] The Court's Feb. 19 Order held that Plaintiffs had conceded the validity of Defendant's asserted defenses to wage claims based on an alleged failure to pay wages for missed or noncompliant meal periods. See Feb. 19 Order at 8-9. The SAC merely cloaks the same facts in a new legal theory, one amenable to the same defenses that have already prevailed. Thus, to win relief on the SAC's second claim, Plaintiffs would have to relitigate an issue the Court has already resolved, i.e., the validity of Defendant's asserted defenses to wage claims premised on unpaid meal periods. Doing so would offend "the salutory policy of finality that underlies the rule." Moore v. James H. Matthews & Co., 682 F.2d 830, 834 (9th Cir. 1982).

The same policy of finality leads the Court to DENY Defendant's motion for reconsideration. Defendant argues that its First Motion to Dismiss (dkt. 6) ("FMTD") never asserted the merits of a defense based on California Labor Code section 514. MTR at 3-4. Not so. Defendant clearly raised the merits of that defense in its First Motion to Dismiss, offering it as an "alternative basis for dismissal." FMTD at 6 n.4. Contrary to Defendant's suggestion that the claim has not been subjected to the adversary process, Plaintiffs responded to the argument, FMTD Opp'n (dkt. 15) at 10, and Defendant, in turn, replied, FMTD Reply (dkt. 21) at 3 n.1. Further, Defendant has not made the showing required by this Court's local rule governing reconsideration. See Civil L.R. 7-9(b) (requiring specific showing that moving party "did not know" of materially different law than that presented to Court, despite "exercise of reasonable diligence"). On the contrary, Defendant represents that it decided not to present that law to the Court – which necessarily implies knowledge of the law. See MTR at 2.

///

---

[1] The Court need not and does not reach Defendant's preemption defense.

2

For the foregoing reasons, the Court GRANTS Defendant's motion for partial dismissal and DENIES Defendant's motion for reconsideration. The Court VACATES the hearing on these matters set for June 28, 2013.

**IT IS SO ORDERED.**



Dated: June 26, 2013

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

G:\CRBALL\2012\5860\order granting 2d mtd, denying mot to reconsider.wpd  3