Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sánchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>        Plaintiffs,<br><br>   vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>        Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**CLASS ACTION**<br><br>***THIRD AMENDED* COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF:**<br><br>**(1) FAILURE TO PAY OVERTIME**<br>**(2) FAILURE TO PAY ALL WAGES & MINIMUM WAGE**<br>**(3) FAILURE TO PROVIDE ACCURATE WAGE STATEMENTS**<br>**(4) FAILURE TO REIMBURSE FOR WORK RELATED EXPENSES**<br>**(5)WAITING TIME PENALTIES**<br>**(6) UNFAIR BUSINESS PRACTICES**<br>**(7) LABOR CODE §§ 2699, ET SEQ.** |

     PLAINTIFFS Joseph Timbang Angeles and Noe Lastimosa ("PLAINTIFFS"), hereby submit their Third Amended Complaint against Defendant US Airways, Inc., and Does 1-50 (hereinafter collectively referred to as "DEFENDANTS") on behalf of themselves, and the class of others similarly situated, as follows:

### INTRODUCTION

    1.    This class action asserts violations of California Labor Code Sections 201-204,

226, 510, 1194, 2802, 2698, 2699 et seq. and California Business and Professions Code Section 17200 et seq., (Unfair Practices Act) and the applicable wage order issued by the Industrial Welfare Commission ("IWC"), IWC Wage Order No. 9, Section 4.

2. This complaint challenges systemic illegal employment practices resulting in violations of the California Labor Code, Business and Professions Code, and Section 4 of IWC Wage Order #9 against employees of DEFENDANTS.

3. PLAINTIFFS are informed, believe, and based thereon allege that DEFENDANTS, joint and severally, have acted intentionally and with deliberate indifference and conscious disregard toward the rights of all employees due to a failure to pay all wages due.

4. PLAINTIFFS are informed, believe, and based thereon allege DEFENDANTS have engaged in, among other things, a system of willful violations of the California Labor Code, Business and Professions Code, and Section 4 of IWC Wage Order #9 by creating and maintaining policies, practices, and customs that knowingly deny employees: (a) all wages due; (b) overtime compensation; (c) reimbursement for cell phone usage; and (d) accurate itemized wage statements.

5. The policies, practices, and customs of DEFENDANTS described above and below have resulted in the unjust enrichment of DEFENDANTS and provided an unfair business advantage over businesses that routinely adhere to the strictures of the California Labor Code, Business and Professions Code, and Section 4 of IWC Wage Order #9.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over all the claims alleged in this action pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). (Def. Notice of Removal [Doc. No. 1], dated November 15, 2012, at p. 2-3.)

7. Venue is proper because the alleged wrongs occurred in the County of San Francisco. DEFENDANTS are located within the jurisdiction of the County of San Francisco. PLAINTIFFS worked for DEFENDANTS in the San Francisco International Airport ("SFIA").

## PARTIES

8.   Plaintiff Joseph Timbang Angeles was employed as a part-time ramp agent at SFIA by DEFENDANTS from May 27, 2008 to June 4, 2012.

9.   Plaintiff Noe Lastimosa was employed by DEFENDANTS as a full-time ramp agent and later as a part-time ramp agent at SFIA from 2007 to on or about June 2012, when he was laid-off. Plaintiff Lastimosa was offered to return as a part-time employee in December 2012 which he declined.

10.   US Airways, Inc. is a corporation doing business in the State of California. US Airways, Inc. is a corporation incorporated under the laws of the State of Delaware.

11.   PLAINTIFFS are informed, believe, and thereon allege that at all times herein mentioned DEFENDANTS and DOES 1 through 50, are and were corporations, business entities, individuals, and partnerships licensed to do business and actually doing business in the State of California.

12.   DEFENDANTS own and operate an industry, business, and establishment in the County of San Francisco for the purpose of providing ramp related services to its airplanes that serve passengers at SFIA. As such, and based upon all the facts and circumstances incident to DEFENDANTS' business in California, DEFENDANTS are subject to California Labor Code Sections 201-204, 510, 1194, 226, 2698, et seq., 2802, California Business and Professions Code Section 17200, et seq., (Unfair Practices Act), and IWC Wage Order No. 9.

13.   PLAINTIFFS do not know the true names or capacities, whether individual, partner or corporate, of the DEFENDANTS sued herein as DOES 1 through 50, inclusive, and for that reason, said DEFENDANTS are sued under such fictitious names, and PLAINTIFFS prays leave to amend this complaint when the true names and capacities are known. PLAINTIFFS are informed, believe, and thereon allege that each of said fictitious DEFENDANTS are responsible in some way for the matters alleged herein and proximately caused PLAINTIFFS and members of the putative class to be subject to the illegal employment practices, wrongs and injuries complained of herein.

14.     At all times herein mentioned, each of said DEFENDANTS participated in the doing of the acts hereinafter alleged to have been done by the named DEFENDANTS; and furthermore, the DEFENDANTS, and each of them, were the agents, servants and employees of each of the other DEFENDANTS, as well as the agents of all DEFENDANTS, and at all times herein mentioned, were acting within the course and scope of said agency and employment.

15.     PLAINTIFFS are informed, believe, and based thereon allege that at all times material hereto, each of the DEFENDANTS named herein was the agent, employee, alter ego and/or joint venturer of, or working in concert with each of the other co-DEFENDANTS and was acting within the course and scope of such agency, employment, joint venture, or concerted activity. To the extent said acts, conduct, and omissions were perpetrated by certain DEFENDANTS, each of the remaining DEFENDANTS confirmed and ratified said acts, conduct, and omissions of the acting Defendant.

16.     At all times herein mentioned, DEFENDANTS, and each of them, were members of, and engaged in, a joint venture, partnership and common enterprise, and acting within the course and scope of, and in pursuance of, said joint venture, partnership and common enterprise.

17.     At all times herein mentioned, the acts and omissions of various DEFENDANTS, and each of them, concurred and contributed to the various acts and omissions of each and all of the other DEFENDANTS in proximately causing the injuries and damages as herein alleged.

## STATEMENT OF FACTS

18.     Defendant US Airways, along with US Airways Shuttle and US Airways Express, operates flights and serves passengers in several airports in California, including: San Francisco, San Jose, Oakland, Sacramento, Monterey, Fresno, Bakersfield, San Luis Obispo, Santa Barbara, Santa Ana, Palm Springs, Los Angeles, and San Diego.

19.     PLAINTIFFS and similarly situated employees of DEFENDANTS ("Fleet Service Agents") are required to  clock-in and clock-out each work day.

20.     Fleet Service Agents are assigned a schedule for morning (a.m.) shifts and afternoon/evening (p.m.) shifts. Fleet Service Agents are allowed to trade shifts from other Fleet Service Agents. They are also allowed to pick-up shifts or add new shifts to pre-assigned daily schedules. By trading or picking up shifts or engaging in "Shift Trades," part-time and full-time Fleet Service Agents are able to increase the number of daily and weekly hours worked.

21.     Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 8 hours in one day.

22.     Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 12 hours in one day.

23.     Fleet Service Agents, especially when working two or more shifts in one day, regularly work more than 40 hours in one week.

24.     Fleet Service Agents sometimes work seven or more consecutive days without a day's rest.

25.     Yet, when accounting for hours worked and overtime hours worked in connection with Shift Trades, DEFENDANTS do not properly pay Fleet Service Agents pursuant to California overtime regulations.

26.     DEFENDANTS engaged in a uniform policy and practice in connection with Shift Trades that result in the underpayment of overtime wages.

27.     DEFENDANTS segregate the hours worked into different categories resulting in the underpayment and inaccurate accounting of overtime hours worked during each two week pay period.

28.     The pay stub or itemized wage statements received by Fleet Service Agents do not accurately reflect which hours are overtime hours worked and which hours are regular hours worked.

29.     Fleet Service Agents are not able to ascertain if they are paid properly, if they are unpaid for some of the hours, and if all of their overtime hours are paid.

30. DEFENDANTS engage and continue to engage in a uniform policy and practice of not paying all actual hours worked to Fleet Service Agents.

31. Specifically, Fleet Service Agents are only paid for their scheduled shifts even though they are required to clock-in minutes before their scheduled shifts and the nature of their work causes Fleet Service Agents to clock-out minutes after their scheduled shifts.

32. DEFENDANTS have engaged and continue to engage in a procedure and practice that underpays Fleet Service Agents by only paying them for a set period of time while knowingly requiring them to work additional, unpaid minutes before and after their scheduled shifts.

33. DEFENDANTS have commonly called these minutes before or after shifts "Grace Periods" and the company wide timekeeping and payroll practice is to not pay any Fleet Service Agents for said "Grace Periods."

34. DEFENDANTS caused Fleet Service Agents to suffer injuries as a result of DEFENDANTS' knowing and intentional failure to properly, completely, and accurately itemize wage statements provided to Fleet Service Agents as required by Labor Code § 226.

35. Fleet Service Agents are required to engage in computations to analyze whether they were paid properly for overtime hours.

36. The inaccurate, missing and improper wage statements caused Fleet Service Agents to be unpaid for all hours worked and for all overtime hours worked.

37. Fleet Service Agents would have to engage in discovery and mathematical computations to reconstruct time records and determine if they were correctly paid, how much they were incorrectly paid, how much is owed, and the amount of overtime hours worked.

38. The wage statements do not reflect all hours worked and therefore Fleet Service Agents have to engage in discovery and mathematical computations to reconstruct time records.

39. The inaccurate and incomplete wage statements also cause injury to Fleet Service Agents in that the underpayment of overtime wages results in a lesser contribution to governmental entities and benefit packages.

40.    Even though Fleet Service Agents are seldomly issued radios, DEFENDANTS must reach them for work related purposes. As a result, DEFENDANTS require Fleet Service Agents to answer their personal cell phones and make cell phone calls during work hours. Fleet Service Agents incurr expenses in direct consequence of the discharge of their work duties for DEFENDANTS. DEFENDANTS do not reimburse Fleet Service Agents for this personal cell phone use at work.

41.    On or about June 29, 2012, PLAINTIFF Joseph Timbang Angeles through counsel, pursuant to the Labor Code Private Attorneys General Act of 2004, sent via certified mail a letter-notice of violations to the California Labor and Workforce Development Agency ("LWDA"), as required by Labor Code §2699.3. The LWDA has not provided notice that it does not intend to investigate the alleged violations. Pursuant to Labor Code §2699.3(a)(2)(A), because the LWDA did not provide a notice of intent to investigate within thirty three (33) calendar days of the postmark date of the letter sent to the LWDA on June 29, 2012, PLAINTIFF Joseph Timbang Angeles may commence a civil action pursuant to Section 2699.

## CLASS ACTION ALLEGATIONS

42.    **Definition:** The named individual PLAINTIFFS bring this action on behalf of themselves and the class pursuant to Federal Rule of Civil Procedure 23. The class is defined as:

**"All current and former employees of DEFENDANTS who worked as Fleet Service Agents in the State of California at any time from June 22, 2008, through the entry of final judgment in this action."**

43.    **Numerosity and Ascertainability:** The members of the class are so numerous that joinder of all members would be impractical, if not impossible. PLAINTIFFS are informed and believe that there are over 100 Fleet Service Agents working for DEFENDANTS in California. The identity of the members of the class is readily ascertainable by review of DEFENDANTS' records. Notice can be provided to the Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits. PLAINTIFFS are informed, believe, and based thereon allege that (a) class members regularly

were denied payment of all wages due; (b) class members were regularly denied overtime compensation (c) class members were not reimbursed for work related expenses for their cell phone use; and (d) class members were not provided with accurate and complete, itemized wage statements.

44. **Adequacy of Representation**: PLAINTIFFS are members of the class; PLAINTIFFS do not have any conflicts of interest with other class members and will prosecute the case vigorously on behalf of the class. PLAINTIFFS will fairly and adequately represent and protect the interests of the class members. PLAINTIFFS' counsels are competent and experienced in litigating wage and hour class actions.

45. **Superiority of Class Action:** A class action is superior to other available means for the fair and efficient adjudication of this controversy. Individual joinder of all class members is not practicable, and questions of law and fact common to the class predominate over any questions affecting only individual members of the class. Each class member has been damaged and is entitled to recovery by reason of DEFENDANTS' unlawful policies and/or practices described herein. Because the damages suffered by individual Class Members may be relatively small, albeit significant, the expense and burden of individual litigation make it impractical for most Class Members individually to seek redress for the wrongful conduct alleged. Class action treatment will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system.

46. The California Labor Code provisions upon which PLAINTIFFS base their claims are broadly remedial in nature. These laws and labor standards serve an important public interest in establishing minimum working conditions and standards in California. These laws and labor standards protect the average working employee from exploitation by employers who may seek to take advantage of superior economic and bargaining power in setting onerous terms and conditions of employment.

47. The nature of this action and the format of laws available to PLAINTIFFS and members of the class identified herein make the class action format a particularly efficient and

appropriate procedure to redress the wrongs alleged herein. If each employee were required to file an individual lawsuit, the corporate DEFENDANTS would necessarily gain an unconscionable advantage since it would be able to exploit and overwhelm the limited resources of each individual PLAINTIFF with their vastly superior financial and legal resources. Requiring each class member to pursue and individual remedy would also discourage the assertion of lawful claims by employees who would be disinclined to file an action against their former and/or current employer for real and justifiable fear of retaliation and permanent damage to their careers at subsequent employment.

48. The prosecution of separate actions by the individual class members, even if possible, would create a substantial risk of (a) inconsistent or varying adjudications with respect to individual class members against the DEFENDANTS and which would establish potentially incompatible standards of conduct for the DEFENDANTS, and/or (b) adjudications with respect to individual class members which would, as a practical matter, be dispositive of the interest of the other class members not parties to the adjudications or which would substantially impair or impede the ability of the class members to protect their interests. Further, the claims of the individual members of the class are not sufficiently large to warrant vigorous individual prosecution considering all of the concomitant costs and expenses.

49. **Common Question of Law and Fact:** There are questions of law and fact common to PLAINTIFFS and the class that predominate over any questions affecting only individual members of the class. These common questions of law and fact include, without limitation:

    a. Whether DEFENDANTS have failed to pay Fleet Service Agents overtime wages for hours worked in connection with Shift Trades;

    b. Whether DEFENDANTS have employed employees in a position subject to, and not exempt from, California's overtime pay and other wage and hour requirements;

c.   Whether DEFENDANTS have failed to pay Fleet Service Agents overtime wages for hours worked during Grace Periods before and after shifts;

d.   Whether DEFENDANTS have violated Labor Code §§ 510 and 1194 by their failure to pay overtime compensation;

e.   Whether DEFENDANTS should have paid Fleet Service Agents for the time they are clocked in during Grace Periods before and after scheduled shifts;

f.   Whether DEFENDANTS' failure to pay Fleet Service Agents wages during Grace periods before and after scheduled shifts violates Labor Code §§ 1194 and 1194.2 and IWC Wage Order #9, Section 4;

g.   Whether the wage statements provided Fleet Service Agents were inaccurate pursuant to Labor Code § 226;

h.   Whether Fleet Service Agents are entitled to the statutory penalties to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000) pursuant to Labor Code § 226(b);

i.   Whether DEFENDANTS have violated Labor Code §2802 by failing to pay work related expenses for the use of cell phones by Fleet Service Agents;

j.   Whether DEFENDANTS have violated Labor Code §§ 201-203, by failing, upon termination, to timely pay Fleet Service Agents all wages and compensations due;

k.   Whether DEFENDANTS failure to: (1) pay overtime compensation; (2) pay at least minimum wage for all hours

worked; (3) reimburse for cell phone usage; and (4) provide
accurate and complete wage statements constitutes an unlawful,
unfair, and/or fraudulent business practice, under Business &
Professions Code § 17200 et seq.;

l.   Whether DEFENDANTS failure to pay all compensation owed at
time of termination of employment constituted an unlawful,
unfair, and/or fraudulent business practice, under Business &
Professions Code § 17200 et seq;

m.  The proper formula for calculating restitution, damages, and
waiting time and other statutory penalties owed to PLAINTIFFS
and the class alleged herein.

50.    **Typicality:** The claims of PLAINTIFFS are typical of the claims of all members
of the class. The PLAINTIFFS are a member of the class and has suffered the alleged violations
of California Labor Code Sections 201-204, 226, 510, 1194, 1194.2, 2802; IWC Wage Order
#9, Section 4; and Bus. & Prof. Code § 17200, et seq.

**<u>FIRST CAUSE OF ACTION</u>**

**FAILURE TO PAY OVERTIME COMPENSATION**

51.    PLAINTIFFS re-allege and incorporate by reference paragraphs above as though
fully set forth herein.

52.    By failing to pay overtime compensation to PLAINTIFFS and similarly situated
employees in connection with Shift Trades and hours worked in connection with Grace Periods
before and after scheduled shifts, DEFENDANTS violated and continue to violate Labor Code
§ 510 which requires the payment of overtime compensation to non-exempt employees.

53.    As a result of DEFENDANTS' unlawful acts, PLAINTIFFS and similarly
situated employees have been deprived of overtime compensation in an amount to be
determined at trial, and are entitled to recovery of such amounts, plus interest thereon, under
Labor Code § 1194.

54.    By violating Labor Code § 510, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §1194.

55.    PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

## SECOND CAUSE OF ACTION

### FAILURE TO PAY ALL WAGES & MINIMUM WAGE

56.    PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

57.    Pursuant to Labor Code §§ 1194 and 1194.2 and IWC Wage Order 9, Section 4, notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage is entitled to recover the unpaid balance of the full amount of this minimum wage, liquidated damages, including interest thereon, reasonable attorney's fees, and costs of suit.

58.    In any action under Section 1194 to recover wages because of the payment of a wage less than the minimum wage fixed by an order of the commission or by statute, an employee shall be entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon. See Labor Code § 1194.2.

59.    As a pattern and practice, DEFENDANTS regularly suffer or permit employees to work before and after their scheduled shifts, or Grace Periods, without compensation. This pattern and practice is a violation of California law in that there is a failure to pay at least minimum wage for hours worked.

60.    Such a pattern, practice, and uniform administration of corporate policy as described herein is unlawful and creates an entitlement to recovery by the PLAINTIFFS and the class identified herein, in a civil action, for the unpaid balance of the wages and minimum wage withheld from Fleet Service Agents.

61.    By failing to pay all wages and minimum wages, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §1194.

62.     PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

## THIRD CAUSE OF ACTION

## FAILURE TO FURNISH ACCURATE WAGE STATEMENTS

63.     The allegations of Paragraphs above are re-alleged and incorporated herein by reference.

64.     Labor Code § 226(a) require employers semi-monthly or at the time of each payment of wages to furnish each employee with an accurate statement itemizing, among other things, the total actual hours worked and the corresponding proper legal rate of pay by the employee. Labor Code § 226(b) provides that if an employer knowingly and intentionally fails to provide an accurate statement, then the employee is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial violation and one hundred dollars ($100) for each subsequent violation, up to four thousand dollars ($4,000).

65.     DEFENDANTS knowingly and intentionally fail to furnish PLAINTIFFS and similarly situated employees with accurate itemized statements showing the total actual hours worked, as required by Labor Code § 226(a). As a result, DEFENDANTS, are liable to PLAINTIFFS and similarly situated Employees for the amounts provided by Labor Code § 226(e).

66.     PLAINTIFFS, on behalf of themselves and similarly situated Employees, requests relief as described below.

## FOURTH CAUSE OF ACTION

## FAILURE TO REIMBURSE EMPLOYEES FOR WORK RELATED EXPENSES

67.     PLAINTIFFS re-allege and incorporate by reference the paragraphs above as though fully set for herein.

68.     Labor Code § 2802 requires an employer to reimburse its employees for work-related expenses incurred by its employees.

69.     PLAINTIFFS, and similarly situated employees, use their cell phones at work to communicate with management, supervisors and other employees, during the course of each work day.

70.     PLAINTIFFS, and similarly situated employees, incur costs and expenses from the usage of their personal cell phones at work in that minutes are deducted from their cell phone plans and actual usage charges are sometimes incurred.

71.     DEFENDANTS do not compensate PLAINTIFFS, and similarly situated employees, for the use of their personal cell phones.

72.     By violating Labor Code § 2802, DEFENDANTS are liable for attorneys' fees and costs under Labor Code §2802(c).

73.     PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

## FIFTH CAUSE OF ACTION

### WAITING TIME PENALTIES
### (LABOR CODE §§ 201, 202 & 203)

74.     PLAINTIFFS re-allege and incorporate by reference the paragraphs above as though fully set for herein.

75.     Labor Code § 201 requires an employer who discharges an employee to pay all compensation due and owing to that employee immediately upon discharge.

76.     Labor Code § 202 requires an employer to pay all compensation due and owing to an employee who quits within 72 hours of that employee quitting, unless the employee provides at least 72 hours notice of quitting, in which case all compensation is due at the end of the employee's final day of work.

77.     Labor Code § 203 provides that if an employer willfully fails to pay compensation promptly upon discharge, as required by § 201 or § 202, then the employer is liable for waiting time penalties in the form of continued compensation of up to 30 work days.

78.    DEFENDANTS willfully failed and refused to timely pay overtime wages to employees whose employment terminated. As a result, DEFENDANTS are liable to former employees for waiting time penalties, together with interest thereon under Labor Code § 203.

79.    PLAINTIFFS, on behalf of all terminated employees, request relief as described below.

## SIXTH CAUSE OF ACTION

### FOR VIOLATIONS OF *BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.*

80.    PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

81.    Business & Professions Code § 17200 prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business act or practice.

82.    Business & Professions Code § 17204 allows "any person acting for the interests of itself, its members or the general public" to prosecute a civil action for violation of the UCL.

83.    Beginning at an exact date unknown to PLAINTIFFS, but at least four years prior to the filing of this action, DEFENDANTS has committed unlawful, unfair, and/or fraudulent business acts and practices as defined by Cal. Business & Professions Code § 17200, including by engaging in the following:

> a.    failing to pay all overtime wages, due to PLAINTIFFS and similarly situated employees;
>
> b.    failing to pay all actual hours worked including minimum wage;
>
> c.    failing to reimburse employees for work related expenses;
>
> d.    failing to provide accurate itemized wage statements to PLAINTIFFS and similarly situated employees; and,
>
> e.    failing to pay all wages earned upon termination or 72 hours of a resignation.

84.    The violations of these laws serve as unlawful, unfair, and/or fraudulent predicate acts and practices for purposes of Business and Professions Code § 17200.

85.     As a direct and proximate result of DEFENDANTS unlawful, unfair, and/or fraudulent acts and practices described herein, DEFENDANTS have received and continues to hold ill-gotten gains belonging to PLAINTIFFS and class members. As a direct and proximate result of DEFENDANTS unlawful business practices, PLAINTIFFS and class members have suffered economic injuries including, but not limited to loss of overtime wages, failure to pay business expenses for cell phone usage, and waiting time penalties. DEFENDANTS have profited from its unlawful, unfair, and/or fraudulent acts and practices in the amount of those business expenses, unpaid overtime, and interest accrued by PLAINTIFFS and similarly situated Employees.

86.     PLAINTIFFS and similarly situated Employees are entitled to restitution pursuant to Business & Professions Code §§ 17203 and interest since four years prior to the filing of this action.

87.     PLAINTIFFS and similarly situated employees are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

88.     PLAINTIFFS' success in this action will enforce important rights affecting the public interest. In this regard, PLAINTIFFS sue on behalf of the public as well as on behalf of themselves and others similarly situated. PLAINTIFFS seek and are entitled to the unpaid compensation, declaratory and injunctive relief, civil penalties, and any other appropriate remedy.

89.     Injunctive relief is necessary and appropriate to prevent DEFENDANTS from continuing and repeating its unlawful, unfair and fraudulent business acts and practices alleged above.

90.     In order to prevent DEFENDANTS from profiting and benefiting from their wrongful and illegal acts and continuing those acts, PLAINTIFFS request an order requiring DEFENDANTS to disgorge all the profits and gains they have reaped and restore such profits and gains to employees, from whom they were unlawfully taken.

91.     PLAINTIFFS have assumed the responsibility of enforcement of the laws and lawful claims specified herein. There is a financial burden incurred in pursuing this action which is in the public interest. Therefore, reasonable attorneys' fees are appropriate pursuant to Code of Civil Procedure § 1021.5.

92.     By all of the foregoing alleged conduct, DEFENDANTS have committed, and is continuing to commit, ongoing unlawful, unfair and fraudulent business practices within the meaning of Business & Professions Code §17200 et seq.

93.     As a direct and proximate result of the unfair business practices described above, PLAINTIFFS, other employees, and members of the general public have all suffered significant losses and DEFENDANTS has been unjustly enriched.

94.     Pursuant to Business & Prof. Code §17203, PLAINTIFFS, other employees, and members of the general public are entitled to: (a) restitution of money acquired by DEFENDANTS by means of its unfair business practices, in amounts not yet ascertained but to be ascertained at trial; (b) injunctive relief against DEFENDANTS continuation of its unfair business practices; and (c) a declaration that DEFENDANTS business practices are unlawful, unfair, and/or fraudulent within the meaning of the statute.

95.     PLAINTIFFS, on behalf of themselves and similarly situated employees, request relief as described below.

96.     PLAINTIFFS are informed and believes and on that basis alleges that at all times herein mentioned DEFENDANTS have engaged in unlawful, deceptive and unfair business practices, as proscribed by California Business and Professions Code § 17200 et seq., including those set forth herein above thereby depriving PLAINTIFFS and other members of the class the minimum working condition standards and conditions due to them under the California laws and Industrial Welfare Commission wage orders as specifically described therein.

## SEVENTH CAUSE OF ACTION

*(Labor Code §2699)*

97.     PLAINTIFFS re-allege and incorporate by reference paragraphs above as though fully set for herein.

98.     Pursuant to Labor Code §2699, the foregoing violations of statutes and regulations permit PLAINTIFFS to recover a civil penalty through this action. Labor Code §2699 provides in relevant part that:

> (a) Notwithstanding any other provisions of law, any provision of [the California Labor Code] that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies or employees, for a violation of [the Labor Code], may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of himself or herself and other current or former employees….(e) For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: ….(2) If at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation, and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

99.     DEFENDANTS' violations of California wage and hour laws enable PLAINTIFF Joseph Timbang Angeles to recover civil penalties as aggrieved employee on behalf of himself and other current and former employees of DEFENDANTS.

100.    PLAINTIFF Joseph Timbang Angeles has complied with the procedural requirements specified in Labor Code §2699.3. As a result, PLAINTIFF Joseph Timbang Angeles has exhausted all administrative procedures required of him under Labor Code §§2698, 2699 and 2699.3, and are justified as a matter of right in bringing forward this cause of action.

101.    On or about June 29, 2012, PLAINTIFF Joseph Timbang Angeles through counsel, pursuant to the Labor Code Private Attorneys General Act of 2004, sent via certified mail a letter-notice of violations to the LWDA. A copy of this letter-notice is attached to this Complaint as *Exhibit "A".*

102.    The LWDA has not provided notice that it does not intend to investigate the alleged violations. Pursuant to Labor Code §2699.3(a)(2)(A), because the LWDA did not provide a notice of intent to investigate within thirty three (33) calendar days of the postmark date of the letter sent to the LWDA on June 29, 2012, PLAINTIFF Joseph Timbang Angeles may commence a civil action pursuant to Section 2699.

103.    As a result of DEFENDANTS' violation of numerous provisions of the Labor Code, PLAINTIFFS seek all civil penalties, reasonable attorney fees and costs available pursuant to Labor Code §2699.

104.    Fleet Service Agents state a claim for civil penalties pursuant to this Court's February 19, 2013, Order [Docket No. 23] Granting in Part and Denying in Part Motion to Dismiss.

105.    PLAINTIFFS are likely to have evidentiary support, after research and reasonable opportunity for further investigation and discovery, to further penalties and violations. PLAINTIFFS will amend this Complaint if appropriate and required to seek all applicable penalties for violations which the LWDA has failed to investigate and/or failed to issue a citation.

106.    Pursuant to Labor Code §2699(i), PLAINTIFFS should be awarded twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded.

## **PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFFS on their own behalf and on behalf of the members of the class, prays for judgment as follows:

A.      Certification of the above-described class pursuant to Federal Rule of Civil Procedure 23;

B.      Certification of the above-described class as a representative class under Business and Professions Code § 17200;

C.      Class notice be provided to all Fleet Service Agents who worked for

DEFENDANTS in California at any time from the period commencing four years from the filing of this action through the entry of final judgment in this action;

D.     A declaratory judgment that DEFENDANTS have knowingly and intentionally violated the following provisions of law:

1.     Labor Code §§ 510, 1194, 1194.2 and IWC Wage Order #9 Section 4 by failing to pay overtime compensation and minimum wages to PLAINTIFFS and the putative class;

2.     Labor Code § 226 by failing to provide PLAINTIFFS and the class with accurate itemized statements of the actual total hours worked and the corresponding correct rates of pay with each payment of wages;

3.     Labor Code §§ 201-203, for willful failure to pay overtime compensation, and failure to repay business expenses at the time of termination of employment, resulting in unpaid waiting time penalties; and

4.     Cal. Business and Professions Code §§ 17200-17208, by failing to pay all overtime wages due, all hours worked, failing to provide accurate itemized wage statements showing all actual hours worked with corresponding proper rates of pay, and willfully failing to pay business expenses upon termination of employment;

F.     Pursuant to Labor Code §2699(i), twenty-five percent (25%) of all penalties due under California law, interest, attorneys' fees and costs. The LWDA should be awarded seventy-five percent (75%) of the penalties due and awarded;

G.     An equitable accounting to identify, locate, and restore to all current and Fleet Service Agents the wages and compensation due;

H.     An award to PLAINTIFFS and the Class Members of damages in the amount of unpaid wages and overtime, minimum wages, and business expenses, including

interest thereon, subject to proof at trial;

      I.     An award to PLAINTIFFS and putative class members of statutory penalties because of DEFENDANTS' failure to provide itemized wage statements that comply with the requirements of Labor Code § 226, subject to proof at trial;

      J.     An award of payments due t as waiting time penalties as to putative calss members that have left DEFENDANTS' employ, pursuant to Labor Code § 203;

      K.     An order requiring DEFENDANTS to pay restitution owed to PLAINTIFFS and similarly situated employees for failure to pay overtime compensation, minimum wages, and interest thereon and for failure to repay business expenses, and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203;

      L.     An award to PLAINTIFFS and putative class members of reasonable attorneys' fees and costs, pursuant to Code of Civil Procedure § 1021.5 and Labor Code §§ 218.5, 226, 1194, 2802(c), 2698, et seq. and/or other applicable law; and

      M.     An award to PLAINTIFFS and putative class members of such other and further relief as this Court deems just and proper.

Dated: October 9, 2013          LIBERATION LAW GROUP, P.C.

_____

Arlo Garcia Uriarte
Attorney for PLAINTIFFS