1   ROBERT A. SIEGEL (S.B. #64604)
    rsiegel@omm.com
2   O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
3   Los Angeles, CA 90071-2899
    Telephone:    213-430-6000
4   Facsimile:    213-430-6407

5   ADAM P. KOHSWEENEY (S.B. #229983)
    akohsweeney@omm.com
6   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
7   San Francisco, CA 94111-3823
    Telephone:    415-984-8912
8   Facsimile:    415-984-8701

9   Attorneys for Defendant
    US Airways, Inc.
10

11              UNITED STATES DISTRICT COURT

12            NORTHERN DISTRICT OF CALIFORNIA

13

14  JOSEPH TIMBANG ANGELES,              Case No. 3:12-cv-05860 CRB
    NOE LASTIMOSA, on behalf of
15  themselves and on behalf of others   **DEFENDANT US AIRWAYS, INC.'S**
    similarly situated, and the general public,  **ANSWER TO PLAINTIFFS' THIRD**
16                                       **AMENDED COMPLAINT**
                    Plaintiffs,
17                                       Action Filed:  June 22, 2012
            v.
18                                       Hon. Charles R. Breyer
    US AIRWAYS, INC., and DOES 1
19  through 50,

20                  Defendants.

21

22

23

24

25

26

27

28

Defendant US Airways, Inc. ("US Airways"), for itself alone and for no other defendant, answers the unverified Third Amended Complaint ("TAC") of Plaintiffs Joseph Timbang Angeles ("Plaintiff Angeles") and Noe Lastimosa ("Plaintiff Lastimosa") (collectively "Plaintiffs") as follows:

## INTRODUCTION

1. The allegations contained in Paragraph 1 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 1.

2. The allegations contained in Paragraph 2 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 2 except as follows: US Airways admits that Plaintiffs purport to challenge alleged "systematic illegal employment practices."

3. US Airways denies each and every averment contained in Paragraph 3 of the TAC.

4. US Airways denies each and every averment contained in Paragraph 4 of the TAC.

5. US Airways denies each and every averment contained in Paragraph 5 of the TAC.

## JURISDICTION AND VENUE

6. The allegations contained in Paragraph 6 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways admits the averments in Paragraph 6.

7. The allegations contained in Paragraph 7 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 7, except as follows: US Airways admits that venue is proper under 28 U.S.C. § 1391 and that Plaintiffs worked for US Airways at San Francisco International Airport.

## PARTIES

8. US Airways denies each and every averment contained in Paragraph 8 of the TAC, except as follows: US Airways admits that plaintiff Angeles was employed as a part-time Fleet Service Agent at San Francisco International Airport by US Airways, Inc. from May 27, 2008

through June 4, 2012.

9.     US Airways denies each and every averment contained in Paragraph 9 of the TAC, except as follows:  US Airways admits that Plaintiff Lastimosa was employed as a full-time fleet service agent and later as a part-time Fleet Service Agent by US Airways, Inc., admits that Plaintiff Lastimosa's employment lasted from 2007 to on or about June 2012, when Plaintiff Lastimosa was laid off, and admits that Plaintiff Lastimosa was offered to return as a part-time employee in December 2012 but declined.

10.     The allegations contained in Paragraph 10 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 10, except as follows:  US Airways admits that it "is a corporation doing business in the State of California" and that it is "a corporation incorporated under the laws of the State of Delaware."

11.     The allegations contained in Paragraph 11 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 11.

12.     The allegations contained in Paragraph 12 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 12, except as follows:  US Airways admits that it employed Fleet Service Agents at San Francisco International Airport and avers that "California Labor Code Sections 201-204, 510, 1194, 226, 2698, et seq., 2802, California Business and Professions Code Section 17200, et seq. (Unfair Practices Act), and IWC Wage Order No. 9" speak for themselves.

13.     The allegations contained in Paragraph 13 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 13.

14.     The allegations contained in Paragraph 14 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 14.

15.     The allegations contained in Paragraph 15 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 15.

16.     The allegations contained in Paragraph 16 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 16.

17.     The allegations contained in Paragraph 17 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 17.

## STATEMENT OF FACTS

18.     US Airways denies each and every averment contained in Paragraph 18 of the TAC, except as follows:  US Airways admits that US Airways and/or US Airways Express "operate[] flights and serve[] passengers in several airports in California, including" San Francisco, San Jose, Oakland, Sacramento, Monterey, Fresno, Bakersfield, San Luis Obispo, Santa Barbara, Santa Ana, Palm Springs, Los Angeles, and San Diego.

19.     The allegations contained in Paragraph 19 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 19, except as follows: US Airways admits that Fleet Service Agents are required to clock in at the beginning and clock out at the end of each work shift.

20.     US Airways denies each and every averment contained in Paragraph 20 of the TAC, except as follows:  US Airways avers that Fleet Service Agents currently are allowed both to bid for schedules and to voluntarily shift trade, in conformance with Article 5, Section T of the Fleet Service Agreement, dated May 8, 2008, entered into between US Airways and Fleet Service Agents as represented by the International Association of Machinists and Aerospace Workers.

21.     The allegations contained in Paragraph 21 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 21.

22.    The allegations contained in Paragraph 22 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 22.

23.    The allegations contained in Paragraph 23 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 23.

24.    The allegations contained in Paragraph 24 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 24, except as follows:  US Airways admits that as a result of  the operation of the voluntary shift trade policy governed by Article 5, Section T of the Fleet Service Agreement, dated May 8, 2008, entered into between US Airways and Fleet Service Agents as represented by the International Association of Machinists and Aerospace Workers, it is possible that Fleet Service Agent might "work seven or more consecutive days."

25.    The allegations contained in Paragraph 25 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 25.

26.    The allegations contained in Paragraph 26 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 26.

27.    The allegations contained in Paragraph 27 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 27.

28.    The allegations contained in Paragraph 28 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 28.

29.    The allegations contained in Paragraph 29 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 29.

30.     The allegations contained in Paragraph 30 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 30.

31.     The allegations contained in Paragraph 31 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 31.

32.     The allegations contained in Paragraph 32 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 32.

33.     The allegations contained in Paragraph 33 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 33, except as follows:  US Airways admits that WorkBrain 5.0 uses "grace after exit" and "grace before start" which are unpaid codes and avers that WorkBrain 5.0 also uses "grace worked" which compensates employees who perform work during a grace period.

34.     The allegations contained in Paragraph 34 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 34.

35.     The allegations contained in Paragraph 35 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 35.

36.     The allegations contained in Paragraph 36 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 36.

37.     The allegations contained in Paragraph 37 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 37.

38.     The allegations contained in Paragraph 38 of the TAC state legal conclusions, to

which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 38.

39. The allegations contained in Paragraph 39 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 39.

40. The allegations contained in Paragraph 40 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 40.

41. The allegations contained in Paragraph 41 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 41, except as follows: US Airways avers that it is without sufficient information or knowledge to form a belief as to whether "The LWDA has not provided notice that it does not intend to investigate the alleged violations."

## CLASS ACTION ALLEGATIONS

42. The allegations contained in Paragraph 42 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 42, except as follows: US Airways admits that Plaintiffs purport to bring this action as a class action as described in Paragraph 42.

43. The allegations contained in Paragraph 43 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 43, except as follows: US Airways admits that the purported class contains more than 100 persons and that the identity of purported class members as defined in the TAC can be determined by a review of US Airways' records.

44. The allegations contained in Paragraph 44 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 44, except as follows: US Airways alleges that it is without sufficient information or knowledge to form a belief as to whether

"PLAINTIFFS' counsels are competent and experienced in litigating wage and hour class actions."

45. The allegations contained in Paragraph 45 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 45.

46. The allegations contained in Paragraph 46 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 46.

47. The allegations contained in Paragraph 47 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 47.

48. The allegations contained in Paragraph 48 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 48.

49. The allegations contained in Paragraph 49 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49.

    a. The allegations contained in Paragraph 49(a) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49(a).

    b. The allegations contained in Paragraph 49(b) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49(b).

    c. The allegations contained in Paragraph 49(c) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(c).

d.  The allegations contained in Paragraph 49(d) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(d).

e.  The allegations contained in Paragraph 49(e) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(e).

f.  The allegations contained in Paragraph 49(f) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(f).

g.  The allegations contained in Paragraph 49(g) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(g).

h.  The allegations contained in Paragraph 49(h) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(h).

i.  The allegations contained in Paragraph 49(i) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every

averment in Paragraph 49(i).

j.  The allegations contained in Paragraph 49(j) of the TAC state legal

conclusions, to which no responsive pleading is required, but to the extent

a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49(j).

    k.  The allegations contained in Paragraph 49(k) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49(k).

    l.  The allegations contained in Paragraph 49(l) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49(l).

    m.  The allegations contained in Paragraph 49(m) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 49(m).

50.    The allegations contained in Paragraph 50 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 50.

## **FIRST CAUSE OF ACTION**

### **OVERTIME COMPENSATION**

51.    Answering Paragraph 51 of the TAC, US Airways repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth above in its answers to Paragraphs 1 through 50 of the TAC, as though fully set forth herein.

52.    The allegations contained in Paragraph 52 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 52.

53.    The allegations contained in Paragraph 53 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 53.

1       54.    The allegations contained in Paragraph 54 of the TAC state legal conclusions, to

2 which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

3 Airways denies each and every averment in Paragraph 54.

4       55.    The allegations contained in Paragraph 55 of the TAC state legal conclusions, to

5 which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

6 Airways denies each and every averment in Paragraph 55, except as follows:  US Airways admits

7 that Plaintiffs purport to request relief on the stated basis.

8 **SECOND CAUSE OF ACTION**

9 **WAGES AND MINIMUM WAGE**

10       56.    Answering Paragraph 56 of the TAC, US Airways repeats and incorporates herein

11 by reference each and all of the denials, admissions, and averments set forth above in its answers

12 to Paragraphs 1 through 55 of the TAC, as though fully set forth herein.

13       57.    The allegations contained in Paragraph 57 of the TAC state legal conclusions, to

14 which no responsive pleading is required.

15       58.    The allegations contained in Paragraph 58 of the TAC state legal conclusions, to

16 which no responsive pleading is required.

17       59.    The allegations contained in Paragraph 59 of the TAC state legal conclusions, to

18 which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

19 Airways denies each and every averment in Paragraph 59.

20       60.    The allegations contained in Paragraph 60 of the TAC state legal conclusions, to

21 which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

22 Airways denies each and every averment in Paragraph 60.

23       61.    The allegations contained in Paragraph 61 of the TAC state legal conclusions, to

24 which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

25 Airways denies each and every averment in Paragraph 61.

26       62.    The allegations contained in Paragraph 62 of the TAC state legal conclusions, to

27 which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

28

Airways denies each and every averment in Paragraph 62, except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

## THIRD CAUSE OF ACTION

### WAGE STATEMENTS

63.     Answering Paragraph 63 of the TAC, US Airways repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth above in its answers to Paragraphs 1 through 62 of the TAC, as though fully set forth herein.

64.     The allegations contained in Paragraph 64 of the TAC state legal conclusions, to which no responsive pleading is required.

65.     The allegations contained in Paragraph 65 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 65.

66.     The allegations contained in Paragraph 66 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 66, except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

## FOURTH CAUSE OF ACTION

### WORK RELATED EXPENSES

67.     Answering Paragraph 67 of the TAC, US Airways repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth above in its answers to Paragraphs 1 through 66 of the TAC, as though fully set forth herein.

68.     The allegations contained in Paragraph 68 of the TAC state legal conclusions, to which no responsive pleading is required.

69.     The allegations contained in Paragraph 69 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways alleges that it is without sufficient information or knowledge to form a belief as to whether "Plaintiffs, and similarly situated employees, used their cell phones at work to communicate with management, supervisors and other employees," and avers that any such use

that did occur was a personal choice for the employee's own convenience and in violation of US Airways policies.

70.     The allegations contained in Paragraph 70 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways alleges that it is without sufficient information or knowledge to form a belief as to whether "Plaintiffs, and similarly situated employees, incurred costs and expenses, from the usage of their personal cell phones at work."

71.     The allegations contained in Paragraph 71 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 71 and avers that it has a policy in place for the reimbursement of business-related expenses.

72.     The allegations contained in Paragraph 72 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 72.

73.     The allegations contained in Paragraph 73 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 73, except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

## FIFTH CAUSE OF ACTION

### LABOR CODE §§ 201, 202, & 203

74.     Answering Paragraph 74 of the TAC, US Airways repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth above in its answers to Paragraphs 1 through 73 of the TAC, as though fully set forth herein.

75.     The allegations contained in Paragraph 75 of the TAC state legal conclusions, to which no responsive pleading is required.

76.     The allegations contained in Paragraph 76 of the TAC state legal conclusions, to which no responsive pleading is required.

77.     The allegations contained in Paragraph 77 of the TAC state legal conclusions, to which no responsive pleading is required.

78.     The allegations contained in Paragraph 78 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 78.

79.     The allegations contained in Paragraph 79 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 79, except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

<u>**SIXTH CAUSE OF ACTION**</u>

**BUSINESS AND PROFESSIONS CODE § 17200 ET SEQ.**

80.     Answering Paragraph 80 of the TAC, US Airways repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth above in its answers to Paragraphs 1 through 79 of the TAC, as though fully set forth herein.

81.     The allegations contained in Paragraph 81 of the TAC state legal conclusions, to which no responsive pleading is required.

82.     The allegations contained in Paragraph 82 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways avers that California Business & Professions Code § 17204 speaks for itself.

83.     The allegations contained in Paragraph 83 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 83.

        a.     The allegations contained in Paragraph 83(a) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 83(a).

        b.     The allegations contained in Paragraph 83(b) of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent

- 13 -

1    a responsive pleading is necessary, US Airways denies each and every

2    averment in Paragraph 83(b).

3        c.  The allegations contained in Paragraph 83(c) of the TAC state legal

4            conclusions, to which no responsive pleading is required, but to the extent

5            a responsive pleading is necessary, US Airways denies each and every

6            averment in Paragraph 83(c).

7        d.  The allegations contained in Paragraph 83(d) of the TAC state legal

8            conclusions, to which no responsive pleading is required, but to the extent

9            a responsive pleading is necessary, US Airways denies each and every

10           averment in Paragraph 83(d).

11       e.  The allegations contained in Paragraph 83(e) of the TAC state legal

12           conclusions, to which no responsive pleading is required, but to the extent

13           a responsive pleading is necessary, US Airways denies each and every

14           averment in Paragraph 83(e).

15       84.    The allegations contained in Paragraph 84 of the TAC state legal conclusions, to

16   which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

17   Airways denies each and every averment in Paragraph 84.

18       85.    The allegations contained in Paragraph 85 of the TAC state legal conclusions, to

19   which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

20   Airways denies each and every averment in Paragraph 85.

21       86.    The allegations contained in Paragraph 86 of the TAC state legal conclusions, to

22   which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

23   Airways denies each and every averment in Paragraph 86.

24       87.    The allegations contained in Paragraph 87 of the TAC state legal conclusions, to

25   which no responsive pleading is required, but to the extent a responsive pleading is necessary, US

26   Airways denies each and every averment in Paragraph 87.

27

28

88.     The allegations contained in Paragraph 88 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 88.

89.     The allegations contained in Paragraph 89 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 89.

90.     The allegations contained in Paragraph 90 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 90 except as follows:  US Airways admits that Plaintiffs purport to request relief on this basis.

91.     The allegations contained in Paragraph 91 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 91.

92.     The allegations contained in Paragraph 92 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 92.

93.     The allegations contained in Paragraph 93 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 93.

94.     The allegations contained in Paragraph 94 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 94 except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

95.     The allegations contained in Paragraph 95 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 95 except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

96.     The allegations contained in Paragraph 96 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 96.

**SEVENTH CAUSE OF ACTION**

**LABOR CODE § 2699**

97.     Answering Paragraph 97 of the TAC, US Airways repeats and incorporates herein by reference each and all of the denials, admissions, and averments set forth above in its answers to Paragraphs 1 through 96 of the TAC, as though fully set forth herein.

98.     The allegations contained in Paragraph 98 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 98 and avers that California Labor Code § 2699 speaks for itself.

99.     The allegations contained in Paragraph 99 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 99.

100.     The allegations contained in Paragraph 100 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 100, except as follows: US Airways admits that Plaintiff Angeles mailed Exhibit A to the LWDA.

101.     The allegations contained in Paragraph 101 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 101 of the TAC, except as follows:  US Airways admits that Plaintiff Angeles mailed Exhibit A to the LWDA.

102.     The allegations contained in Paragraph 102 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 102 of the TAC, except as follows:  US Airways alleges that it is without sufficient information or knowledge to form a belief as to

whether "[t]he LWDA has not provided notice that it does not intend to investigate the alleged violations."

103.     The allegations contained in Paragraph 103 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 103 except as follows:  US Airways admits that Plaintiffs purport to request relief on the stated basis.

104.     The allegations contained in Paragraph 104 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 104.

105.     The allegations contained in Paragraph 105 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 105.

106.     The allegations contained in Paragraph 106 of the TAC state legal conclusions, to which no responsive pleading is required, but to the extent a responsive pleading is necessary, US Airways denies each and every averment in Paragraph 106.

US Airways further denies each and every, all and singular, allegation and/or averment contained in the TAC, except to the extent specifically admitted herein.

**PRAYER FOR RELIEF**

To the extent that any response is required to the TAC's separately denominated Prayer for Relief, US Airways denies each and every averment contained in the Prayer for Relief and further denies that Plaintiffs or the alleged putative class were damaged in the sum alleged or sums alleged or in any sum or at all.

**AS AND FOR ITS AFFIRMATIVE DEFENSES TO ALL CAUSES OF ACTION PURPORTED TO BE SET FORTH AGAINST IT BY PLAINTIFFS ON BEHALF OF THEMSELVES, AND ON BEHALF OF THE PUTATIVE MEMBERS OF EACH PURPORTED CLASS AS SET FORTH IN THE THIRD AMENDED COMPLAINT, US AIRWAYS ALLEGES AS FOLLOWS, SUBJECT TO US AIRWAYS' RIGHT TO**

**AMEND AND ASSERT SUCH OTHER AFFIRMATIVE DEFENSES AS MAY BECOME**

2 **AVAILABLE DURING DISCOVERY IN THIS ACTION:**

3 **FIRST AFFIRMATIVE DEFENSE**

4 Failure to State a Cause of Action

5     Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

6 members of each purported class as set forth in the Third Amended Complaint, or some of them,

7 fail to state facts sufficient to constitute a cause of action against US Airways.

8 **SECOND AFFIRMATIVE DEFENSE**

9 Statute of Limitations

10     Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

11 members of each purported class as set forth in the Third Amended Complaint, or some of them,

12 are barred in whole or in part by the applicable statutes of limitations, including without

13 limitation, the limitations periods prescribed in California Business and Professions Code §

14 17208, California Labor Code § 203, and California Civil Procedure Code §§ 338, 340, and/or

15 343.

16 **THIRD AFFIRMATIVE DEFENSE**

17 Dismissed Claims / Law of the Case

18     Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

19 members of each purported class as set forth in the Third Amended Complaint, or some of them,

20 are barred in whole or in part pursuant to the Order Granting in Part and Denying in Part Motion

21 to Dismiss [Doc. No. 23], dated February 19, 2013, and/or the Order Granting Motion for Partial

22 Dismissal of Plaintiffs' Second Amended Complaint [Doc. No. 38], dated June 26, 2013.

23 **FOURTH AFFIRMATIVE DEFENSE**

24 Preemption

25     Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

26 members of each purported class as set forth in the Third Amended Complaint, or some of them,

27 are barred in whole or in part because they are preempted by the Railway Labor Act, 29 U.S.C.

28 §§ 151 *et seq.* and/or the Airline Deregulation Act, 49 U.S.C. §§ 40120 *et seq.*

## FIFTH AFFIRMATIVE DEFENSE

### Lawful Exemptions

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part by California Labor Code §§ 514 and/or 515 and/or Industrial Welfare Commission Orders No. 9-2001, §§ 1(E) and/or 3(N) and No. 9-90 §§ 1(D) and/or 3(J).

## SIXTH AFFIRMATIVE DEFENSE

### Failure to State a Cause of Action for Damages

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, and each of them, fail to state facts sufficient to constitute a cause of action against US Airways for compensatory damages, actual or consequential damages, special or incidental damages, disgorgement or restitution, statutory penalties, declaratory or injunctive relief, interest, or attorneys' fees and costs.

## SEVENTH AFFIRMATIVE DEFENSE

### No "Willful" Violations ("Waiting Time Penalties")

Neither Plaintiffs nor any putative class members are entitled to "waiting time" penalties because any wages due at the time of separation from employment were paid consistent with California Labor Code §§ 201 & 202 and/or because US Airways' behavior was not willful within the meaning of California Labor Code § 203.

## EIGHTH AFFIRMATIVE DEFENSE

### No "Knowing and Intentional" Violations and No Injury

Neither Plaintiffs nor any putative class members are entitled to penalties under California Labor Code § 226 because US Airways' behavior was not "knowing and intentional" and/or because no injury was suffered.

## NINTH AFFIRMATIVE DEFENSE

### No Class/Representative Action

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

members of each purported class as set forth in the Third Amended Complaint, cannot and should not be maintained on a class-action or representative action basis because: those claims, and each of them, fail to meet the necessary requirements for class certification, including, *inter alia*, class ascertainability, typicality, commonality, numerosity, manageability, superiority, and adequacy of the class representative; lack of a community of interest among the putative class; and/or because class certification is inappropriate due to US Airways' lawful policies, pursuant to *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541 (2011) and *Brinker Rest. Corp. v. Superior Court (Hohnbaum)*, 53 Cal.4th 1004 (2012).

## TENTH AFFIRMATIVE DEFENSE

### Unconstitutional Class/Representative Action

Certification of a class action or representative action under the circumstances of this case would violate US Airways' rights under the United States Constitution and the California Constitution.

## ELEVENTH AFFIRMATIVE DEFENSE

### No Standing

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, are barred in whole or in part because Plaintiffs and the putative class members, or some of them, lack standing. Further, Plaintiffs and the putative class members, or some of them, lack standing with respect to their claims for injunctive relief because Plaintiffs and some of the putative class members are former employees of US Airways.

## TWELFTH AFFIRMATIVE DEFENSE

### Attorneys' Fees

US Airways is entitled to recover all costs and attorneys' fees incurred herein, pursuant to, by way of example and not of limitation, California Labor Code Section § 218.5.

## THIRTEENTH AFFIRMATIVE DEFENSE

### Conduct Reasonable And In Good Faith/Not Willful

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part because US Airways has at all times acted in good faith, in conformity with and in reliance on written administrative regulations, orders, rulings, guidelines, approvals and/or interpretations of federal and California agencies, and on the basis of a good-faith and reasonable belief that it had complied fully with California wage and hour laws.

## FOURTEENTH AFFIRMATIVE DEFENSE

### Waiver

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part because such claims have been waived, discharged and/or abandoned.

## FIFTEENTH AFFIRMATIVE DEFENSE

### Accord and Satisfaction, Payment

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part by the principles of accord and satisfaction, and payment.

## SIXTEENTH AFFIRMATIVE DEFENSE

### Release

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part because said claims have been released by the employee(s) in question.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### Setoff and Recoupment

If any damages have been sustained by Plaintiffs, or by any putative members of any purported class as set forth in the Third Amended Complaint, although such is not admitted hereby or herein and is specifically denied, US Airways is entitled under the equitable doctrine of setoff and recoupment to offset all obligations of the Plaintiffs or putative class members owed to

US Airways against any judgment that may be entered against US Airways

## EIGHTEENTH AFFIRMATIVE DEFENSE

### No Jury Trial

Plaintiffs are not entitled to have equitable issues or matters of law tried to a jury, and Plaintiffs' demand for a jury trial should be so limited.

## NINETEENTH AFFIRMATIVE DEFENSE

### Restitution Only

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part to the extent they seek to receive penalties or other non-restitutionary awards pursuant to the California Business & Professions Code.

## TWENTIETH AFFIRMATIVE DEFENSE

### Estoppel

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part because Plaintiffs and the putative class members are estopped by their own conduct to claim any right to damages or other monetary relief, or any additional damages or other monetary relief, from US Airways.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### Unclean Hands

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part by Plaintiffs' and the putative class members' unclean hands and/or inequitable or wrongful conduct.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### Laches

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them,

are barred in whole or in part by the doctrine of laches.

## **TWENTY-THIRD AFFIRMATIVE DEFENSE**

### Due Process

Any award under Plaintiffs' sixth and/or seventh causes of action, brought on behalf of themselves and the putative members of each purported class and/or group of "aggrieved employees" defined in the Third Amended Complaint, pursuant to the California Business & Professions Code and/or the California Labor Code, would violate the Excessive Fines and Due Process Clauses of the United States and California Constitutions.

## **TWENTY-FOURTH AFFIRMATIVE DEFENSE**

### Unjust, Arbitrary and Oppressive, or Confiscatory Penalties

Plaintiffs, and the putative members of each purported class defined in the Third Amended Complaint, are not entitled to recover any civil penalties and/or fines pursuant to Plaintiffs' causes of action, because, under the circumstances of this case, any such recovery would be unjust, arbitrary and oppressive, or confiscatory.

## **TWENTY-FIFTH AFFIRMATIVE DEFENSE**

### Proper Calculations and Documentation

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred in whole or in part because at all relevant times at issue, US Airways properly tracked the hours worked by Fleet Service Agents, compensated them for hours worked at the appropriate rates pursuant to California law, and documented such compensation in legally sufficient wage statements.

## **TWENTY-SIXTH AFFIRMATIVE DEFENSE**

### Adequate Remedy at Law

Injunctive relief in this matter is inappropriate because Plaintiffs, and the putative members of each purported class defined in the Third Amended Complaint, or some of them, have an adequate remedy at law and/or other requirements for granting injunctive relief cannot be satisfied.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### Consent

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred to the extent that Plaintiffs and members of the putative class caused, consented to, and/or welcomed the actions complained of to the extent, if any, that they occurred.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### Unconstitutional Remedy

Any finding of liability pursuant to the California Business & Professions Code §§ 17200 *et seq.* or California Labor Code §§ 2698 *et seq.* would violate the Due Process Clauses of the United States and California Constitutions because, inter alia, the standards of liability under the Business & Professions Code are unduly vague and subjective, and permit retroactive, random, arbitrary and capricious punishment that serves no legitimate governmental interest.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### Deprivation of Due Process

California Labor Code §§ 2698 *et seq.* violates the Due Process Clauses of the United States and California Constitutions to the extent it authorizes actions to be brought on behalf of a class and/or group or "aggrieved employees" without requiring class certification of all persons allegedly injured by the challenged act or practice.

## THIRTIETH AFFIRMATIVE DEFENSE

### Failure to Exhaust Administrative Remedies

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred because Plaintiffs failed to exhaust administrative remedies as required by California Labor Code § 2699.3(a)(1).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### Failure to Exhaust CBA Remedies

Plaintiffs' claims, and each of them, brought on behalf of themselves and the putative

members of each purported class as set forth in the Third Amended Complaint, or some of them, are barred because Plaintiffs failed to exhaust administrative and/or alternative remedies as required by the collective bargaining agreement.

**WHEREFORE**, Defendant US Airways, Inc. prays as follows:

1.      That the Third Amended Complaint and each cause of action therein be dismissed with prejudice;

2.      That Plaintiffs and the putative class take nothing by way of the Third Amended Complaint;

3.      That US Airways be awarded costs of suit and attorney's fees herein; and

4.      That the Court order such other and further relief for US Airways as the Court may deem just and proper.

Dated: November 27, 2013

O'MELVENY & MYERS LLP
ROBERT A. SIEGEL
ADAM P. KOHSWEENEY


By: /s/ Adam P. KohSweeney
Adam P. KohSweeney
Attorneys for Defendant US Airways, Inc.