1   ROBERT A. SIEGEL (S.B. #64604)
    rsiegel@omm.com
2   O'MELVENY & MYERS LLP
    400 South Hope Street, 18th Floor
3   Los Angeles, CA  90071-2899
    Telephone:     213-430-6000
4   Facsimile:     213-430-6407

5   ADAM P. KOHSWEENEY (S.B. #229983)
    akohsweeney@omm.com
6   O'MELVENY & MYERS LLP
    Two Embarcadero Center, 28th Floor
7   San Francisco, CA  94111-3823
    Telephone:     415-984-8912
8   Facsimile:     415-984-8701

9   Attorneys for Defendant
    US Airways, Inc.
10

11                  **UNITED STATES DISTRICT COURT**

12                 **NORTHERN DISTRICT OF CALIFORNIA**

13                    **SAN FRANCISCO DIVISION**

14

15

16  JOSEPH TIMBANG ANGELES, NOE            Case No. 3:12-cv-05860 CRB
    LASTIMOSA, on behalf of themselves and
17  on behalf of others similarly situated, and   **NOTICE OF MOTION AND MOTION OF**
    the general public,                            **DEFENDANT US AIRWAYS, INC. FOR**
18                                                 **JUDGMENT ON THE PLEADINGS**
                    Plaintiffs,                    **UNDER FEDERAL RULE OF CIVIL**
19                                                 **PROCEDURE 12(C)**
            v.
20                                                 Hearing Date:  February 28, 2014
                                                   Time:  10:00 A.M.
21  US AIRWAYS, INC., and DOES 1                   Courtroom:  6
    through 50,                                    Judge:  Hon. Charles R. Breyer
22                  Defendants.
                                                   [REQUEST FOR JUDICIAL NOTICE FILED
23                                                 CONCURRENTLY HEREWITH]

24

25

26

27

28

**TO PLAINTIFF JOSEPH TIMBANG ANGELES AND NOE LASTIMOSA AND THEIR**

**ATTORNEYS OF RECORD IN THIS ACTION:**

**PLEASE TAKE NOTICE** that on Friday, February 28, 2014, at 10:00 A.M., or as soon

thereafter as this matter may be heard in Courtroom 6 of the above-entitled Court, located at 450

Golden Gate Avenue, San Francisco, California, 94109, Defendant US Airways, Inc.

("Defendant" or "US Airways") will move, and hereby does move, pursuant to Rule 12(c) of the

Federal Rules of Civil Procedure for judgment on the pleadings as to the First Cause of Action

(overtime claim) in the Third Amended Complaint ("TAC") filed in this Action by Plaintiffs

Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs"), as well as Plaintiffs' Third Cause of

Action (wage statement claim), Fifth Cause of Action (waiting time penalties claim), Sixth Cause

of Action (UCL claim), and Seventh Cause of Action (PAGA claim) to the extent they are

predicated on the deficient First Cause of Action.

Defendant's Motion is made pursuant to Wage Order 9-2001 § 1(E) (the "RLA

Exemption"), and Wage Order 9-2001 § 3(N) (the "Voluntary Modification Exemption").  The

RLA Exemption exempts employers that have entered into a collective bargaining agreement

("CBA") pursuant to the Railway Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA") from California's

statutory overtime requirements.  The Voluntary Modification Exemption exempts employers,

regardless of the presence of a collective bargaining agreement, from California's statutory

overtime requirements where an airline employee works over forty hours but not more than sixty

hours in a workweek pursuant to a voluntary shift trade.  Both exemptions apply here and

accordingly Plaintiffs' First Cause of Action for unpaid overtime is deficient as a matter of law.

As a result, Plaintiffs' Third (wage statement claim), Fifth (waiting time penalties claim), Sixth

(UCL claim), and Seventh (PAGA claim) Causes of Action fail to the extent they are predicated

on the deficient First Cause of Action.  Defendant's Motion is based on this Notice of Motion and

Motion; Defendant's supporting Memorandum of Points and Authorities; the Request for Judicial

Notice filed concurrently herewith, which attaches Exhibits A-I; this Court's February 19, 2013

Order [dkt. 23] ("February 19 Order"); all pleadings and papers on file with the Court in this

action; and such other matters as may be presented to the Court at or before the hearing of this

US AIRWAYS' MOT. FOR JUDGMENT ON
THE PLEADINGS UNDER FRCP 12(C)
CASE NO. 3:12-CV-05860 CRB

1   Motion.

2

3     Dated:  January 21, 2014

4                                          O'MELVENY & MYERS LLP
                                           ROBERT A. SIEGEL
5                                          ADAM P. KOHSWEENEY

6
                                           By:____/s/ Adam P. KohSweeney_____
7                                                Adam P. KohSweeney
                                           Attorneys for Defendant US Airways, Inc.
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

US AIRWAYS' MOT. FOR JUDGMENT ON
                                           THE PLEADINGS UNDER FRCP 12(C)
                                           CASE NO. 3:12-CV-05860 CRB

1

**TABLE OF CONTENTS**

2

**Page**

3

SUMMARY OF ARGUMENT ................................................................................ V

STATEMENT OF FACTS AND PROCEDURAL HISTORY.................................... 1

ARGUMENT ............................................................................................................ 2

    I.      LEGAL STANDARD.............................................................................. 2

    II.     WAGE ORDER 9'S RLA EXEMPTION EXEMPTS US AIRWAYS, PLAINTIFFS, AND THE PURPORTED CLASS FROM SECTION 510 OF THE CALIFORNIA LABOR CODE AND, ACCORDINGLY, THE FIRST CAUSE OF ACTION FAILS AS A MATTER OF LAW......................... 2

          A.     US Airways, Plaintiffs, and the Purported Class of FSAs Meet the Requirements of the RLA Exemption......................................... 2

          B.     Labor Code § 515(b) Authorizes the IWC to Retain Wage Order Exemptions Applicable to California's Statutory Overtime Requirements................................................................................. 3

          C.     The RLA Exemption Meets the Requirements of Section 515(b) and, Therefore Exempts US Airways from California's Statutory Overtime Requirements ............................................................... 6

    III.    WAGE ORDER 9'S VOLUNTARY MODIFICATION EXEMPTION EXEMPTS US AIRWAYS, PLAINTIFFS, AND THE PURPORTED CLASS FROM SECTION 510 OF THE CALIFORNIA LABOR CODE FOR CERTAIN HOURS WORKED AND, ACCORDINGLY, THE FIRST CAUSE OF ACTION PARTIALLY FAILS AS A MATTER OF LAW.................................................................................................. 7

    IV.    PLAINTIFFS' CAUSES OF ACTION FOR INACCURATE WAGE STATEMENTS, WAITING TIME PENALTIES, AND VIOLATIONS OF THE UCL AND PAGA MUST ALSO BE DISMISSED TO THE EXTENT THEY RELY ON PLAINTIFFS' DEFICIENT CAUSES OF ACTION.................................................................................................. 8

CONCLUSION......................................................................................................... 9

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Blackwell v. SkyWest Airlines, Inc.*,
 245 F.R.D. 453 (S.D. Cal. 2007)....................................................................8

*Blackwell v. SkyWest Airlines, Inc.*,
 No. 06cv0307, 2008 WL 5103195 (S.D. Cal. Dec. 3, 2008)...........................8

*Brinker Rest. Corp. v. Superior Court*,
 53 Cal. 4th 1004 (2012) ..................................................................................4

*Cafasso v. Gen. Dynamics C4 Sys., Inc.*,
 637 F.3d 1047 (9th Cir. 2011).........................................................................2

*Collins v. Overnite Transp. Co.*,
 105 Cal. App. 4th 174 (2003) ...............................................................passim

*Coto Settlement v. Eisenberg*,
 593 F.3d 1031 (9th Cir. 2010).........................................................................2

*Fitz-Gerald v. SkyWest, Inc.*,
 155 Cal. App. 4th 411 (2007) .........................................................................8

*Fleming v. Pickard*,
 581 F.3d 922 (9th Cir. 2009)...........................................................................2

*Holloway v. Best Buy Co.*,
 No. C05-5056, 2009 WL 1533668 (N.D. Cal. May 28, 2009)........................2

*Strigliabotti v. Franklin Resources, Inc.*,
 398 F. Supp. 2d 1094 (N.D. Cal. 2005) ..........................................................2

STATUTES

42 U.S.C. §§ 151 *et seq.*........................................................................passim

45 U.S.C. § 151a .............................................................................................9

Cal. Lab. Code § 510 ..............................................................................passim

Cal. Lab. Code § 514 ...................................................................................4, 5

Cal. Lab. Code § 515(b)..........................................................................passim

Cal. Lab. Code § 1350.5(b) (repealed 1984)...................................................8

1

2

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

3

**OTHER AUTHORITIES**

AB 60 ............................................................................................................ 5, 6

Cal. Wage Order 9 ....................................................................................... passim

Cal. Wage Order 9-76 ........................................................................................ 6

Cal. Wage Order 9-80 ..................................................................................... 7, 8

Cal. Wage Order 9-90 ..................................................................................... 7, 8

Cal. Wage Order 9-2000 ................................................................................. 7, 8

Cal. Wage Order 9-2001 ............................................................................... passim

DLSE Memo re: Understanding AB 60: An In Depth Look at the Provisions of the "Eight
    Hour Day Restoration and Workplace Flexibility Act of 1999 ............................... 6

FAA, Airline Certificate Information, US Airways Inc .......................................... 9

IWC Statement of Findings (1976) ....................................................................... 6

IWC Statement as to the Basis upon Which IWC Order No. 9-80 Is Predicated .......... 8

**RULES**

Fed. R. Civ. P. 12(b) ........................................................................................ 2

Fed. R. Civ. P. 12(b)(6) ..................................................................................... 2

Fed. R. Civ. P. 12(c) ........................................................................................ 2

Fed. R. Evid. § 201 .......................................................................................... 2

Fed. R. Evid. § 201(b) ...................................................................................... 2

1

**SUMMARY OF ARGUMENT**

2     Plaintiffs Joseph Timbang Angeles and Noe Lastimosa ("Plaintiffs"), on behalf of

3 themselves as well as a putative class of California-based current and former Fleet Service Agents

4 ("FSAs") of Defendant US Airways, Inc. ("US Airways" or "Defendant"), contend in their First

5 Cause of Action in their Third Amended Complaint ("TAC") that US Airways failed to pay

6 overtime in connection with voluntary shift trades and in connection with "grace periods,"

7 allegedly in violation of provisions of the California Labor Code.  This claim, however, fails as a

8 matter of law because two separate provisions of California Wage Order 9-2001 exempt US

9 Airways from the overtime obligations of the California Labor Code.  The first provision, Wage

10 Order 9-2001 § 1(E) (the "RLA Exemption"), exempts employers from paying overtime if the

11 employer has entered into a collective bargaining agreement ("CBA") pursuant to the Railway

12 Labor Act, 45 U.S.C. § 151 *et seq.* ("RLA") with a union representing its employees.  The second

13 provision, Wage Order 9-2001 § 3(N) (the "Voluntary Modification Exemption"), exempts

14 employers from paying overtime when an airline employee works over forty hours but not more

15 than sixty hours in a workweek pursuant to a temporary modification in the employee's normal

16 work schedule, such as a voluntary shift trade.  The Voluntary Modification Exemption applies

17 regardless of whether there is a CBA.  In US Airways' case, both exemptions apply.  However,

18 the RLA Exemption entitles US Airways to judgment on the pleadings with respect to the First

19 Cause of action in its entirety.[1]  This Court has already recognized that US Airways and

20 Plaintiffs' union, the International Association of Machinists and Aerospace Workers ("IAM"),

21 have entered into a CBA under and in accordance with the RLA.  (Order Granting in Part and

22 Denying in Part Mot. to Dismiss, Feb. 19, 2013 [dkt. 23] ("Feb. 19 Order") at 8.)  Accordingly,

23 the entirety of Plaintiffs' First Cause of Action for unpaid overtime fails.

24

25

26

---

27 [1] The Voluntary Modification Exemption also entitles US Airways to partial judgment on the pleadings, to the extent that Plaintiffs and members of the putative class worked between forty

28 and sixty hours per workweek as a result of voluntary shift trades.

1      Although these exemptions are contained in Wage Order 9 they also exempt US Airways

2  from the overtime requirements of the California Labor Code.  The Industrial Welfare

3  Commission ("IWC"), a legislative commission created by the California Legislature,

4  promulgated the RLA Exemption in 1976 and the Voluntary Modification Exemption in 1980

5  pursuant to its authority to regulate wages, hours of work, and conditions of employment in

6  California.  At that time, the California Labor Code did not regulate overtime.  In 1999, the

7  California Legislature amended the California Labor Code to institute specific overtime

8  requirements, but also specifically empowered the IWC to  "review, ***retain***, or eliminate an

9  exemption from provisions regulating hours of work ***that was contained in a valid wage order in***

10 ***effect in 1997***."  Labor Code § 515(b) (emphasis added).  Pursuant to this authority, the IWC

11 retained the RLA Exemption and Voluntary Modification Exemption in every version of Wage

12 Order 9 since their original promulgation.  Because Labor Code § 515(b) authorizes the retention

13 of any exemption in effect in 1997, the RLA Exemption and Voluntary Modification Exemption

14 apply to the overtime requirements of ***both*** the wage order ***and*** the Labor Code.  *Collins v.*

15 *Overnite Transport. Co.*, 105 Cal. App. 4th 171 (2003).

16      Pursuant to these exemptions, US Airways respectfully moves for judgment on the

17 pleadings on the First Cause of Action based on the RLA Exemption and the Voluntary

18 Modification Exemption.  US Airways moves for judgment of the pleadings on the Third, Fifth,

19 Sixth, and Seventh Causes of Action to the extent they derive from the First Cause of Action.

20

21

22

23

24

25

26

27

28

**STATEMENT OF FACTS AND PROCEDURAL HISTORY**

Plaintiffs are former US Airways employees who were previously employed as Fleet Service Agents ("FSAs") at San Francisco International Airport. For the entire proposed class period, the terms and conditions of Plaintiffs' and putative class members' employment were governed by collective bargaining agreements ("CBAs") between US Airways and Plaintiffs' and the putative class members' unions. These CBAs were entered into under and in accordance with the provisions of the RLA. (Feb. 19 Order at 8.)[2]

On June 22, 2012, Plaintiffs filed, but did not serve, their initial Complaint in this matter in the Superior Court of the State of California, County of San Francisco. On October 17, 2012, US Airways received a summons and First Amended Complaint. On November 15, 2012, US Airways filed a Notice of Removal to this Court [dkt. 1]. Subsequently, two motions to dismiss have been filed [dkts. 6 & 28], which the Court granted in part and denied in part [dkts. 23 & 38]. The current operative complaint is the Third Amended Complaint ("TAC") filed on November 11, 2013 [dkt. 52], which US Airways answered on November 27, 2013 [dkt. 55], thus closing the pleadings in this case. US Airways has not previously filed a dispositive motion regarding Plaintiffs' Labor Code-based overtime claims based on wage order exemptions.

The TAC's First Cause of Action contends that US Airways is required, but fails, to pay overtime for hours worked (1) as a result of voluntary, employee-initiated shift trades pursuant to the shift trade policy set out in Article 5 of the IAM CBA (the "shift-trade overtime claim") and (2) as a result of alleged "grace periods" before and after scheduled shifts (the "grace-period overtime claim") (collectively, the "First Cause of Action" or the "overtime claim"). (*See* TAC ¶¶ 51-55.) Plaintiffs' claims regarding wage statements (Third Cause of Action or "wage statement claim") (*see* TAC ¶¶ 63-66), compensation upon discharge (Fifth Cause of Action or

---

[2] Due to the merger of US Airways and America West in 2005, some of the provisions of a CBA between America West and the Transport Workers Union ("TWU") governed the employment of FSAs who were formerly employed by America West for part of 2008. From January 1, 2009 forward, however, all US Airways FSAs have been subject to the CBA between US Airways and the International Association of Aerospace Workers and Machinists ("IAM"). Both parties agree that, for purposes of the shift trade and overtime policies, there are no material differences between the two collective bargaining agreements.

1    "waiting time penalties claim") (*see* TAC ¶¶ 74-79), California's unfair competition law ("UCL")

2    (Sixth Cause of Action or "UCL claim") (*see* TAC ¶¶ 80-96), and California's Private Attorneys

3    General Act ("PAGA") (Seventh Cause of Action  or "PAGA claim") (*see* TAC ¶¶ 97-106), are

4    all predicated in part on the overtime claim.

5                                            **ARGUMENT**

6    **I.      LEGAL STANDARD**

7              Under Federal Rule of Civil Procedure 12(c), a motion for judgment on the pleadings may

8    be focused on individual causes of action, *Strigliabotti v. Franklin Resources, Inc.*, 398 F. Supp.

9    2d 1094, 1097 (N.D. Cal. 2005), and may partially attack an individual cause of action.  *Holloway*

10   *v. Best Buy Co.,* No. C05-5056, 2009 WL 1533668, at *4 (N.D. Cal. May 28, 2009) (considering

11   defendant's "motion for judgment on the pleadings as to less than entire causes of action").  A

12   motion for judgment on the pleadings must be granted when, even if all material facts in the

13   pleading at issue are true, the moving party is entitled to judgment as a matter of law.  *Fleming v.*

14   *Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).[3]

15   **II.     WAGE ORDER 9'S RLA EXEMPTION EXEMPTS US AIRWAYS, PLAINTIFFS,
16           AND THE PURPORTED CLASS FROM SECTION 510 OF THE CALIFORNIA
             LABOR CODE AND, ACCORDINGLY, THE FIRST CAUSE OF ACTION FAILS
17           AS A MATTER OF LAW**

18           **A.      US Airways, Plaintiffs, and the Purported Class of FSAs Meet the
                       Requirements of the RLA Exemption**

19           The RLA Exemption plainly applies to US Airways, Plaintiffs, and the purported class of

20   FSAs.  The RLA Exemption states:  "Except as provided in Sections 4, 10, 11, 12, and 20 through

21   22, this order shall not be deemed to cover those employees who have entered into a collective

22   _____

23   [3] Upon a Rule 12(c) motion, the Court may consider matters of public record.  *See Coto*
     *Settlement v. Eisenberg*, 593 F.3d 1031, 1038 (9th Cir. 2010) (12(b)(6) motion to dismiss); *see*
24   *also Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1055 n.4 (9th Cir. 2011) (noting that
     a Rule 12(c) motion is "functionally identical" to a Rule 12(b) motion, and "the same standard of
25   review applies to both").  Moreover, the Court may take judicial notice of, and therefore consider,
     matters that (1) are "generally known within the trial court's territorial jurisdiction" or (2) "can be
26   accurately and readily determined from sources whose accuracy cannot reasonably be
     questioned."  Fed. R. Evid. § 201(b).  Accordingly, though US Airways believes the wage orders
27   and other historical documents filed with this Motion constitute "matters of public record," US
     Airways has filed an accompanying request that the court take judicial notice of these documents,
28   pursuant to Federal Rule of Evidence 201  (*See* Request for Judicial Notice in Support of Mot. of
     Def. US Airways' for J. on the Pleadings under Fed. R. Civ. P. 12(c) (hereinafter, "RJN")).)

1   bargaining agreement under and in accordance with the provisions of the Railway Labor Act, 45

2   U.S.C. Sections 151 et seq." (RJN, Ex. A, Wage Order 9-2001 § 1(E).)  Accordingly, other than

3   the excluded sections,[4] the RLA Exemption exempts covered employees from all provisions of

4   Wage Order 9, including daily and weekly overtime found in section 3 of Wage Order 9.  Here,

5   the unions representing Plaintiffs and the purported class of FSAs have entered into CBAs with

6   US Airways under and in accordance with the provisions of the RLA.  Indeed, this Court has held

7   that "both of the operative CBAs contain provisions indicating that they were entered into in

8   accordance with the provisions of the RLA." (Feb. 19 Order at 8.)  As explained below, the RLA

9   Exemption exempts US Airways from the overtime requirements of the Labor Code, including

10  Labor Code § 510.

11  **B.      Labor Code § 515(b) Authorizes the IWC to Retain Wage Order Exemptions
            Applicable to California's Statutory Overtime Requirements**
12

13          Overtime exemptions contained in Wage Order 9, such as the RLA Exemption, shall

14  control over Labor Code overtime requirements when those exemptions meet the requirements of

15  Labor Code § 515(b).  *See Collins v. Overnite Transp. Co.*, 105 Cal. App. 4th 171 (2003).  Labor

16  Code § 515(b) specifically empowers the IWC to "review, ***retain***, or eliminate an exemption from

17  provisions regulating hours of work that was contained in a valid wage order in effect in 1997."

18  (emphasis added).  In other words, overtime exemptions that existed in valid wage orders in effect

19  in 1997 and remained intact in subsequent wage orders exempt employers from statutory

20  overtime requirements.  *Collins*, 105 Cal. App. 4th at 180-81.  The RLA Exemption meets these

21  criteria of Section 515(b).

22          *Collins*, which dealt with the "motor carrier exemption" of Wage Order 9, is the lead case

23  interpreting Labor Code § 515(b) and explains in detail why Section 515(b) provides that certain

24  exemptions in the wage orders control over the Labor Code's general overtime requirements.  In

25  *Collins*, plaintiff truck drivers brought a class action against their employer seeking compensation

26  for allegedly unpaid overtime premised on violations of Labor Code § 510.  *Id.* at 173.  The

27  _____

28  [4] Sections 4, 10, 11, 12, and 20 through 22 cover minimum wage, meals and lodging, meal
    periods, rest periods, penalties, separability, and postings.  (*Id.*)

1   *Collins* court held that Wage Order 9's motor carrier exemption was a valid exemption to the

2   Labor Code's overtime requirements even though the Labor Code itself did not provide a similar

3   exemption. *Id.* at 180-81. The trial court granted Overnite's demurrer pursuant to Wage Order

4   9's motor carrier exemption. *Id.* at 173. On appeal, plaintiffs argued that Labor Code § 510

5   impliedly repealed—and/or otherwise took precedence over—Wage Order 9. *Id.* at 177. In

6   affirming the trial court, the Court of Appeal reasoned that the plaintiffs' desired interpretation

7   would be "an absurd result." *Id.* at 180. The Court of Appeal explained that there was no

8   evidence that the Labor Code's statutory requirements were intended to eliminate the wage

9   orders' historical exemptions. The court found that "[s]uch an interpretation would create

10  separate and conflicting spheres of regulation by the IWC and the Legislature." *Id.* Indeed, this

11  finding was compelled by the historical context of Labor Code § 515(b).

12      In California, employment relationships are governed by overlapping sources of authority:

13  first, the California Labor Code enacted by the California Legislature and, second, a series of

14  wage orders adopted by the IWC. *Brinker Rest. Corp. v. Superior Court*, 53 Cal. 4th 1004, 1026-

15  27 (2012); *see Collins*, 105 Cal. App. 4th at 174 ("In the exercise of [its] quasi-legislative

16  endeavor, the IWC has promulgated 15 wage orders" regulating the wages, hours, and working

17  conditions of employees in California.).[5]  Historically, the IWC wage orders required that

18  overtime be paid for hours worked over eight in a day and forty in a week, but also provided a

19  series of exemptions to these overtime requirements. Before 2000, **the Labor Code did not**

20  **contain specific overtime requirements**—overtime was regulated solely by the wage orders.[6]

21  This framework was altered in 1998, when the IWC amended the wage orders to eliminate the

22  requirement that overtime be paid for hours worked in excess of eight hours per day. *See Collins*,

23

24  [5] For example, some requirements and exemptions are common to both the Labor Code and the
    wage orders. *Compare* Cal. Lab. Code § 510 *with* Wage Order 9-2001§ 3(A)(1); Cal. Lab. Code
25  § 514 *with* Wage Order 9-2001 § 3(H). Other exemptions are found only in the wage orders, and
    may control over Labor Code requirements pursuant to Labor Code § 515(b). *See Collins*, 105
26  Cal. 4th at 181 (concluding that the motor carrier exemption, found in numerous wage
    orders but not the Labor Code, exempted motor carriers from the overtime requirements of both
27  Wage Order 9 and the Labor Code).

    [6] During this time, Labor Code § 510 provided only that "Eight hours of labor constitutes a day's
28  work, unless it is otherwise expressly stipulated by the parties to a contract . . . ."

105 Cal. App. 4th at 176. In response to the 1998 wage order revisions, however, the California

Assembly drafted the Eight-Hour-Day Restoration and Workplace Flexibility Act of 1999

("AB60") which amended the Labor Code to reinstate daily overtime as a statutory requirement.

*See* AB60 (Knox), 1999 Cal ALS 134, 1999 Cal AB 60, 1999 Cal Stats. ch. 134 (Cal. 1999)

(hereinafter "AB60"). In addition, AB60 nullified the ***1998 versions*** of the IWC wage orders,

including Wage Order 9-98, and reinstated those versions that were in effect in 1997, including

Wage Order 9-90. *Id.* § 21.

   Though AB60 reinstated the daily overtime requirement, it also ***retained the valid 1997***

***exemptions*** to the overtime requirements. Specifically, AB60 added section 515(b) to the

California Labor Code, preserving the IWC's authority to "***retain*** . . . exemptions from the hours

requirements that were contained in a valid wage order in effect in 1997." *See* AB60 at Digest

(emphasis added). Section 515(b) now states:

> Except as otherwise provided in this section and in subdivision (g) of Section 511,
> nothing in this section requires the commission to alter an exemption from
> provisions regulating hours of work that was contained in a valid wage order in
> effect in 1997. Except as otherwise provided in this division, the commission may
> review, retain, or eliminate an exemption from provisions regulating hours of work
> that was contained in a valid wage order in effect in 1997.[7]

   The court in *Collins* recognized that the enactment of Section 515(b) preserved the

authority of the IWC to retain exemptions to all of California's overtime requirements, including

those found in Labor Code § 510. 105 Cal. App. 4th at 180 ("[AB60] codifie[d] certain

provisions in wage orders," such as Labor Code § 514, "and alter[d] other provisions but [did] not

expressly address other broad areas of IWC regulations."). Accordingly, *Collins* held that AB60

---

[7] As originally adopted, Section 515(b) (eff. 2000 through 2012) stated:

> (1) The commission may establish additional exemptions to hours of work
> requirements under this division where it finds that hours or conditions may be
> prejudicial to the health or welfare of employees in any occupation, trade, or
> industry. This paragraph shall become inoperative on January 1, 2005.

> (2) Except as otherwise provided in this section and in subdivision (g) of Section
> 511, nothing in this section requires the commission to alter any exemption from
> provisions regulating hours of work that was contained in any valid wage order in
> effect in 1997. Except as otherwise provided in this division, the commission may
> review, retain, or eliminate an exemption from provisions regulating hours of work
> that was contained in a valid wage order in effect in 1997.

1    left intact exemptions from overtime provisions that were in effect in 1997.  *Collins* is consistent

2    with the view expressed by the California Department of Labor and Standards Enforcement

3    ("DLSE"), which found that under section 515(b) employees who were exempt in pre-1998 wage

4    orders would remain exempt  from the overtime requirements provided that the IWC retained the

5    exemptions.  *See* DLSE Memo re: Understanding AB 60: An In Depth Look at the Provisions of

6    the "Eight Hour Day Restoration and Workplace Flexibility Act of 1999 (Dec. 23, 1999),

7    *available at* http://www.dir.ca.gov/dlse/AB60update.htm (stating that AB60 covered "workers

8    who were not expressly exempted from pre-1998 wage orders," not employees exempted by the

9    wage orders that also met the requirements of Section 515(b)).  Accordingly, to the extent a Wage

10   Order exemption meets the requirements of Section 515(b), it shall continue to exempt employers

11   from California's statutory overtime requirements.

12   **C.      The RLA Exemption Meets the Requirements of Section 515(b) and,**
         **Therefore Exempts US Airways from California's Statutory Overtime**
13       **Requirements**

14            Wage Order 9's RLA Exemption has been in continuous effect since before 1997 and,

15   therefore, meets the requirements of Section 515(b).  The IWC first promulgated Wage Order 9 in

16   1976.  (*See* RJN, Ex. B, Wage Order 9-76).  Wage Order 9-76 stated that employees would be

17   provided overtime for hours worked over eight hours in a day and forty hours in a week.   (*Id.*,

18   Wage Order 9-76 § 3.)   Along with Wage Order 9-76's overtime requirement, the IWC carved

19   out exemptions to that requirement, including the RLA Exemption.  As originally drafted in

20   Wage Order 9-76, the RLA Exemption stated:

21            Except as provided in Sections 4, 10, 11, 12, and 20 through 23, this Order shall
             not be deemed to cover those employees who have entered into a collective
22           bargaining agreement under and in accordance with the provisions of the Railway
             Labor Act, 42 U.S.C. sections 151 et seq.
23           (*Id.*, Wage Order 9-76 § 1(D).)

24   The IWC's exemption advanced the stated purposes of the RLA itself, to promote the

25   independence of the airline industry and forbid limitations placed on the collective bargaining

26   process.  *See* 45 U.S.C. § 151a.  (*See also* RJN, Ex. G, IWC Statement of Findings (1976) at 6

27   (stating that the RLA Exemption was promulgated because the IWC "found that it would be

28   difficult to enforce standards for employees crossing state lines and that the exempted employees

1    were better protected by their [CBAs] pursuant to the [RLA]").)  Nothing has changed to alter this

2    original basis for the exemption, and the IWC's subsequent revisions of Wage Order 9 in 1980,

3    1990, 1998, 2000, and 2001 have left the RLA Exemption substantively untouched.  (*See* RJN,

4    Ex. A, Wage Order 9-2001 § 1(E); Ex. C, Wage Order 9-80 § 1(D); Ex. D, Wage Order 9-90 §

5    1(D); Ex. E Wage Order 9-98 § 1(D); Ex. F, Wage Order 9-2000 § 1(D).)

6            Accordingly, the RLA Exemption meets the requirements of Section 515(b):  it was

7    contained in a valid wage order in effect in 1997; and it was retained by the IWC in all

8    subsequent revisions of Wage Order 9.  Accordingly, US Airways is entitled to judgment on the

9    pleadings in its favor on the entirety of Plaintiffs' overtime claim.

10   **III.    WAGE ORDER 9'S VOLUNTARY MODIFICATION EXEMPTION EXEMPTS
             US AIRWAYS, PLAINTIFFS, AND THE PURPORTED CLASS FROM SECTION
11           510 OF THE CALIFORNIA LABOR CODE FOR CERTAIN HOURS WORKED
             AND, ACCORDINGLY, THE FIRST CAUSE OF ACTION PARTIALLY FAILS
12           AS A MATTER OF LAW**

13           For the reasons set out above, US Airways is entitled to judgment on the pleadings in its

14   favor on the entirety of plaintiff's overtime claim based on the RLA Exemption.  However,

15   though this Court need not address the issue in light of the RLA Exemption, the Voluntary

16   Modification Exemption also severely limits Plaintiffs' shift-trade overtime claim.  Originally

17   promulgated in 1980, Wage Order 9's Voluntary Modification Exemption currently states:  "The

18   provisions of this section [governing overtime] shall not apply where any employee of an airline

19   certified by the federal or state government works over 40 hours but not more than 60 hours in a

20   workweek due to a temporary modification in the employee's normal work schedule not required

21   by the employer but arranged at the request of the employee, including but not limited to

22   situations where the employee requests a change in days off or trades days off with another

23   employee."  (RJN, Ex. A, Wage Order 9-2001 § 3(N); *see also* Ex. C, Wage Order 9-80 § 3(K).)

24   The Voluntary Modification Exemption is similar in some respects to the RLA Exemption, but—

25   unlike the RLA Exemption—it applies whether or not a collective bargaining agreement is in

26   place.

27           The Voluntary Modification Exemption also meets the requirements of Section 515(b).

28   First, the Voluntary Modification Exemption was in effect in a valid wage order in 1997.  (RJN,

Ex. D, Wage Order 9-90 § 3(J).)[8]  Second, the Voluntary Modification Exemption has been

retained by the IWC in all subsequent revisions of Wage Order 9.  (*See* RJN, Ex. A, Wage Order

9-2001 § 3(N); Ex. C, Wage Order 9-80 § 3(K); Ex. D, Wage Order 9-90 § 3(J); Ex. E, Wage

Order 9-98 § 3(H); Ex. F, Wage Order 9-2000 § 3(L).)  US Airways is therefore exempted from

the California's overtime requirements for certain hours worked—specifically hours worked by

FSAs pursuant to voluntary shift trades over forty hours but not more than sixty hours.[9]  *See*

*Blackwell v. SkyWest Airlines, Inc.*, 245 F.R.D. 453, 463 (S.D. Cal. 2007) ("Under this section, a

plaintiff is not entitled to overtime compensation if she worked above 40 but not more than 60

hours in a week as a result of voluntary shift trades.").

**IV.    PLAINTIFFS' CAUSES OF ACTION FOR INACCURATE WAGE STATEMENTS, WAITING TIME PENALTIES, AND VIOLATIONS OF THE UCL AND PAGA MUST ALSO BE DISMISSED TO THE EXTENT THEY RELY ON PLAINTIFFS' DEFICIENT CAUSES OF ACTION**

As argued in US Airways' initial Motion to Dismiss, Plaintiffs' causes of action for

inaccurate wage statements (Third Cause of Action), waiting time penalties (Fifth cause of

action), violation of the UCL (Sixth Cause of Action), and violation of PAGA (Seventh Cause of

Action) must all be dismissed insofar as they rely on the causes of action this Court deems

deficient.  *See, e.g.*, *Blackwell v. SkyWest Airlines, Inc.*, No. 06cv0307, 2008 WL 5103195, at

*19-20 (S.D. Cal. Dec. 3, 2008) (dismissing a cause of action based on another cause of action

that was dismissed); *Fitz-Gerald v. SkyWest, Inc.*, 155 Cal. App. 4th 411, 420-21 (2007) (same).

---

[8] Indeed, the IWC first promulgated the Voluntary Modification Exemption in 1980 "because of substantial evidence that employees wanted such a provision, in order that they may take advantage of travel benefits." (*See id.* ¶ 10, Ex. H, IWC Statement as to the Basis upon Which IWC Order No. 9-80 Is Predicated at 1.)  Moreover a then-existing provision of the Labor Code, which provided a voluntary modification exemption for women employed by airlines, also supported the adoption of this exemption. (*See id.*; *id.* ¶ 11, Ex. I, Cal. Lab. Code § 1350.5(d) (repealed 1984) ("[S]ubdivision (a) [requiring overtime pay for female employees] shall not apply where any such employee of such airline . . . works over 40 hours in any one week, but not more than 60 hours, where the time worked in excess of such 40 hours is due to a temporary modification in the employee's normal work schedule, not required by the employer but arranged for the convenience of the employee, including but not limited to, situations where the employee requests a change in days off or trades days off with another employee.").)

[9] US Airways is a federally certified airline, certified by the Federal Aviation Administration ("FAA"). *See* FAA, Airline Certificate Information, US Airways Inc., *available at* http://av-info.faa.gov/detail.asp?DSGN_CODE=USAA&OPER_FAR=121&OPER_NAME=US+AIRWAYS+INC.

-8-

1   (Mot. to Dismiss [dkt. 6] at 13-15.)  This Court agreed with this argument with respect to

2   Plaintiffs' Fifth, Sixth, and Seventh Causes of Action, and held that all these causes of action

3   should be dismissed with prejudice to the extent they were based on deficient claims that were

4   dismissed.  (Feb. 19 Order at 16-19.)[10]  Because the RLA Exemption exempts US Airways from

5   complying with Labor Code § 510, Plaintiffs' First Cause of Action is deficient; accordingly,

6   these remaining causes of action should be dismissed with prejudice to the extent they are

7   predicated on the deficient First Cause of Action.

8                                        **CONCLUSION**

9          For the foregoing reasons, US Airways respectfully requests that this Court dismiss

10  Plaintiffs' First Cause of Action (overtime claim).  US Airways further requests that the Third

11  Cause of Action (wage statement claim), Fifth Cause of Action (waiting time penalties claim),

12  Sixth Cause of Action (UCL claim), and Seventh Cause of Action (PAGA claim) be dismissed to

13  the extent that they are predicated on the deficient First Cause of Action.

14       Dated:  January 21, 2014

15                                          O'MELVENY & MYERS LLP
                                            ROBERT A. SIEGEL
16                                          ADAM P. KOHSWEENEY

17

18                                          By:   /s/ Adam P. KohSweeney
                                                  Adam P. KohSweeney
19                                          Attorneys for Defendant US Airways, Inc.

20

21

22

23  [10] Specifically, this Court held: (i) "To the extent this claim [for waiting time penalties] is based
    on Plaintiffs' meal period and rest break claims, it should be dismissed because those claims are
24  preempted by the ADA. . . . Defendant's Motion to Dismiss is GRANTED and Plaintiffs'
    [waiting time penalties] claim is DISMISSED WITH PREJUDICE insofar as the claim is based
25  on Plaintiffs' meal period overtime, meal period, and rest break claims"; (ii) "Plaintiffs' UCL
    claim is DISMISSED WITH PREJUDICE insofar as it is predicated on Plaintiffs' meal period
26  overtime, meal period, and rest break claims"; and (iii) "Plaintiffs [PAGA] claim is DISMISSED
    WITH PREJUDICE insofar as it is predicated on Plaintiffs' meal period overtime, meal period,
27  and rest break claims."  (Feb. 19 Order at 17-19.)  The Court did not address this argument with
    respect to the Third Cause of Action because it granted US Airways' Motion to Dismiss the Third
28  Cause of Action on other grounds.  (Feb. 19 Order at 16-17.)