Exhibit 16

1  Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
2  Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
2760 Mission Street
4  San Francisco, CA 94110
Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6

7  Attorneys for PLAINTIFFS

8  **UNITED STATES DISTRICT COURT**

9  **NORTHERN DISTRICT OF CALIFORNIA**

10  **SAN FRANCISCO DIVISION**

11  Joseph Timbang Angeles, Noe Lastimosa, on
behalf of themselves, and on behalf of others
12  similarly situated, and the general public,

13                                          Plaintiffs,

14

15          vs.

16  US Airways, Inc., and DOES 1 through 50,

17                                          Defendants.

18

19

Case No. 3:12-cv-05860 CRB

**DECLARATION OF HENRY HOEFT IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

Date:  February 28, 2014
Time:  10:00am
Place: Ctrm. 6, 17th Floor

Hon. Charles R. Breyer

20          I, Henry Hoeft, have personal knowledge of the matters stated herein and would testify

21  to them truthfully and competently if called upon to do so:

22          1.  I was employed as a part-time Fleet Service Agent ("FSA") by US Airways, Inc.

23  ("US Airways") from June 2006 until December 2011. I worked out of Los Angeles

24

25  International Airport (LAX) in California.

26          2.  I have been informed that the above mentioned representative plaintiffs are

27  seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

28

1    for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2    Labor Code violations in a class action law suit against my former employer and on my behalf.

3         3.   My FSA duties included, but were not limited to: ramp and cargo work like

4    baggage handling, aircraft support and direction near the gate, the cleaning of aircraft cabins

5    and lavatories, and driving loaders and forklifts.

6         4.   Through a process called "Shift Trading," I worked more than the average full-

7    time FSA. Shift Trades allowed me to work 75-80 hours per week. Despite these long hours, I

8    was not paid overtime compensation for overtime hours worked in connection with Shift

9    Trades.

10        5.   Although it was convenient for me to engage in Shift Trading, the arrangement

11   also benefitted US Airways; Shift Trades allow US Airways to have consistent shift coverage

12   and save on overtime compensation. If it is owed to me under the law, US Airways should pay

13   me all overtime compensation that I earned as a FSA. It should not be allowed to keep money

14   that belongs to me.

15        6.   Throughout my tenure as a FSA, I was under the impression that US Airways

16   paid for my actual clock-in and clock-out times. I was unaware, until recently, that US Airways

17   only paid for my scheduled shifts. I could not have claimed any extra minutes worked before

18   and after my shifts because I did not know this was required to get paid properly.

19        7.   I typically arrived to work at least one hour before my scheduled shifts. It was

20   important for me to arrive this early because I needed to take a shuttle bus from the parking lot.

21   I was never compensated for the time it took me to take the shuttle back and forth. I did not

22   know it was possible to receive compensation for this.

---

**DECLARATION OF HENRY HOEFT: Angeles v. US Airways 3:12-cv-05860 CRB**

2

8.   After taking the shuttle before my shifts, I would clock-in early, check flight schedules, put on my safety gear, and get ready for my pre-shift meeting, which I could not be late for or else I would be reprimanded.

9.   Similarly, I often stayed a few minutes after my scheduled shifts because of the nature of my job duties. I was under the impression that I was paid for these extra minutes worked, but now I know that this was not always the case.

10. I believe I should be paid for all minutes worked before and after my scheduled shifts. I do not believe it is fair for US Airways to only pay for scheduled shifts and require FSAs like me to claim extra minutes worked, especially because I never knew about this policy.

11. Also, I often used my personal cell phone during my work shifts for work-related reasons. I needed to call supervisors to get clarification on my work tasks. This occurred about ten times per month. I never received reimbursement for this personal cell phone use; in fact, I did not know it was available.

12.   I found the wage statements or paystubs issued to me by US Airways confusing and hard to understand. I was never 100% sure that I was paid correctly. I believe US Airways should have issued wage statements that were clear and concise.


I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this _19_ day of December 2013, in Lawndale, California.


Henry Hoeft

---

Exhibit 17

1  Arlo García Uriarte, SBN 231764
2  Un Kei Wu, SBN 270058
   Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6
7  Attorneys for PLAINTIFFS

                    UNITED STATES DISTRICT COURT
8
                   NORTHERN DISTRICT OF CALIFORNIA
9
                       SAN FRANCISCO DIVISION
10

11  Joseph Timbang Angeles, Noe Lastimosa, on          Case No. 3:12-cv-05860 CRB
    behalf of themselves, and on behalf of others
12  similarly situated, and the general public,        DECLARATION OF DENNIS HOGG
                                                       IN SUPPORT OF PLAINTIFFS'
13                                                     MOTION FOR CLASS
                    Plaintiffs,                        CERTIFICATION
14
15          vs.

16  US Airways, Inc., and DOES 1 through 50,           Date:  February 28, 2014
                                                       Time:  10:00am
17                  Defendants.                        Place: Ctrm. 6, 17th Floor

18                                                     Hon. Charles R. Breyer

19

20          I, Dennis Hogg, have personal knowledge of the matters stated herein and, if called upon

21  to do so, would testify to them truthfully and competently:

22          1.  I was employed as a Fleet Service Agent ("FSA") and Lead FSA for US
23
    Airways, Inc. ("US Airways") from approximately September 2002 until June 2010. I was a
24
    full-time employee. I worked out of San Francisco International and Oakland International
25
    Airports in California.
26
            2.  I have been informed that the above mentioned representative plaintiffs are
27
28  seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my employer and on my behalf.

3.  My duties as a FSA and Lead FSA included, but were not limited to: personnel supervision, administrative duties like the filling out of paperwork, baggage and cargo handling, driving loaders and forklifts, servicing aircraft needs at the gate, and cleaning airplane lavatories and cabins.

4.  Through a process called "Shift Trading," I routinely exchanged shifts twice per week with a co-worker, leading me to work two double shifts and a single shift per week. I was not paid overtime compensation for this even though I normally worked overtime hours as a result of these trades. If it is owed to me under the law, I am very interested in receiving any and all overtime compensation that I earned while working for US Airways.

5.  While working as a FSA and Lead FSA, it was common for me to arrive approximately 30 minutes before my scheduled shifts. During that time, I would review paperwork, determine the location of relevant aircrafts, and put on my safety gear. I was never paid for this work that I performed before my scheduled shifts.

6.  Furthermore, after my scheduled shifts, I typically stayed an extra 5-10 minutes to finish my work duties. I would only get credit for these additional minutes if my manager adjusted my time sheet, which did not typically happen.

7.  I do not believe it is fair for US Airways to only pay FSAs for their scheduled shifts and require them to claim additional minutes from a manager. I believe I should have been automatically paid for all minutes worked before and after my scheduled shifts. Because of the foregoing, I believe I was significantly underpaid for the amount of work that I performed

while employed by US Airways. I am very interested in receiving any unpaid wages owed to me by US Airways for work performed before and after my scheduled shifts.

8. Throughout my employment tenure with US Airways, I found my wage statements to be confusing and difficult to understand. There were many categories and often the record keeping was sloppy. It was difficult for me to ascertain the exact hours that I worked and the corresponding pay.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 13TH day of ~~November 2013~~, in JANUARY 2014 Olivehurst, California.

Dennis Hogg

Exhibit 18

1 | Arlo García Uriarte, SBN 231764
2 | Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
3 | LIBERATION LAW GROUP, P.C.
2760 Mission Street
4 | San Francisco, CA 94110
Telephone: (415) 695-1000
5 | Facsimile: (415) 695-1006
6 |
7 | Attorneys for PLAINTIFFS
8 | **UNITED STATES DISTRICT COURT**
9 | **NORTHERN DISTRICT OF CALIFORNIA**
10 | **SAN FRANCISCO DIVISION**

11 | Joseph Timbang Angeles, Noe Lastimosa, on
12 | behalf of themselves, and on behalf of others similarly situated, and the general public,

Case No. 3:12-cv-05860 CRB

13 |

**DECLARATION OF NORLAND JACKSON IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**

14 |              Plaintiffs,

15 |    vs.

16 | US Airways, Inc., and DOES 1 through 50,

Date: February 28, 2014
Time: 10:00am
Place: Ctrm. 6, 17th Floor

17 |            Defendants.

Hon. Charles R. Breyer

18 |
19 |
20 |      I, Norland Jackson, have personal knowledge of the matters stated herein and, if called

21 |

22 | upon to do so, would testify to them truthfully and competently:

23 |      1.  I am currently employed as a Fleet Service Agent ("FSA") by US Airways, Inc.

24 | ("US Airways") and have been employed in that capacity since March 2002. I am a full time

25 | employee and work out of Sacramento International Airport ("SMF") in California.

26 |      2.  I have been informed that the above mentioned representative plaintiffs are

27 |
seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties
28 |

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my current employer and on my behalf.

3.   As a FSA working out of SMF, my duties include, but are not limited to: baggage and cargo handling, driving loaders and forklifts, aircraft direction near the gate, and the general facilitation of fleet service.

4.   Through a process called "Shift Trading," I pick up about two extra shifts per week on average. I am not paid overtime compensation for any overtime hours worked in connection with Shift Trades. Although I enjoy the flexibility Shift Trades allows, if US Airways owes me any unpaid overtime, I am very interested in receiving it. US Airways should simply pay me what is owed under the law.

5.   I typically arrive about 15 minutes before my scheduled shifts. It is important to be exactly on time and completely ready for work by your scheduled start time. During the minutes before my scheduled shifts, I perform certain tasks to prepare for work – I put on safety gear, check flight schedules, and talk to supervisors about my work duties Oftentimes, I will clean up the break room and take out any trash or garbage.

6.   Furthermore, it is common for me to stay 10-15 minutes past my scheduled shifts. The nature of the job includes flight delays and tasks that may require me to stay for a few extra minutes. These extra minutes require supervisory approval in order to be accounted for, which is not always granted. I am interested in receiving any money that remains unpaid because of pre-shift or post-shift work performed. FSAs should be paid automatically for all minutes worked and not have to claim minutes through a supervisor. It is awkward and uncomfortable to constantly claim extra minutes worked.

7.  It is common for me to use my personal cell phone for work-related duties. Since there are not always enough radios to go around, it is necessary for me to use my personal cell phone in order to call US Airways personnel and properly execute my assigned work tasks. I have not received any reimbursement for my personal cell phone use from US Airways.

8.  The wage statements issued by US Airways are sometimes difficult to understand. The categories of hours, taxes, and deductions are not displayed in a clear manner. US Airways should issue wage statements that are easier for FSAs to understand so that I do not have to engage in my own calculations to determine if I am paid properly.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this 27ᵗ day of January 2014, in West Sacramento, California.

_Norland A Jackson_
Norland Jackson

Exhibit 19

1   Arlo García Uriarte, SBN 231764
    Un Kei Wu, SBN 270058
2   Ernesto Sanchez, SBN 278006
3   LIBERATION LAW GROUP, P.C.
    2760 Mission Street
4   San Francisco, CA 94110
    Telephone: (415) 695-1000
5   Facsimile: (415) 695-1006

6
    Attorneys for PLAINTIFFS
7

8              UNITED STATES DISTRICT COURT

9             NORTHERN DISTRICT OF CALIFORNIA

10                SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on      Case No. 3:12-cv-05860 CRB
    behalf of themselves, and on behalf of others
12  similarly situated, and the general public,    **DECLARATION OF RALPH KESSEE
                                                   IN SUPPORT OF PLAINTIFFS'
13                                                 MOTION FOR CLASS
                    Plaintiffs,                    CERTIFICATION**
14
15         vs.

16  US Airways, Inc., and DOES 1 through 50,       Date:  February 28, 2014
                                                   Time:  10:00am
17                  Defendants.                    Place: Ctrm. 6, 17th Floor
18                                                 Hon. Charles R. Breyer
19

20        I, Ralph Kessee, have personal knowledge of the matters stated herein and would testify

21  to them truthfully and competently if called upon to do so:

22        1.  I was employed as a part-time and full-time Fleet Service Agent ("FSA") by US

23

24  Airways, Inc. ("US Airways") from April 2002 until August 2010. I worked out of Los Angeles

25  International Airport and Bob Hope Airport in Burbank, CA.

26        2.  I have been informed that the above mentioned representative plaintiffs are

27
    seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties
28

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3.   My FSA duties included, but were not limited to: ramp and cargo work like baggage handling, aircraft support and direction near the gate, the cleaning of aircraft cabins and lavatories, and driving loaders and forklifts.

4.   Through a process called "Shift Trading," I picked up approximately 2 shifts per week on average. I added these shifts to my regular schedule and sometimes worked overtime hours as a result; despite this, I was not paid overtime compensation for overtime hours worked in connection with Shift Trades. I am interested in receiving any overtime compensation owed to me by US Airways under the law.

5.   Throughout my tenure as a FSA, I was under the impression that US Airways paid for my actual clock-in and clock-out times. I was unaware, until recently, that US Airways only paid for my scheduled shifts. Supposedly, I should have claimed extra minutes worked through a supervisor. I could not have claimed any extra minutes worked because I did not know this was required of me to get paid properly.

6.   I typically arrived to work about 30 minutes before my scheduled shifts. I would clock-in early, check flight schedules, put on my safety gear, and get ready for my pre-shift meeting, which I could not be late for or else I would be reprimanded.

7.   Similarly, I sometimes stayed a few minutes after my scheduled shifts because of the nature of my job duties. I was under the impression that I was paid for these extra minutes worked, but now I know that this was not always the case.

8.   I believe I should receive compensation for all minutes worked before and after scheduled shifts which remain unpaid. I do not believe it is fair for US Airways to only pay for

1   scheduled shifts and require FSAs like me to claim extra minutes worked, especially because I

2   never knew about this policy.

3            9.   Also, I often used my personal cell phone during my work shifts for work-related

4   reasons. I needed to call supervisors to get clarification on my work tasks. This was especially

5   common when I worked in the cargo facility. I never received reimbursement for this personal

6   cell phone use; in fact, I did not know it was available.

7

8

9            I declare under penalty of perjury under the laws of the United States and in the State of

10  California that the foregoing is true and correct.  Executed this __8__ day of January 2014, in

11  Los Angeles, California.

12

13

14                                   *Ralph Kessee*

15                                   Ralph Kessee

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 20

1  Arlo García Uriarte, SBN 231764
2  Un Kei Wu, SBN 270058
   Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6
   Attorneys for PLAINTIFFS
7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on     Case No. 3:12-cv-05860 CRB
    behalf of themselves, and on behalf of others
12  similarly situated, and the general public,    **DECLARATION OF WILLIAM
                                                   KNOBLOCH IN SUPPORT OF
13                                                 PLAINTIFFS' MOTION FOR CLASS
                          Plaintiffs,              CERTIFICATION**
14

15          vs.
                                                   Date:  February 28, 2014
16  US Airways, Inc., and DOES 1 through 50,       Time:  10:00am
                                                   Place: Ctrm. 6, 17th Floor
17                        Defendants.
                                                   Hon. Charles R. Breyer
18

19

20       I, William Knobloch, have personal knowledge of the matters stated herein and would

21  testify to them truthfully and competently if called upon to do so:

22       1.  I worked as a Fleet Service Agent ("FSA") for US Airways, Inc. ("US Airways")

23
    for approximately 30 years. In California, I most recently worked out of San Francisco
24
    International Airport (SFIA) as a Lead FSA from May 2009 until my retirement in May 2013.
25

26       2.  I have been informed that the above mentioned representative plaintiffs are

27  seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

28

1   for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2   Labor Code violations in a class action law suit against my current employer and on my behalf.

3       3.   As a Lead FSA working out of SFIA, my duties included, but were not limited

4   to: personnel supervision, the filling out of paperwork, and the general facilitation of baggage

5

6   handling and ramp support.

7       4.   Through a process called "Shift Trading," I picked up about 2-3 additional shifts

8   per week on average. I was not paid overtime compensation in connection with any Shift Trades

9   I made.

10

11      5.   I am very interested in receiving the overtime compensation owed to me for all

12  of the overtime hours I worked for US Airways. I do not believe it is fair for US Airways to

13  benefit from my long hours of hard work without paying me properly for it.

14      6.   I typically reported for my shifts approximately 30 minutes early. During this

15  time, which was always unpaid, I routinely performed work related tasks. For example, I would

16

17  help set up the gate, fill out paperwork, and get my safety gear on. It was very important to be

18  ready for work at the beginning of the daily pre-shift meeting. If you were even two minutes

19  late to that meeting, you would be docked points, which could get you suspended or even

20  terminated.

21

22      7.   Furthermore, it was common for me to stay a few minutes past my scheduled

23  shift. I would do this because of the nature of the job and because US Airways' staffing was

24  poor. We were often short-handed and would sometimes need to work extra minutes to finish

25  our job duties. These extra minutes were not always compensated because they required

26  supervisory approval. I would write down my extra minutes and the extra minutes of the FSAs

27

28  that I directed, but we would not always receive compensation for them.

8.  US Airways personnel routinely contacted me on my personal cell phone for work related reasons. There were not always enough radios to go around, and my personal cell phone was the method they used to reach and locate me. I know this occurred with other FSAs as well. Despite this common practice, I was never reimbursed for my personal cell phone use.

9.  While I was able to understand my wage statements, I heard from my co-workers that they often had trouble understanding their wage statements because there were so many categories. They looked for the overtime they worked and often could not find it. US Airways should issue wage statements that are more easily understood.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this __5__ day of December 2013, in Boise, Idaho.

William Knobloch

Exhibit 21

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>              Plaintiffs,<br><br>  vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>              Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF JAY KORTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Jay Kortz, have personal knowledge of the matters stated herein and would testify to them truthfully and competently if called upon to do so:

1. I worked as a Fleet Service Agent ("FSA") and FSA Operations Lead for US Airways, Inc. ("US Airways") from August 2006 until March 2011. I worked out of San Jose International Airport.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

1   for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2   Labor Code violations in a class action law suit against my former employer and on my behalf.

3        3.   As a FSA and FSA Operations Lead, my duties included, but were not limited to:

4   baggage and cargo handling and transport, personnel supervision, administrative paperwork,

5

6   and the general facilitation of fleet service.

7        4.   Through a process called "Shift Trading," I picked up about 8-10 additional

8   shifts per month on average. I was not paid overtime compensation in connection with any Shift

9

10  Trades I made. I am very interested in receiving the overtime compensation owed to me by US

11  Airways.

12       5.   As a FSA and FSA Operations Lead, my general practice was to arrive

13  approximately 15-30 minutes before my scheduled shifts. I did this because it was very

14

15  important to clock-in on time. If you were late, you would be reprimanded and could face

16  suspension or other discipline. During the minutes before my scheduled shifts, I would put on

17  my safety gear, check on flight schedules and, generally prepare for my job duties; I was never

18  paid for this time worked. I am interested in receiving compensation for the work I performed

19  before my scheduled shifts.

20       6.   Similarly, I often worked extra minutes after my scheduled shifts, which remain

21  unpaid. I worked diligently and would typically stay after my scheduled shifts to complete my

22  duties. Sometimes, when I worked only a few extra minutes, my manager or supervisor did not

23

24  adjust my time sheet to reflect the extra minutes that I worked. I belive that I should be paid for

25  all work that I performed after my scheulded shifts. I do not think it is right for US Airways to

26  have discretion regarding whether their employees should be paid for work performed. FSAs

27

28  should be paid automatically for all worked performed.

7.  The use of my personal cell phone for work related reasons during work hours routinely occured. I estimate that I received or made these calls about 15-20 times per month. As an Operations Lead, it was important for me to communicate with US Airways personnel in order to effectively complete my job duties; at times, this was only possible through the use of my personnel cell phone. I never received any reimbursement for my personal cell phone use.

8.  Throughout my tenure with US Airways, I found my wage statements or paystubs difficult to understand because of all the different categories used to calculate my pay. I was often unsure whether I was paid properly, and I remember asking a supervisor once about my paystubs. US Airways should have provided more clear and concise wage statements.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 3/ day of December 2013, in San Jose, CA.

_____
Jay Kortz

# Exhibit 22

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF RICK LENT IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Rick Lent, have personal knowledge of the matters stated herein and, if called upon to do so, would testify to them truthfully and competently:

1. I was employed as a Fleet Service Agent ("FSA") and Lead FSA for US Airways, Inc. ("US Airways") from approximately February 2007 until May 2010. I was a full-time and part-time employee. I worked out of John Wayne Airport in Orange County, CA.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

1    for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2    Labor Code violations in a class action law suit against my former employer and on my behalf.

3          3.    My duties as a FSA and Lead FSA included, but were not limited to:

4    personnel supervision, administrative duties like filling out paperwork, baggage and cargo

5    handling, driving loaders and forklifts, servicing aircraft needs at the gate, and cleaning airplane

6

7    lavatories and cabins.

8          4.    Through a process called "Shift Trading," I routinely picked up around 5-

9    6 shifts per month to supplement my schedule. I was not paid overtime compensation for

10   overtime hours worked as a result of Shift Trades. If it is owed to me under the law, I am very

11   interested in receiving any and all overtime compensation that I earned while working for US

12

13   Airways.

14         5.    Throughout my employment tenure, it was common for me to arrive

15   approximately 5-10 minutes before my scheduled shifts. During that time, I would review

16   paperwork, check on aircraft locations, and put on my safety gear. I was never paid for this

17

18   work that I performed before my scheduled shifts.

19         6.    Furthermore, after my scheduled shifts, I typically stayed an extra few

20   minutes to finish my work duties. I would only get credit for these additional minutes if my

21   manager adjusted my time sheet, which did not typically happen.

22

23         7.    I do not believe it is fair for US Airways to only pay FSAs for their

24   scheduled shifts and require them to claim additional minutes from a manager or supervisor.

25   I believe I should have been automatically paid for all minutes worked before and after my

26   scheduled shifts. Because of the foregoing, I think I was significantly underpaid for the amount

27   of work that I performed while employed by US Airways. I am very interested in receiving any

28

---

**DECLARATION OF RICK LENT: Angeles v. US Airways 3:12-cv-05860 CRB**

2

1    unpaid wages and compensation owed to me by US Airways for work performed before and

2    after my scheduled shifts.

3          8.     Throughout my employment tenure with US Airways, I found my wage

4    statements to be confusing and difficult to understand. There were many categories and often

5
6    the record keeping was sloppy. It was difficult for me to ascertain the exact hours that I worked

7    and the corresponding pay.

8
9          I declare under penalty of perjury under the laws of the United States and in the State of

10   California that the foregoing is true and correct.  Executed this 29 day of December 2013, in

11   Long Beach, California.
12
13
14                                      _____
15                                      Rick Lent
16
17
18
19
20
21
22
23
24
25
26
27
28

Exhibit 23

1  Arlo García Uriarte, SBN 231764
   Un Kei Wu, SBN 270058
2  Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006
6
   Attorneys for PLAINTIFFS
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on      Case No. 3:12-cv-05860 CRB
12  behalf of themselves, and on behalf of others   DECLARATION OF ~~PETER~~ *PETE* LOZANO
    similarly situated, and the general public,    IN SUPPORT OF PLAINTIFFS'
13                                                  MOTION FOR CLASS
14                  Plaintiffs,                     CERTIFICATION
15        vs.
16  US Airways, Inc., and DOES 1 through 50,        Date:  February 28, 2014
                                                    Time:  10:00am
17                  Defendants.                     Place: Ctrm. 6, 17th Floor
18                                                  Hon. Charles R. Breyer
19

20       *PETE*
    I, ~~Peter~~ Lozano, have personal knowledge of the matters stated herein and would testify
21
    to them truthfully and competently if called upon to do so:
22
23       1.  I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US

24  Airways") from October 1994 until October 31, 2008.

25       2.  I have been informed that the above mentioned representative plaintiffs are

26  seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

27  for inaccurate wage statements, waiting time penalties, and civil penalties for various California

28  Labor Code violations in a class action law suit against my former employer and on my behalf.

3.  As a FSA working for US Airways in California, my duties included, but were not limited to: baggage handling, cleaning of aircraft cabins and lavatories, driving loaders, servicing aircraft needs near the gate, and directing beverage and luggage carts.

4.  Through a process called "Shift Trading," I picked up about four extra shifts per month on average, which often resulted in overtime work. I was never paid overtime compensation for this overtime work because it was in connection with Shift Trades.

5.  If it is owed to me under the law, I am definitely interested in receiving all overtime compensation that should have been paid to me by US Airways because of Shift Trades.

6.  While working for US Airways, it was my common practice to arrive 10-15 minutes before my scheduled shifts. During this time, I was routinely briefed by my shift supervisor regarding upcoming work duties. Furthermore, I used this time to put on my safety gear and ensure that I was ready to start work right on time. It was very important for me to be exactly on time or else I would be docked points and could face suspension or even termination. I was never paid for the time I worked before my scheduled shifts.

7.  Similarly, I often stayed a few minutes after my scheduled shifts because I worked until my job duties were completed. It was important for me to complete every transaction I started because the workers that were coming in to relieve me may not be up to speed on what needed to be done. I was not always paid for this additional work performed after my scheduled shifts.

8.  I believe I should be paid for all minutes worked before and after my scheduled shift. I do not believe that it is fair for US Airways to only pay for scheduled shifts and require

FSAs like me to claim extra minutes worked. US Airways gains an advantage over workers by doing this, in that it inevitably pays less money for work performed.

        9.   Throughout my tenure as a FSA, I found my wage statements or pay stubs difficult to understand. My co-workers told me that they felt similarly about our wage statements. There were many categories of pay, and I was not always able to ascertain whether I was paid correctly. I believe US Airways should make an effort to provide clearer, more concise wage statements that are easily understood.

        I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this _Ø6_ day of December 2013, in San Bernardino, California.

Peter Lozano
PETE

Exhibit 24

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF ALFRED MARTIN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  February 28, 2014<br>Time:  10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Alfred Martin, have personal knowledge of the matters stated herein and would testify to them truthfully and competently if called upon to do so:

1.     I worked as a Fleet Service Agent ("FSA"), Lead FSA, and Ramp Manager for US Airways, Inc. ("US Airways") from April 30, 2006, until February 14, 2010. A Ramp Manager for only 4 months, I was a FSA and Lead FSA for most of my employment tenure with US Airways. I worked out of Los Angeles International Airport (LAX) in California. In February 2010, I accepted a voluntary furlough and have not returned to work for US Airways.

2.     I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3.     As a FSA and Lead FSA, my duties included, but were not limited to: baggage handling and transport, aircraft cabin and lavatory cleaning, personnel supervision, the filling out of paperwork, and the general facilitation of fleet service.

4.     Through a process called "Shift Trading," I picked up about 2-3 additional shifts per week on average. I was not paid overtime compensation in connection with any Shift Trades I made. I am definitely interested in receiving the overtime compensation owed to me by US Airways. I, like my co-workers, often worked very long hours. It is not right for US Airways to avoid paying us the proper rate for all of the hard work we performed.

5.     My general practice was to arrive at least 15 minutes before for my scheduled shifts. I did this because it was very important to clock in on time. If you were late, you would be reprimanded and could face suspension or other discipline. During the minutes before my scheduled shifts, I would put on my uniform and safety gear, work which I was not paid for. If I performed any other work-related tasks before my scheduled shifts, I would have to claim extra minutes through a manager. Some managers at LAX were willing to adjust the time sheets of FSAs to reflect these extra minutes worked but others were not.

6.     Similarly, I often worked extra minutes after my scheduled shifts, which remain unpaid. I worked diligently and would typically stay after my scheduled shift to complete my duties. Sometimes, when I stayed only a few minutes over, my manager or supervisor did not adjust my time sheet to reflect the extra minutes that I worked.

---

DECLARATION OF ALFRED MARTIN: Angeles v. US Airways 3:12-cv-05860 CRB
2

7.      I believe that I should be paid for any work that I did before and after my scheduled shifts that has not already been paid. I do not think it is right for US Airways to have discretion regarding whether their employees should be paid for work performed. FSAs should be paid automatically for all worked performed.

8.      The use of my personal cell phone for work related reasons during work hours was a common occurrence. Leads would call other leads often to coordinate what needed to be done. I would also call passenger service agents for different work-related reasons. I never received any reimbursement for my personal cell phone use. To my knowledge, that reimbursement was not available to me.

9.      Even though I never had an issue understanding my wage statements, I know that my co-workers often found them confusing and difficult to understand. They routinely had questions about their wage statements and sought answers from their managers and supervisors.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 25 day of November 2013, in San Diego, CA.
~~Grand Prairie, TX.~~

Alfred Martin

Exhibit 25

1  Arlo García Uriarte, SBN 231764
2  Un Kei Wu, SBN 270058
   Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6
   Attorneys for PLAINTIFFS
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11 Joseph Timbang Angeles, Noe Lastimosa, on      Case No. 3:12-cv-05860 CRB
   behalf of themselves, and on behalf of others
12 similarly situated, and the general public,    **DECLARATION OF MICHELLE
                                                  MASSEY IN SUPPORT OF
13                                                PLAINTIFFS' MOTION FOR CLASS
                Plaintiffs,                       CERTIFICATION**
14

15      vs.

16 US Airways, Inc., and DOES 1 through 50,       Date:  February 28, 2014
                                                  Time: 10:00am
17              Defendants.                       Place: Ctrm. 6, 17th Floor

18                                                Hon. Charles R. Breyer
19

20      I, Michelle Massey, have personal knowledge of the matters stated herein and would

21 testify to them truthfully and competently if called upon to do so:

22      1.  I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US

23 Airways") from April 25, 2005, until January 2012 when I was furloughed.

24      2.  I have been informed that the above mentioned representative plaintiffs are

25 seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

26 for inaccurate wage statements, waiting time penalties, and civil penalties for various California

27 Labor Code violations in a class action law suit against my former employer and on my behalf.

28

3.   As a FSA working out of John Wayne Airport in Orange County, California, my duties included, but were not limited to: baggage and cargo handling, general aircraft support at the gate, cleaning of aircraft cabins and lavatories, driving loaders and forklifts, and directing beverage and luggage carts.

4.   Through a process called "Shift Trading," I picked up about 3-4 shifts per week on average, which often resulted in overtime work. I was not paid overtime compensation for this overtime worked performed due to Shift Trades. If it is owed to me under the law, I am very interested in receiving all overtime compensation that should have been paid to me by US Airways.

5.   While working for US Airways, I was under the impression that I was paid for my actual clock-in and clock-out times. I was unaware, until recently, that US Airways only paid for my scheduled shifts, unless extra minutes worked were claimed through a supervisor.

6.   I typically arrived to work approximately 30 minutes before my scheduled shifts because I had to catch a shuttle that took me to my work area. After riding the shuttle, I used the additional time before my scheduled shifts to prepare for work – I would put on my uniform and safety gear and check flight schedules. It was critical for me to be exactly on time or else I would get docked points and could get suspended or even terminated.

7.   Similarly, I often stayed a few minutes after my scheduled shifts because I had to work until my job duties were completed. I believed I was always paid for this additional work, but I now know that I was not paid for all of it.

8.   I believe I should have been paid for all minutes worked before and after my scheduled shifts. I am interested in receiving that money now because I do not believe it was

fair for US Airways to only pay for my scheduled shifts and require me to claim extra minutes through a supervisor, especially because I did not know I had to do that.

9.   US Airways personnel often contacted me through my personal cell phone during my work shifts. There were not enough radios, so US Airways personnel had to rely on their personal cell phones to communicate. I would either make or receive calls on my personal cell phone for work related reasons approximately twice per month. I never received any reimbursement for this personal cell phone use.

10. Throughout my tenure as a FSA, I found my wage statements or paystubs difficult to understand. I was never 100% sure that I was paid correctly. I believe US Airways should have issued wage statements that were clear and concise so that I could have properly ascertained my hours worked and corresponding pay.


        I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this _27 day of December 2013, in Irvine, California.


                                        M. Massey
                                        _____
                                        Michelle Massey

Exhibit 26

1   Arlo García Uriarte, SBN 231764
    Un Kei Wu, SBN 270058
2   Ernesto Sanchez, SBN 278006
3   LIBERATION LAW GROUP, P.C.
    2760 Mission Street
4   San Francisco, CA 94110
    Telephone: (415) 695-1000
5   Facsimile: (415) 695-1006

6

7   Attorneys for PLAINTIFFS

8                   UNITED STATES DISTRICT COURT

9              NORTHERN DISTRICT OF CALIFORNIA

10                   SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on       Case No. 3:12-cv-05860 CRB
    behalf of themselves, and on behalf of others
12  similarly situated, and the general public,     **DECLARATION OF ROSS MCKINLEY**
                                                    **IN SUPPORT OF PLAINTIFFS'**
13                                                  **MOTION FOR CLASS**
                    Plaintiffs,                     **CERTIFICATION**
14
15           vs.
16  US Airways, Inc., and DOES 1 through 50,        Date:  February 28, 2014
                                                    Time:  10:00am
17                  Defendants.                     Place: Ctrm. 6, 17th Floor
18                                                  Hon. Charles R. Breyer
19

20          I, Ross McKinley, have personal knowledge of the matters stated herein and would

21  testify to them truthfully and competently if called upon to do so:

22
            1.  I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US
23
    Airways") from April 2006 until October 2009. I worked out of Long Beach Airport in
24
    California. I was a full-time employee.
25
            2.  I have been informed that the above mentioned representative plaintiffs are
26
27  seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

28

---

**DECLARATION OF ROSS MCKINLEY: Angeles v. US Airways 3:12-cv-05860 CRB**
1

1   for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2   Labor Code violations in a class action law suit against my former employer and on my behalf.

3          3.   As a FSA, my duties included, but were not limited to: baggage and cargo

4   handling, aircraft cabin and lavatory cleaning, and the general facilitation of fleet service.

5          4.   Through a process called "Shift Trading," I picked up about 4 additional shifts

6   per month on average, and often worked overtime as a result. I was not paid overtime

7   compensation when I worked overtime hours due to Shift Trades. I am definitely interested in

8   receiving any and all overtime compensation owed to me by US Airways. I often worked very

9   long hours as a FSA. US Airways should have paid me properly under the law.

10         5.   Throughout my employment tenure, my routine was to arrive at least 15 minutes

11  before for my scheduled shifts. I did this because it was very important to clock-in on time; late

12  employees would get reprimanded and could face suspension or even termination.

13         6.   During the minutes before my scheduled shifts, I would put on my uniform and

14  safety gear, review flight schedules, speak to my lead or supervisor about the work day, and

15  generally prepare for my shift – I never received compensation for this work.

16         7.   Similarly, I often worked extra minutes after my scheduled shifts that remain

17  unpaid. I would work until all of my duties were completed. As a result, I often stayed between

18  5-25 additional minutes after my scheduled shifts were over.

19         8.   I believe that I should have been paid for any and all work that I did before and

20  after my scheduled shifts. FSAs should be paid automatically for all worked performed when

21  on-the-clock.

22         9.   The use of my personal cell phone for work related reasons happened frequently.

23  There were only so many radios and I would rarely get one; as a result, I needed to rely on my

1   personal cell phone as a means of communication with US Airways personnel. I was never

2   reimbursed for my personal cell phone use by US Airways. To my knowledge, that

3   reimbursement was not available to me.

4

5          10. The wage statements that I received from US Airways were confusing and

6   unclear. There were many categories and it was difficult for me to ascertain whether I was paid

7   correctly.

8

9          I declare under penalty of perjury under the laws of the United States and in the State of

10  California that the foregoing is true and correct.  Executed this __31__ day of December 2013, in

11

12  Long Beach, CA.

13

14

15                                        Ross McKinley

16

17

18

19

20

21

22

23

24

25

26

27

28