# Exhibit 27

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF DEANDRE MOORE IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Deandre Moore, have personal knowledge of the matters stated herein and, if called upon to do so, would testify to them truthfully and competently:

1. I was employed as a Fleet Service Agent ("FSA") and Operations Agent by US Airways, Inc. ("US Airways") from June 24, 2007, until August 21, 2013. I was a full-time employee. In California, I have worked at Ontario International Airport, Los Angeles International Airport, and John Wayne Airport in Orange County.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

---

1 | for inaccurate wage statements, waiting time penalties, and other civil penalties for various
2 | California Labor Code violations in a class action law suit against my former employer and on
3 | my behalf.

4 |

5 | 3. My duties as a FSA and Operations Agent included, but were not limited to:
6 | loading and unloading aircrafts, coordinating personnel on the ramp, implementing a load plan,
7 | directing aircrafts during departure and arrival, and the general facilitation of fleet service.

8 | 4. Through a process called "Shift Trading," I picked about 4 shifts per week on
9 | average; as a result, I mostly worked approximately 70 total hours per week. Despite these
10 | significant overtime hours, I was never provided overtime compensation due to Shift Trades. I
11 | am very interested in receiving any overtime compensation that I earned and should have been
12 | paid by US Airways.

13 | 5. While working as a FSA, I believed US Airways paid my actual clock-in and
14 | clock-out times; I now know that this was not the case. I was never informed by US Airways
15 | that I needed to claim extra minutes worked through a supervisor or lead FSA.

16 | 6. It was my routine to get to work early, about an hour or so before my scheduled
17 | shifts. About 10-15 minutes before I was set to start, I would clock-in and prepare for work. To
18 | prepare for work, I checked flight schedules, conferred with supervisors and leads, and put on
19 | my safety gear. I performed these tasks while clocked-in and expected to be paid for this time
20 | worked. I am interested in receiving any unpaid wages for work performed before my scheduled
21 | shifts owed to me by US Airways.

22 | 7. Similarly, throughout my tenure with US Airways, I sometimes stayed minutes
23 | after my scheduled shifts to complete my work duties. I would stay an extra 10-20 minutes
24 | about 2-3 times per week on average. I was expected to wait until my assigned flight left the

gate before I could complete my shift; this was made clear to me by my supervisors. I thought I was paid for these extra minutes worked, but now I know that I was not. I never asked a supervisor or lead to adjust my timesheet to get credit for these minutes because I never knew I was supposed to. I am interested in receiving any unpaid wages for work performed after my scheduled shifts from US Airways.

8.  About 3-4 times per week on average, I used my personal cell phone for work purposes during my shifts. I was not provided a radio so I used my personal cell phone to locate supervisors and leads, and they called me to determine my location. My personal cell phone was my means of communication during work shifts. Despite this common cell phone use, I received no reimbursement for it from US Airways and did not know it was available.

9.  I felt that the wage statements provided by US Airways were difficult to understand and confusing. There were too many categories and it was hard for me to ascertain whether I was paid properly or not. I believe US Airways could have and should have issued clearer more concise wage statements.


I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this _13_ day of January 2014, in Jonesboro, Georgia.


Deandre Moore

Exhibit 28

1   Arlo García Uriarte, SBN 231764
    Un Kei Wu, SBN 270058
2   Ernesto Sanchez, SBN 278006
3   LIBERATION LAW GROUP, P.C.
    2760 Mission Street
4   San Francisco, CA 94110
    Telephone: (415) 695-1000
5   Facsimile: (415) 695-1006

6
    Attorneys for PLAINTIFFS
7

8                  UNITED STATES DISTRICT COURT

9                  NORTHERN DISTRICT OF CALIFORNIA

10                    SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on          Case No. 3:12-cv-05860 CRB
12  behalf of themselves, and on behalf of others
    similarly situated, and the general public,        **DECLARATION OF WENDY MORA**
13                                                      **IN SUPPORT OF PLAINTIFFS'**
                         Plaintiffs,                    **MOTION FOR CLASS**
14                                                      **CERTIFICATION**
15          vs.

16  US Airways, Inc., and DOES 1 through 50,           Date:   February 28, 2014
                                                        Time: 10:00am
17                       Defendants.                    Place: Ctrm. 6, 17th Floor

18                                                      Hon. Charles R. Breyer

19

20          I, Wendy Mora, have personal knowledge of the matters stated herein and would testify

21  to them truthfully and competently if called upon to do so:

22
            1.  I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US
23
    Airways") from May 2006 until December 2012. I worked full-time out of Oakland
24
25  International Airport.

26          2.  I have been informed that the above mentioned representative plaintiffs are

27  seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties
28

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. As a FSA, my duties included, but were not limited to: baggage handling, cleaning of aircraft cabins and lavatories, driving loaders and forklifts, and directing beverage and luggage carts.

4. Through a process called "Shift Trading," I picked up about 2 additional shifts per week on average. I was not paid overtime compensation when these additional shifts resulted in overtime hours. If it is owed to me under the law, I am very interested in receiving all overtime compensation that should have been paid to me by US Airways.

5. I typically arrived to work approximately 30 minutes before my scheduled shifts. During this time, I would check flight schedules, discuss my workday with supervisors, and put on my safety gear. Similarly, I often stayed and worked a few minutes after my scheduled shifts because my supervisors expected me to work until my job duties were completed. US Airways did not pay me correctly for this extra work performed. I think I should receive all compensation owed to me by US Airways in connection with time worked before and after scheduled shifts.

6. US Airways managers and supervisors routinely contacted me through my personal cell phone during my work shifts. I would receive calls about twice per month from US Airways personnel so that I could get instructions about my work tasks. I never was reimbursed for this personal cell phone use.

7. Throughout my tenure as a FSA, I found my wage statements or paystubs difficult to understand because of all the different categories used to calculate my pay. I was

1   often unsure whether I was paid properly or not. US Airways should have provided clear and

2   concise wage statements.

3

4

5       I declare under penalty of perjury under the laws of the United States and in the State of

6   California that the foregoing is true and correct.  Executed this 18th day of November 2013, in

7   San Leandro, California.

8

9

10  Wendy Mora

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 29

1  Arlo García Uriarte, SBN 231764
2  Un Kei Wu, SBN 270058
   Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6
   Attorneys for PLAINTIFFS
7
                    UNITED STATES DISTRICT COURT
8
                  NORTHERN DISTRICT OF CALIFORNIA
9
                     SAN FRANCISCO DIVISION
10

11 Joseph Timbang Angeles, Noe Lastimosa, on      Case No. 3:12-cv-05860 CRB
   behalf of themselves, and on behalf of others
12 similarly situated, and the general public,     DECLARATION OF NATASHA PELE
                                                    IN SUPPORT OF PLAINTIFFS'
13                                                  MOTION FOR CLASS
                 Plaintiffs,                        CERTIFICATION
14
15      vs.
16 US Airways, Inc., and DOES 1 through 50,        Date:  February 28, 2014
                                                    Time: 10:00am
17               Defendants.                        Place: Ctrm. 6, 17th Floor
18                                                  Hon. Charles R. Breyer
19

20        I, Natasha Pele, have personal knowledge of the matters stated herein and would testify

21 to them truthfully and competently if called upon to do so:

22        1.  I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US
23
   Airways") from December 9, 2005 until February 14, 2010.
24
          2.  I have been informed that the above mentioned representative plaintiffs are
25
26 seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

27 for inaccurate wage statements, waiting time penalties, and civil penalties for various California

28 Labor Code violations in a class action law suit against my former employer and on my behalf.

3.  As a FSA working at John Wayne Airport in Orange County, California, my duties included, but were not limited to: baggage handling, cleaning of aircraft cabins and lavatories, driving loaders and servicing aircraft needs, and directing beverage and luggage carts.

4.  Through a process called "Shift Trading," I picked up about 30 hours of additional work per week on average. I was not paid overtime compensation for this.

5.  If it is owed to me under the law, I am very interested in receiving all overtime compensation that should have been paid to me by US Airways.

6.  While working for US Airways, I was under the impression that it paid for my actual clock-in and clock-out times. I was unaware, until recently, that US Airways only paid for my scheduled shifts unless extra minutes worked were claimed through a supervisor.

7.  I typically arrived to work approximately 5-10 minutes before my scheduled shifts. During these 5-10 minutes, I would put on my safety gear and get ready for my pre-shift meeting. It was very important for me to be on time for pre-shift meetings. I would arrive to work early to make sure that I was rarely late, if ever.

8.  Similarly, I often stayed a few minutes after my scheduled shifts because I had to work until my job duties were completed. I believed I was always paid for this additional work, but I now know that I was not paid for all of it.

9.  I believe I should be paid for all minutes worked before and after my scheduled shift. I do not believe that it is fair for US Airways to only pay for scheduled shifts and require FSAs like me to claim extra minutes worked, especially because that policy was not made clear to me during my employment tenure.

---

10. Even though it was against the rules, US Airways managers and supervisors often contacted me through my personal cell phone during my work shifts. They would habitually text me for work related reasons. I never received any reimbursement for these texts which were deducted from my monthly plan. I think I should receive this reimbursement if it is owed to me under the law.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this 18th day of November 2013, in Carson, California.

Natasha Pele

Exhibit 30

1  Arlo García Uriarte, SBN 231764
   Un Kei Wu, SBN 270058
2  Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6
   Attorneys for PLAINTIFFS
7

8            UNITED STATES DISTRICT COURT

9          NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11 | Joseph Timbang Angeles, Noe Lastimosa, on      Case No. 3:12-cv-05860 CRB
12 | behalf of themselves, and on behalf of others
   | similarly situated, and the general public,    **DECLARATION OF HENRY**
13 |                                                **QUINTERO IN SUPPORT OF**
   |                                                **PLAINTIFFS' MOTION FOR CLASS**
14 |                Plaintiffs,                      **CERTIFICATION**
15 |       vs.
16 | US Airways, Inc., and DOES 1 through 50,       Date:  February 28, 2014
   |                                                Time: 10:00am
17 |                Defendants.                     Place: Ctrm. 6, 17th Floor
18 |                                                Hon. Charles R. Breyer
19

20     I, Henry Quintero, have personal knowledge of the matters stated herein and, if called

21 upon to do so, would testify to them truthfully and competently:

22     1.  I am currently employed as a Fleet Service Agent ("FSA") by US Airways, Inc.

23

24 ("US Airways") and have been employed in that capacity since approximately September 2005. 9-30-07

25 I am a part-time employee and work out of Los Angeles International Airport ("LAX") in

26 California.

27     2.  I have been informed that the above mentioned representative plaintiffs are

28 seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

---

1    for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2    Labor Code violations in a class action law suit against my current employer and on my behalf.

3         3.  As a FSA working out of LAX, my duties include, but are not limited to:

4    baggage and cargo handling, driving loaders and forklifts, aircraft direction near the gate, and

5    the general facilitation of fleet service.

6         4.  Through a process called "Shift Trading," I pick up about 3-4 additional shifts

7    per month on average. I am not paid overtime compensation for any overtime hours worked in

8    connection with these extra shifts. If US Airways must pay Shift Trade overtime under the law,

9    I am very interested in receiving any and all overtime compensation owed to me. US Airways

10    should pay me as required by the law, nothing more and nothing less.

11         5.  Throughout my tenure as a FSA, my common practice has been to report for

12    work early. I do this because I have to be completely ready to work exactly when my shift

13    starts; I must perform certain preliminary tasks before my shifts; for example, I prepare for

14    work by putting on my safety gear, getting my equipment ready, checking flight schedules, and

15    discussing work duties with my supervisors and Leads. It is very important to be on time and

16    ready for work. If you are late by even one or two minutes you are penalized; this can lead to

17    suspension or even termination. I believe I should be paid for my pre-shift work by US

18    Airways. US Airways should not benefit from my labor for free.

19         6.  Furthermore, it is common for me to stay up to 15 minutes past my scheduled

20    shifts. I stay late because the nature of the job involves flight delays or cancellations; these

21    unexpected changes force me to work late. I am only compensated for these extra minutes

22    worked if a supervisor adjusts my timesheet, something they are not always willing to do. US

Airways should automatically pay me for my post-shift work and not require me to claim extra minutes worked.

7.   US Airways personnel routinely contacts me on my personal cell phone for work related purposes during my shifts. There are not enough radios to go around, and my personal cell phone is the method they use to reach and contact me. Despite this common practice, I am never reimbursed for my personal cell phone use.

8.   The wage statements issued by US Airways are always difficult to understand. My hours are categorized in a manner that does not clearly indicate whether they are part of my regular work hours or my overtime hours. I must engage in my own calculations to determine if I am paid properly. US Airways should issue wage statements that are clear and easily understood.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this ⟨13⟩ day of January 2014, in ⟨Los Angeles⟩ , California.


Henry Quintero

Exhibit 31

1  Arlo García Uriarte, SBN 231764
   Un Kei Wu, SBN 270058
2  Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6

7  Attorneys for PLAINTIFFS

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10             SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on       Case No. 3:12-cv-05860 CRB
12  behalf of themselves, and on behalf of others
    similarly situated, and the general public,     DECLARATION OF BEN
13                                                   THEREAULT IN SUPPORT OF
                                                     PLAINTIFFS' MOTION FOR CLASS
14                  Plaintiffs,                      CERTIFICATION

15       vs.

16  US Airways, Inc., and DOES 1 through 50,        Date:  February 28, 2014
                                                     Time: 10:00am
17                  Defendants.                      Place: Ctrm. 6, 17th Floor

18                                                   Hon. Charles R. Breyer

19

20       I, Ben Thereault, have personal knowledge of the matters stated herein and, if called

21  upon to do so, would testify to them truthfully and competently:

22       1.  I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US

23
    Airways") from approximately March 23, 2008, until February 14, 2010. I was a full-time
24
25  employee, and worked out of John Wayne Airport in Orange County, CA.

26       2.  I have been informed that the above mentioned representative plaintiffs are

27
    seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties
28

1   for inaccurate wage statements, waiting time penalties, and civil penalties for various California

2   Labor Code violations in a class action law suit against my former employer and on my behalf.

3       3.   My duties as a FSA included, but were not limited to: baggage and cargo

4   handling, cleaning aircraft lavatories and cabins, driving forklifts and loaders, directing aircrafts

5   during departure and arrival, and the general facilitation of fleet service.

6       4.   Through a process called "Shift Trading," I routinely picked up about 2 shifts per

7   week on average. I was not paid overtime compensation for overtime hours worked in

8   connection with Shift Trades. If it is owed to me under the law, I am very interested in receiving

9   any and all overtime compensation owed to me by US Airways.

10      5.   Throughout my tenure as a FSA, I habitually worked minutes before and after

11  my scheduled shifts, which remain unpaid. I typically arrived at least 5 minutes before my

12  scheduled shifts; during this time, I checked flight schedules, put on safety gear, and made sure

13  I was ready for work. At John Wayne Airport, employees were required to be completely ready

14  for work at the beginning of their shifts. Similarly, after my scheduled shifts, I often stayed a

15  few minutes extra due to the nature of my job; I was not allowed to leave until my work tasks

16  were completed. Despite the foregoing, I was not paid for the extra work I did before and after

17  scheduled shifts.

18      6.   I do not believe that it is fair for US Airways to only pay for scheduled shifts and

19  require FSAS to claim extra minutes worked, especially because it was rarely possible. Credit

20  for these extra minutes was given at the discretion of supervisors; my supervisors rarely gave

21  this required approval.

22      7.   My wage statements or paystubs were always confusing and unnecessarily

23  unclear during my time as a FSA. It was difficult for me to verify that I was paid correctly. US

1   Airways should have provided clear wage statements that were easily understood. That way, I

2   would have been able to ascertain whether I was paid correctly or not.

3

4        I declare under penalty of perjury under the laws of the United States and in the State of

5

6   California that the foregoing is true and correct.  Executed this 21 day of December 2013, in

7   Newport Beach, California.

8

9

10                                        Benjamin Thereault

Exhibit 32

1   Arlo García Uriarte, SBN 231764
    Un Kei Wu, SBN 270058
2   Ernesto Sanchez, SBN 278006
3   LIBERATION LAW GROUP, P.C.
    2760 Mission Street
4   San Francisco, CA 94110
    Telephone: (415) 695-1000
5   Facsimile: (415) 695-1006

6
    Attorneys for PLAINTIFFS
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on        Case No. 3:12-cv-05860 CRB
12  behalf of themselves, and on behalf of others
    similarly situated, and the general public,      **DECLARATION OF ERIK VAUGHAN**
13                                                    **IN SUPPORT OF PLAINTIFFS'**
                        Plaintiffs,                   **MOTION FOR CLASS**
14                                                    **CERTIFICATION**
15          vs.
                                                      Date: February 28, 2014
16  US Airways, Inc., and DOES 1 through 50,          Time: 10:00am
                                                      Place: Ctrm. 6, 17th Floor
17                      Defendants.
                                                      Hon. Charles R. Breyer
18

19

20          I, Erik Vaughan, have personal knowledge of the matters stated herein and, if called

21  upon to do so, would testify to them truthfully and competently:

22
            1.  I worked as a Fleet Service Agent ("FSA") for US Airways, Inc. ("US Airways")
23
24  from 2008 to January 2012, when I was furloughed. I was a full-time employee and worked out

25  of John Wayne Airport ("SNA") in California. I am currently employed as a FSA in Phoenix,

26  Arizona.

27
            2.  I have been informed that the above mentioned representative plaintiffs are
28
    seeking to recover unpaid wages, overtime wages, penalties for inaccurate wage statements,

waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my current employer and on my behalf.

3.   As a FSA working out of SNA, my duties included, but were not limited to: baggage and cargo handling, lavatory cleaning, driving loaders and forklifts, and aircraft direction near the gate.

4.   Through a process called "Shift Trading," I picked up about 2-3 additional shifts per month on average. I was not paid overtime compensation for any overtime hours worked in connection with Shift Trades. Although Shift Trading allows FSA scheduling flexibility, I don't believe US Airways should be able to use that as an excuse to avoid paying overtime under the law. If US Airways must pay Shift Trade overtime under the law, I am very interested in receiving any and all overtime compensation that is owed to me.

5.   Throughout my tenure as a FSA, my common practice was to arrive to work early. I did this because I had to be completely ready to work exactly when my shift started. The attendance policy at US Airways was very strict and you could not be late by even one minute; if you were late, you would face penalties which could lead to suspension or termination. It was common for other FSAs and I to give ourselves enough leeway in order to be safe from receiving any late penalties.

6.   I typically reported to my shifts 15-20 minutes early. During this time, I clocked in and prepared for my shift by putting on my safety gear and checking flight schedules. I would also check my work assignments and talk to supervisors about the work day. It was not possible to receive compensation for this preparatory work because US Airways did not consider it compensable. We could not claim it through an "Exception Report."

1    I declare under penalty of perjury under the laws of the United States and in the State of

2    California that the foregoing is true and correct. Executed this _2nd_ day of Feburary 2014 in

3    Phoenix, Arizona.

4

5

6                                    Erik Vaughan

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit 33

1  Arlo García Uriarte, SBN 231764
   Un Kei Wu, SBN 270058
2  Ernesto Sanchez, SBN 278006
3  LIBERATION LAW GROUP, P.C.
   2760 Mission Street
4  San Francisco, CA 94110
   Telephone: (415) 695-1000
5  Facsimile: (415) 695-1006

6
   Attorneys for PLAINTIFFS
7

8              UNITED STATES DISTRICT COURT

9            NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11  Joseph Timbang Angeles, Noe Lastimosa, on       Case No. 3:12-cv-05860 CRB
    behalf of themselves, and on behalf of others
12  similarly situated, and the general public,      **DECLARATION OF WAYNE WATSON
13                                                   IN SUPPORT OF PLAINTIFFS'**
                        Plaintiffs,                  **MOTION FOR CLASS**
14                                                   **CERTIFICATION**
15         vs.

16  US Airways, Inc., and DOES 1 through 50,         Date:  February 28, 2014
                                                     Time:  10:00am
17                      Defendants.                  Place: Ctrm. 6, 17th Floor

18                                                   Hon. Charles R. Breyer

19

20         I, Wayne Watson, have personal knowledge of the matters stated herein and would

21  testify to them truthfully and competently if called upon to do so:

22
           1.  I worked as a Fleet Service Agent ("FSA"), Lead FSA, and Operations Agent for
23
24  US Airways, Inc. ("US Airways") from 1998 until ~~JAN 2012~~ I worked out of Sacramento and
                                                          (WDW)
25  Oakland International Airports.

26         2.  I have been informed that the above mentioned representative plaintiffs are
27
    seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties
28

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. As a FSA, Lead FSA, and Operations Agent my duties included, but were not limited to: baggage and cargo handling, personnel supervision, administrative paperwork, and the general facilitation of fleet service.

4. Through a process called "Shift Trading," I picked up about 6-7 additional shifts per month on average. I was not paid overtime compensation in connection with any Shift Trades I made. I am very interested in receiving the overtime compensation owed to me by US Airways as a result of these Trades.

5. As a FSA and FSA Operations Lead, my general practice was to arrive approximately 15 minutes before my scheduled shifts. I did this because it was very important to clock-in on time. If you were late, you would be reprimanded and could face suspension or other discipline. During the minutes before my scheduled shifts, I would put on my safety gear, check on flight schedules and, generally prepare for my job duties; I was never paid for this time worked. I am interested in receiving compensation for the work I performed before my scheduled shifts.

6. Similarly, I often worked extra minutes after my scheduled shifts, which remain unpaid. I worked diligently and would typically stay after my scheduled shifts to complete my duties. Sometimes, when I worked only a few extra minutes, my manager or supervisor did not adjust my time sheet to reflect the extra minutes that I worked. I believe that I should be paid for all work that I performed after my scheduled shifts. I do not think it is right for US Airways to have discretion regarding whether their employees should be paid for work performed. FSAs should be paid automatically for all worked performed.

7.   The use of my personal cell phone for work related reasons during work hours routinely occurred. I estimate that I received or made these calls about 2 times per month. It was important for me to communicate with US Airways personnel in order to effectively complete my job duties; at times, this was only possible through the use of my personnel cell phone. I never received any reimbursement for my personal cell phone use.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct.  Executed this _27_ day of December 2013, in Pleasanton, CA.

Wayne Watson

Exhibit 34

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 273006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF MICHAEL WILKES IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Michael Wilkes, have personal knowledge of the matters stated herein and would testify to them truthfully and competently if called upon to do so:

1. I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US Airways") from May 21, 2001, until December 2011. I worked out of San Diego International Airport in California. I was a part-time employee.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. As a FSA, my duties included but were not limited to: baggage and cargo handling, driving loaders and forklifts, aircraft direction during arrival and departure, and the general facilitation of fleet service.

4. Through a process called "Shift Trading," I picked up as many as 3 shifts per week on average and often worked overtime as a result. I was not paid overtime compensation when working overtime hours due to Shift Trades. If Shift Trade overtime is owed to me under the law, I am definitely interested in receiving all of it. I often worked very long hours as a FSA, and I deserve to be paid properly for that hard work.

5. Throughout my employment tenure, my routine was to arrive at least 30 minutes before my scheduled shifts. I did this because it was very important to clock-in on time; late employees would get reprimanded and could face suspension or even termination.

6. During the minutes before my scheduled shifts, I would prepare for my workday by: reviewing flight schedules, putting on my safety gear, and speaking to supervisors about what needed to be done; sometimes, I would lend a hand to the crews working on the tarmac if they needed help. I never received compensation for this work performed before my scheduled shifts.

7. Similarly, due to the nature of my job duties, it was common for me to stay a few minutes past my scheduled shifts; for example, I would work until my job duties,

like cleaning aircrafts, were completed. US Airways expected us to work until our work duties were finished, as was communicated to me by my supervisors.

8.  I believe that I should have been paid for any and all work performed before and after my scheduled shifts. FSAs should be paid automatically for all worked performed when on-the-clock. It is very unfair for US Airways to only pay for the scheduled shifts of FSAs and expect them to claim extra minutes worked. Such a practice amounts to an unfair burden on employees because it is often difficult or impossible to claim every single minute worked from supervisors. Nevertheless, we should have been paid for all work performed.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 30 day of December 2013, in Chula Vista, CA.

_Michael Wilkes_

Michael Wilkes

DECLARATION OF MICHAEL WILKES: Angeles v. US Airways 3:12-cv-05860 CRB

3