Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF ARLO URIARTE IN SUPPORT OF PLAINTIFFS' REPLY TO US AIRWAY'S RESPONSE TO MOTION TO CERTIFY THE CLASS**<br><br>Date:     March 21, 2014<br>Time:    10:00am<br>Place:   Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Arlo Uriarte, declare as follows:

1. I am an attorney licensed to practice in all courts in the State of California and in the United States District Court for the Northern District of California. I am the founding and managing attorney at the law firm Liberation Law Group, P.C., attorneys of record for Joseph Angeles and Noe Lastimosa, named plaintiffs in this case. The facts contained herein are based on my personal knowledge, except as to those matters stated on information and belief. If called to testify, I would testify to these same facts under oath.

**I.   COMMON ISSUES OF LAW AND FACT PREDOMINATE IN THIS CASE**

2. Common issues of law and fact in this case predominate.

3. Defendant's company-wide timekeeping and payroll policies stem from uniform policies detailing how to compensate the employees according to centralized rules and the realities of the workplace. This suggests a uniformity among policies affecting the employees that makes it easily susceptible to common proof. In my discussions with the timekeeping expert, it was made clear to me that the data sets from the 554 FSA were all subject to the same payment and timekeeping rules affecting all 554 employees in the same manner.

4. The allegations and evidence presented in support of class certification are typical of class claims based on common employer timekeeping and payroll policies and practices in California. The instant case concerns putative class members who, as FSA's, share the same employment position and job duties. Further, they are all governed by the same CBA, the same timekeeping practices and employment policies established and applied by Defendant. Defendant's company-wide policies create numerous common issues that are suitable for class action adjudication.

5. US Airways does not have a written policy concerning whether or not FSA can or cannot put on their uniforms or safety equipment at work. A review of all the employment manuals, procedure manuals, workplace regulations did not result in finding any written policy that makes it against company policy for FSA to put on their uniforms or safety equipment at work.

6. As Plaintiffs Mr. Lastimosa and Mr. Angeles have declared FSA are required to

1 put on their safety gear, protective gear, safety vests, goggles, rain gear, lavatory gear before
2 starting their shifts in order to be completely ready to start their shift.  This is a common
3 requirement throughout all the stations in California. See FSA declarations attached to Motion to
4 Certify Class and the four declarations attached to this declaration.

5   7. Our investigation, including discussion with Mr. Lastimonsa and Mr. Angeles,
6 over 100 putative class members, and review of the timekeeping record leads us to the
7 conclusion that the pre-shift activities, including the donning of safety gears, checking flight
8 schedules and discussing work duties with supervisors and other flight related activities amount
9 to no more than 15 minutes before the scheduled shifts.  As such, we directed our timekeeping
10 expert to use a fifteen minute maximum and calculate an average for the duration of pre-shift
11 compensable time recorded. The resulting calculation is that on average thre are 11.13 minutes of
12 compensable time recorded but unpaid before the scheduled shift.

13   8. Another common method that could be used is a time and motion studies which
14 will corroborate the estimated 11.13 minutes.

15   9. The general overriding common issue that predominates this class and these
16 subclasses is whether through the timekeeping and payroll practice of US Airways, members of
17 the proposed class and subclasses are owed overtime and unpaid wages.  The common liability
18 question that predominates over the entire class is whether the assumptions made in the
19 timekeeping and payroll practice are illegal under California law.  As Janine Veil indicated in her
20 deposition, while she was part of the design, management, upkeep of the timekeeping system,
21 she does not know California law, and only designed the Work Brain assumption bases on her
22 understanding of what is allowable under the CBA.  Even though the CBA has no provisions on
23 how to deal with grace periods before and after the shifts, US Airways decided to cut out unpaid
24 grace periods of 55 minutes before the shift and 30 minutes after the shift, regardless of whether
25 those were compensable minutes or not. Therefore, the timekeeping assumptions were designed
26 without concern for what is required under California law. We are left to ask the predominant
27 common question then that in making these timekeeping assumptions and instituting the policies
28 and practices affecting all FSA:

a. Whether Shift Trade hours should have been paid at the overtime premium rate when they resulted in overtime?
    i. Whether the FSA's are owed overtime wages because Shift Trade hours were paid at regular rate even if it resulted in overtime work?
b. By coding all grace periods before and after the shifts as unpaid, was the timekeeping system leaving out compensable time for work related duties when the FSA's were under the control of the employer; if so is this illegal?
c. Were FSA "suffered and permitted to work" and therefore under the "control of the employer" when engaging in pre-shift activities such as donning of protective gear and checking flight schedules, and talking to supervisors about their assignments?
d. Were FSA "suffered and permitted to work" and therefore under the "control of the employer" when engaging in post-shift activities related finishing their work and walking to the operations center to clock out at the end of their shift?
e. Was the practice of using a manual exception report deficient and did not capture all hours of compensable time for FSA, before and after the scheduled shift?
f. By using so many different codes and categorizing the different hours and overtime hours onto the wage statements in such confusing manner—not including uncounted overtime hours or hours worked—are the wage statements inaccurate and therefore in violation of Labor Code §226?
g. Whether as a result of the core wage violations, Defendant failed to pay all members of the "waiting time" subclass all wages upon separation?
    i. Whether this was "willful"?
    ii. Whether Defendant can establish a "good faith dispute" defense?
h. Whether the underlying claims give rise to violations of Bus. & Prof. Code §17200, and are the remedies found therein available to the FSA Class?
    i. Should the four year statute of limitations apply to the Class?
i. Whether US Airways should be subjected to civil penalties under PAGA?

i. What is the appropriate amount of civil penalties available to the class?

j. Class-wide damages also present common issues of fact and law.

## II. AUTHENTICATION OF EXHIBITS

10. Attached hereto and marked as **Exhibit 1** is a true and correct copy of the Declaration of Rodney Dudoit.

11. Attached hereto and marked as **Exhibit 2** is a true and correct copy of the Declaration of Jack Kayajian.

12. Attached hereto and marked as **Exhibit 3** is a true and correct copy of the Declaration of Ramon Ortega.

13. Attached hereto and marked as **Exhibit 4** is a true and correct copy of the Declaration of Grant Roberts.

I declare under penalty of perjury under the laws of California and the United States that the foregoing is true and correct.  Executed on this 14th day of February 2014 at San Francisco, California.

Arlo Uriarte