# Exhibit 1

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF RODNEY DUDOIT IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Rodney Dudoit, have personal knowledge of the matters stated herein and, if called upon to do so, would testify to them truthfully and competently:

1. I was employed as a part-time and full-time Fleet Service Agent ("FSA") by US Airways, Inc. ("US Airways") from September 2007 to September 2010. I worked out of Long Beach Airport ("LGB") in California.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. As a FSA working out of LGB, my duties included, but were not limited to: baggage and cargo handling, aircraft direction during arrival and departure, driving loaders and forklifts, and the general facilitation of fleet service.

4. Through a process called "Shift Trading," I picked up about 1-2 additional shifts per week on average. I was not paid overtime compensation for any overtime hours worked as a result of Shift Trades. If it is owed to me under the law, I am very interested in receiving any and all overtime compensation that I earned while working for US Airways.

5. Throughout my tenure as a FSA, I was under the impression that I was paid for my actual clock-in and clock-out times. I was unaware, until recently, that US Airways only paid for my scheduled shifts. I could not have claimed any extra minutes worked through a supervisor because I didn't know that this was required to get paid properly.

6. I typically reported to work 30 minutes before my scheduled shifts. I came in early to ensure that I was ready for work by the time my shift started. To prepare for work, I put on my safety gear, checked flight schedules, and met with my supervisors. I never received compensation for this work performed before my scheduled shifts.

7. Furthermore, it was also common for me to stay 10 minutes past my scheduled shifts. Flight delays and the nature of the job required me to stay a few extra minutes to finish any remaining duties. I was under the impression that I was always paid for these extra minutes; now I know that this was not always the case. I believe I should receive compensation for all minutes worked before and after scheduled shifts which remain unpaid. I do not believe it is fair for US Airways to only pay for my scheduled shifts despite the extra work I put in.

1  I declare under penalty of perjury under the laws of the United States and in the State of
2  California that the foregoing is true and correct. Executed this 28 day of January 2014, in
3  Pearl City, Hawaii.

*[Signature]*
Rodney Dudoit

# Exhibit 2

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF JACK KAYAJIAN IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date:  February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Jack Kayajian, have personal knowledge of the matters stated herein and, if called upon to do so, would testify to them truthfully and competently:

1. I worked as a Fleet Service Agent ("FSA") for US Airways, Inc. ("US Airways") from September 2007 to October 2009. I was a part-time employee and worked out of Bob Hope Airport ("BUR") in California.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

---

DECLARATION OF JACK KAYAJIAN: Angeles v. US Airways 3:12-cv-05860 CRB

1

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. As a FSA working out of BUR, my duties included, but were not limited to: baggage and cargo handling, driving loaders and forklifts, aircraft direction near the gate, and the general facilitation of fleet service.

4. Through a process called "Shift Trading," I picked up about 3-5 additional shifts per week on average. I was not paid overtime compensation for any overtime hours worked because of Shift Trades. If US Airways must pay Shift Trade overtime under the law, I am very interested in receiving whatever is owed to me. It would be very unfair for US Airways to keep my overtime money.

5. Throughout my employment tenure, my routine was to report one hour early to my shift. It was important to come in to work early because of the travel time involved. Since there was only one shuttle to transport employees to my work station, I would often wait 30 minutes for it to arrive. If the shuttle did not arrive in 20 minutes, I would have to call dispatch. After checking in through security doors, I would finally reach my work station and prepare for my shift. To prepare for work, I put on on my safety gear, got necessary equipment ready, and checked flight schedules. It was not possible to receive compensation for this work.

6. Furthermore, it was common for me to stay about 20 minutes past my scheduled shifts. The nature of the job required me to stay a few minutes extra and finish any outstanding tasks. After taking off my gear, I would head to the shuttle to take me to my car. The shuttle, however, was shared with the public and required many stops. I was never compensated for this extensive travel time. The walking time was 7-10 minutes from the gate to the location where

---

DECLARATION OF JACK KAYAJIAN: Angeles v. US Airways 3:12-cv-05860 CRB

2

we clocked out. We would take off our gear at the locker room and the walk over to the shuttle and wait an additional 5-10 minutes just to pick us up.

7. I frequently used my personal cell phone for work-related purposes. Since only Leads had access to radios, FSAs were required to use their own cell phones in order to communicate with one another. Using our personal cell phones was necessary for us to properly execute work tasks. Despite this common practice, I was never reimbursed for any personal cell phone use.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 8th day of February 2014, in Pasadena, California.

*Jack Kayajian*
Jack Kayajian

# Exhibit 3

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF RAMON ORTEGA IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Ramon Ortega, have personal knowledge of the matters stated herein and, if called upon to do so, would testify to them truthfully and competently:

1. I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US Airways") from January 2007 to June 2012. I was a full-time and part-time employee and worked out of Los Angeles International Airport ("LAX") in California.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. As a FSA working out of LAX, my duties included, but were not limited to: baggage and cargo handling, lavatory cleaning, aircraft direction near the gate, and driving loaders and forklifts.

4. Through a process called "Shift Trading," I picked up about 3-4 additional shifts per week on average. I was not paid overtime compensation for any overtime hours worked in connection with Shift Trade. I strongly believe US Airways benefits from the Shift Trading system because it pays less overtime as a result and gets consistent shift coverage. FSA also benefit but US Airways should still pay the overtime if they have to under the law.

5. Throughout my tenure as a FSA, I routinely arrived to work early. It was important for me to get there early to avoid any penalties for being late. During this time, I would prepare for my shift by putting on my safety gear and equipment. I would also check flight schedules, talk to supervisors about job duties, and prepare carts for the oncoming baggage. If it is owed to me under the law, I am interested in receiving any unpaid wages for work performed before my scheduled shifts.

6. It was also very common for me to stay past my scheduled shifts. Flight delays happened regularly and we were forced to work late. While working late, I would unload flights and transport the international mail or freight to their respective sites. I would also clean the lavatories on the planes and dispose of any waste. It was common practice for me to perform work duties until the moment I clocked out. If I was not paid for this extra work performed, I believe I should receive all compensation owed to me by US Airways. It is unfair for FSAs to put in long hours of hard work without being paid properly for it.

7. The wage statements issued by US Airways were always unclear and difficult to understand. It was hard for me to determine the total amount of hours and pay I received because the categories were not broken down properly. The wage statements issued by US Airways should be clear and understandable.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 5 day of February 2014 in South Gate, California.

_____
Ramon Ortega

# Exhibit 4

Arlo García Uriarte, SBN 231764
Un Kei Wu, SBN 270058
Ernesto Sanchez, SBN 278006
LIBERATION LAW GROUP, P.C.
2760 Mission Street
San Francisco, CA 94110
Telephone: (415) 695-1000
Facsimile: (415) 695-1006

Attorneys for PLAINTIFFS

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Joseph Timbang Angeles, Noe Lastimosa, on behalf of themselves, and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>vs.<br><br>US Airways, Inc., and DOES 1 through 50,<br><br>Defendants. | Case No. 3:12-cv-05860 CRB<br><br>**DECLARATION OF GRANT ROBERTS IN SUPPORT OF PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**<br><br>Date: February 28, 2014<br>Time: 10:00am<br>Place: Ctrm. 6, 17th Floor<br><br>Hon. Charles R. Breyer |

I, Grant Roberts, have personal knowledge of the matters stated herein and, if called upon to do so, would testify to them truthfully and competently:

1. I was employed as a Fleet Service Agent ("FSA") by US Airways, Inc. ("US Airways") from approximately September 2007 until February 2012. I was a part-time employee. I worked out of Los Angeles International Airport in California.

2. I have been informed that the above mentioned representative plaintiffs are seeking to recover unpaid wages, overtime wages, reimbursement for cell phone use, penalties

for inaccurate wage statements, waiting time penalties, and civil penalties for various California Labor Code violations in a class action law suit against my former employer and on my behalf.

3. My duties as a FSA included, but were not limited to: baggage and cargo handling, driving loaders and forklifts, servicing aircraft needs at the gate, and cleaning airplane lavatories ~~and cabins~~.

4. Through a process called "Shift Trading," I routinely traded shifts with a co-worker; this led me to work significant overtime hours every other week. Despite the overtime hours that I worked, I never received overtime compensation from US Airways in connection with Shift Trades. If it is owed to me under the law, I am very interested in receiving any and all overtime compensation that I earned while working for US Airways. While Shift Trading was useful to me, I do not think it is right for US Airways to avoid paying overtime because of it.

5. It was my common practice to arrive approximately 30 minutes before my scheduled shifts as a FSA. I needed to arrive that early because I was required to take a shuttle from the parking lot towards the terminal; this process took about 15 minutes. After riding the shuttle and before my shift was set to start, I performed certain work duties: for example, I would check flight schedules, talk to my supervisor or lead about my work tasks, put on safety gear, and generally prepare for work. Even though I was clocked-in, I was never paid for this work performed because it occurred before my scheduled shifts.

6. Furthermore, after my scheduled shifts, I often stayed an extra 5-15 minutes to finish my work duties. I would only get credit for these additional minutes if my supervisor or manager adjusted my time sheet, which did not typically happen.

7. I do not believe it is fair for US Airways to only pay FSAs for their scheduled shifts and require them to claim additional minutes worked through a supervisor or manager. I

believe I should have been automatically paid for all minutes worked, especially when clocked-in. Accordingly, I am very interested in receiving any unpaid wages owed to me by US Airways for work performed before and after my scheduled shifts.

I declare under penalty of perjury under the laws of the United States and in the State of California that the foregoing is true and correct. Executed this 27 day of January 2014, in Hawthrone, California.

Grant Roberts

DECLARATION OF GRANT ROBERTS: Angeles v. US Airways 3:12-cv-05860 CRB
3