IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH TIMBANG ANGELES, NOE LASTIMOSA, on behalf of themselves and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs,<br><br>v.<br><br>US AIRWAYS, INC., and DOES 1 through 50,<br><br>Defendants. | No. C 12-05860 CRB<br><br>**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT** |

After four-plus years of litigation, Defendant US Airways moves for summary judgment using recycled arguments, while Plaintiff class members ("Plaintiffs") complain about the use of recycled arguments. Regrettably, at least one of those recycled arguments was correct—and dispositive—all along.

**I.   BACKGROUND**

   **A.   Legal Backdrop**

In California, "two complementary and occasionally overlapping sources of authority" govern wage-and-hour claims: (1) provisions in the Labor Code enacted by the state legislature, and (2) a series of wage orders enacted by the Industrial Welfare Commission ("IWC"). Brinker Restaurant Corp. v. Superior Court, 53 Cal. 4th 1004, 1026 (2012). Wage Orders "are to be accorded the same dignity as statutes," so to the extent they overlap with a provision in the Labor

1

Code, courts must "seek to harmonize" the two. Brinker, 53 Cal. 4th at 1027. Both legal regimes regulate wages, hours, and working conditions. Id. And both exempt certain classes of employees from those regulations. Collins v. Overnite Transp. Co., 105 Cal. App. 4th 171, 177–80 (2003); see also, e.g., Cal. Labor Code § 511 (employees with alternative work weeks); id. § 554 (emergency, railway, and agriculture employees); Wage Order 9–90[1] § 3(H) (truckers).

Among these exempt classes are employees who signed a collective bargaining agreement ("CBA"). Wage Order 9 section 1(E)—known as "the RLA Exemption"—exempts employees who have entered into a CBA "in accordance with the provisions of the Railway Labor Act." By definition, then, the RLA Exemption applies only to railway and airline employees. See 45 U.S.C. §§ 151, 181. Section 514 of the Labor Code exempts employees who have entered into a CBA that "expressly provides for the wages, hours of work, and working conditions of employees, and if the agreement provides premium wage rates for all overtime hours worked and a regular hourly rate of pay for those employees of not less than 30 percent more than the state minimum wage." It applies across industries. See Cal. Labor Code § 514.

Wage Order 9 section 3(N) also exempts airline employees who work "over 40 hours but not more than 60 hours in a workweek due to a temporary modification in the employee's normal work schedule not required by the employer but arranged at the request of another employee," such as when employees trade days off.

**B.    Factual Background**

Plaintiffs are former employees of Defendant US Airways who worked as Fleet Service Agents. Two CBAs governed their employment, which the parties agree do not differ in any meaningful respect for the purpose of summary judgment.[2] See MSJ at 2; MSJ Opp'n at 1. In their first cause of action, Plaintiffs allege that US Airways did not properly pay them under

---

[1] Because the IWC revises its wage orders from time to time, they are denoted by year. For example, Wage Order 9–90 refers to the 1990 version, while Wage Order 9–2001 refers to the 2001 version. References to "Wage Order 9" refer to the 2001 version unless otherwise noted.

[2] The parties also do not dispute that Plaintiffs entered into the CBAs in accordance with the Railway Labor Act ("RLA"). See MSJ at 1–3; MSJ Opp'n at 1–3.

1 Section 510 of the Labor Code for overtime hours worked (1) after trading shifts with fellow employees, and (2) while clocked-in during designated Grace Periods before and after their scheduled shifts. See TAC ¶¶ 20, 25, 31–33, 51–53. Based in part on those claims, Plaintiffs also bring claims for inaccurate wage statements (Third Cause of Action), id. ¶¶ 63–66, waiting time penalties (Fifth Cause of Action), id. ¶¶ 74–79, violations of the Unfair Competition Law (Sixth Cause of Action), id. ¶¶ 80–96, and violations of the Private Attorneys General Act (Seventh Cause of Action), id. ¶¶ 97–106.[3]

### C. Procedural History

A comprehensive chronicle of this four-year litigation could snuff out the soul of even wage-and-hour law's most avid afficionado, so the Court focuses on the most relevant parts.

#### 1. First Motion to Dismiss

As relevant here, US Airways moved to dismiss Plaintiffs' overtime claims because the RLA Exemption "[e]xempts US Airways from [i]ts [o]vertime [p]rovisions." See FMTD (dkt. 6) at 5. That being so, US Airways argued that "Wage Order No. 9's overtime provision does not apply." Id. at 6. Because both operative CBAs "were entered into in accordance with the provisions of the" Railway Labor Act, as required by the RLA Exemption, the Court agreed. Order on FMTD (dkt. 23) at 8; see also 45 U.S.C. §§ 151-65. It thus granted the motion "insofar as the overtime claim" was "premised on a violation of Wage Order 9[]." Id.

In a sprinkling of footnotes, US Airways also added that California Labor Code section 514 excused US Airways from complying with Section 510's overtime requirements. See FMTD at 6 n.4; FMTD Reply (dkt. 21) at 3 n.1. But because the CBAs did not meet all of Section 514's requirements, the Court disagreed. Order on FMTD at 8–9. Specifically, the CBAs failed to "provide premium wage rates for all overtime hours worked." Order on FMTD

---

[3] Plaintiffs also brought claims for failure to pay minimum wage for hours worked during the Grace Periods under Labor Code section 1194 and Wage Order 9 section 4 (Second Cause of Action), TAC ¶¶ 56–61, as well as for failure to reimburse for work-related expenses under Labor Code section 2802 (Fourth Cause of Action), id. ¶¶ 67–71. Those claims are not at issue on summary judgment. See MSJ at iv–vii (no mention of either claim, though the former remains alive); Mot. for Class Cert. (dkt. 64) at 2 ("Plaintiffs are no longer pursuing their § 2802 claim.").

3

1  at 8-9.  So although their Wage Order 9 overtime claims were dead on arrival, their Section 510

2  overtime claims remained very much alive.  See id. at 19.

### 2. Request for Leave to File Motion to Reconsider Order on FMTD

US Airways next requested leave to file a motion for reconsideration regarding the Court's holding on the Section 510/514 issue, arguing that the parties had not submitted adequate briefing on the proper meaning of "all overtime hours" in Section 514.[4]  See MTR (dkt. 29) at 4.  The Court denied the request, given that US Airways must have known about the issue but did not brief it in detail.  See Order on MTR (dkt. 38) at 2.

### 3. Motion for Judgment on the Pleadings

After Plaintiffs' filed their third amended complaint, US Airways moved for judgment on the pleadings as to Plaintiffs' Section 510 overtime claims based on two separate grounds. First, US Airways argued that the RLA Exemption protected it not just from Wage Order 9 overtime claims but also from Section 510 overtime claims.  See MJP (dkt. 57) at iv (arguing that the RLA Exemption applies to "the overtime requirements of both the wage order and the Labor Code").  Second, US Airways argued that Wage Order 9 section 3(N)—also known as "the Voluntary Modification Exemption"—protected it against Section 510 overtime claims based on work done "pursuant to voluntary shift trades" resulting in workweeks longer than 40 hours but less than 60 hours.  Id. at 7-8.

On reply, US Airways stressed that it had "never argued" and that the Court had "never decided" whether the RLA Exemption excused it from Section 510's requirements, rather than just from Wage Order 9's.  See MJP Reply (dkt. 73) at iv.  It also maintained that the Court had "never considered" the Voluntary Modification Exception.  Id.  Nevertheless, the Court denied the motion for judgment on the pleadings, reasoning that it had "addressed the same arguments at the motion to dismiss phase."  Order on MJP (dkt. 75) at 1–2.

---

[4] The Court acknowledges that, although this was an open question at the time, the weight of authority now cuts against its earlier decision.  See, e.g., Vranish v. Exxon Mobil, 223 Cal. App. 4th 103, 109–11 (2014); Kilbourne v. The Coca-Cola Co. et al., 2014 WL 11397891, at *7 (S.D. Cal. July 11, 2014).  But, as will become apparent, the Court need not revisit the issue here.

### 4. Motion for Summary Judgment

US Airways now moves for summary judgment, arguing that it is protected from Plaintiffs' Section 510 overtime claims for three separate (and by now familiar) reasons. First, US Airways argues that Section 514's exemption applies, particularly in light of Vranish v. Exxon Mobil Corp., 223 Cal. App. 4th 103 (2014). See MSJ at iv–v; 5–8. Second, US Airways argues that the RLA Exemption in Wage Order 9 excuses it not just from Wage Order 9's own overtime requirements but Section 510's as well. See id. at v–vi; 8–13. Third, US Airways argues that the Voluntary Modification Exemption in Wage Order 9 protects it from Section 510 overtime claims relating to work done pursuant voluntary shift trades, so long as they resulted in workweeks no more than 60 hours long. See id. at vi–vii; 13–14.

That being so, US Airways maintains that Plaintiffs' claims for inaccurate wages statements (Third Cause of Action), waiting time penalties (Fifth Cause of Action), violations of the Unfair Competition Law (Sixth Cause of Action), and violations of the Private Attorneys General Act (Seventh Cause of Action), also fail in part as a result. Plaintiffs cry foul. See MSJ Opp'n ("Response to Defendant's Noncompliant Motion for Reconsideration, Miscaptioned as a Motion for Summary Judgment").

## II. LEGAL STANDARD

The Court may grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims." Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict" for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if it could affect the outcome of the suit under the governing law. Id. at 248–49 (quoting First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 288 (1968)). The Court must view the evidence in favor of the non-moving party. Id. at 255.

## III.  DISCUSSION

The RLA Exemption in Wage Order 9 exempts US Airways from complying with Section 510's overtime requirements, and so the Court need not reach US Airways's other arguments regarding Section 514's exemption and the Voluntary Modification Exemption. Exemptions found in a valid 1997 wage order apply to regulations in the California Labor Code. See, e.g., Collins v. Overnite Transp. Co., 105 Cal. App. 4th 171, 177–80 (2003) (holding that the motor carrier exemption in Wage Order 9 exempted the defendant from the requirements of Section 510, among other provisions); Cal. Labor Code § 515(b)(2) (". . . Except as otherwise provided in this division, the commission may review, retain, or eliminate an exemption from provisions regulating hours of work that was contained in a valid wage order in effect in 1997."). As the Court held at the motion to dismiss stage, the RLA Exemption is such an exemption—and the operative CBAs here fall within its scope. See Order on FMTD at 8. US Airways therefore need not comply with the overtime requirements in Wage Order 9 or those in Section 510. Plaintiffs' First Cause of Action fails as a matter of law.

Plaintiffs counter with the arguments they presented in opposition to US Airways's motion for judgment on the pleadings, see MSJ Opp'n at 14 (stressing that they made these arguments "in great detail"), as well as a veritable mountain of legislative history, see Robinson Decl. (dkt. 120); Exhibits (dkt. 121–142). At its core, their argument is that Section 514 of the Labor Code "tied the IWC's hands with regard to overtime exemptions [in its Wage Orders] involving collective bargaining agreements." MJP Opp'n at 6. In other words, a CBA must meet the "baseline" requirements of Section 514 to excuse an employer from complying with Section 510, even if the CBA otherwise meets the criteria for the RLA Exemption. See id.

Not so. Section 514 and the RLA Exemption provide two distinct ways for a CBA to exempt workers from Section 510's overtime requirements. Section 514 lays out its own safeguards and applies across industries; the RLA Exemption relies on safeguards in the federal Railway Labor Act and applies only to railway and airline workers. Compare Cal. Labor Code § 514, with Wage Order 9 § 1(E). There is no conflict. And since the Court must "affirm, to the

extent possible, the integrity of both" the Labor Code and the IWC's Wage Orders "as part of a single scheme of regulation," Collins, 105 Cal. App. 4th at 180, Plaintiffs' argument does not get off the ground.[5]

In all candor, US Airways's motion for judgment on the pleadings should have been granted. Although the Court is generally loathe to go back on a prior order, the law of the case doctrine does not preclude it from correcting an erroneous ruling if justice so requires. See, e.g., City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 885 (9th Cir. 2001) ("As long as a district court has jurisdiction over the case, then it possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order . . . ." (citation omitted)). And here that is indeed what justice requires.[6]

## IV. CONCLUSION

For the foregoing reasons, the Court GRANTS the motion for summary judgment on Plaintiffs' overtime claims (First Cause of Action), as well as on their claims for inaccurate wage statements (Third Cause of Action), waiting time penalties (Fifth Cause of Action), violations of the Unfair Competition Law (Sixth Cause of Action), and violations of the Private Attorneys General Act (Seventh Cause of Action) to the extent that they rely on Plaintiffs' overtime claims.

**IT IS SO ORDERED.**

Dated: February 13, 2017

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE

---

[5] It also makes no difference that the IWC has authority to "review, retain, or eliminate" an exemption "[e]xcept as otherwise provided in this division." See MJP Opp'n at 5 (quoting Cal. Labor Code § 515(b)). The latter clause only means that the IWC may not, for example, "eliminate" statutory exemptions, like Section 514. It may still do what it wants with Wage Order exemptions, like the RLA Exemption. The problem for Plaintiffs' is that the IWC has indeed "retained" the RLA Exemption.

[6] Plaintiffs also insist that liability on its overtime claims is "no longer in issue," leaving only damages to be sorted out. MSJ Opp'n at 6. No. The parties agreed that "they will be able to resolve liability issues pertaining to Plaintiff's First Cause of Action . . . through motion practice" and that they would "be able to stipulate to hours worked and rates of pay for any potential damages issues." Id. (quoting 9/18/15 Case Mgmt. Statement (dkt. 95) at 2) (emphasis added). That "a trial" on an issue might ultimately be "unnecessary," id., does not mean that liability has been resolved.