**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JAN 24 2020

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSEPH TIMBANG ANGELES; NOE LASTIMOSA, on behalf of themselves and on behalf of others similarly situated, and the general public,<br><br>Plaintiffs-Appellants,<br><br>v.<br><br>US AIRWAYS, INC.,<br><br>Defendant-Appellee. | No.   18-16096<br><br>D.C. No. 3:12-cv-05860-CRB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted December 5, 2019
San Francisco, California

Before:  SILER,** CLIFTON, and BYBEE, Circuit Judges.

Joseph Angeles and Noe Lastimosa, on behalf of themselves and on behalf

of others similarly situated, and the general public (collectively "Appellants"),

---

\*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*       The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

appeal the district court's summary judgment in favor of US Airways.[1] We affirm.

We have jurisdiction under 28 U.S.C. § 1291 and review an order granting summary judgment de novo. *See Beaver v. Tarsadia Hotels*, 816 F.3d 1170, 1177 (9th Cir. 2016).

Appellants argue that US Airways failed to pay overtime for hours worked during shift trades in violation of California Labor Code Section 510 ("Section 510"). Section 510 requires employers to compensate work at a rate of at least one and one-half times regular pay for any hours worked that exceed eight hours per day or forty hours per week. The district court concluded that the Railway Labor Act ("RLA") exemption excuses US Airways from complying with Section 510's overtime requirements. We agree.

The RLA exemption is established in Wage Order 9. Cal. Code Regs. tit. 8, § 11090(1)(E). This wage order regulates wages, hours, and working conditions in the transportation industry, but exempts from such requirements any employees in the airline and railway industries who have entered into a collective bargaining agreement ("CBA") that meets the requirements of the RLA. *See id.* It is undisputed that the CBAs governing Appellants' employment meet the requirements for the RLA exemption. It is also undisputed that the CBAs specify

---

[1] Appellants also request that the we certify the instant issue on appeal to the California Supreme Court. Because we find this unnecessary, we deny Appellants' request.

that shifts added by Fleet Service employees through shift trades do not trigger overtime premium wage rates. Appellants, however, argue that the RLA exemption does not create an exemption to the Labor Code's overtime requirements.

The California Labor Code authorizes the Industrial Welfare Commission ("IWC") "to establish minimum wages, maximum hours and standard conditions of employment for *all* employees in the state." *Collins v. Overnite Transp. Co.*, 129 Cal. Rptr. 2d 254, 255 (Cal. Ct. App. 2003). Exercising this authority, the IWC promulgated a series of wage orders, which apply to separate industries or occupations. *See* Cal. Code Regs. tit. 8, §§ 11000-170. Although wage orders are not legislative enactments, California law deems them "presumptively valid" sources of regulation that are "to be accorded the same dignity as statutes." *Brinker Rest. Corp. v. Superior Court*, 273 P.3d 513, 527–28 (Cal. 2012) (citation omitted); *see also* Cal. Lab. Code § 1173 (tasking the IWC with the duty, among others, "to ascertain the wages paid to all employees in this state, to ascertain the hours and conditions of labor and employment in the various occupations, trades, and industries in which employees are employed in this state").

Historically, overtime in California was governed solely by the wage orders. *See Collins*, 129 Cal. Rptr. 2d at 257. The wage orders also provide a series of exemptions to overtime requirements, including Wage Order 9's RLA exemption, which the IWC added in 1976 after determining that "it would be difficult to

3

enforce standards for employees crossing state lines and that the exempted employees were better protected by their collective bargaining agreements pursuant to the Railway Labor Act." Industrial Welfare Commission, Statement of Findings by the Industrial Welfare Commission of the State of California in Connection with the Revision in 1976 of its Orders Regulating Wages, Hours and Working Conditions (Aug. 13, 1976).

In 1999 the California Labor Code added overtime requirements but expressly authorized the IWC to "review, retain, or eliminate an exemption . . . contained in a valid wage order in effect in 1997." Cal. Lab. Code § 515(b). The RLA exemption is such an exemption because it was adopted in 1976 and has been retained in all subsequent versions of Wage Order 9, including the version in effect in 1997. Therefore, the IWC did not act in direct contravention of the Labor Code by retaining the RLA exemption—rather, it was a preexisting exemption that the Legislature acknowledged and incorporated into the statutory scheme through Section 515(b). *See Collins*, 129 Cal. Rptr. 2d at 260 (holding that Labor Code Section 515(b) "express[es] a legislative intent to leave undisturbed the exemptions from 'provisions regulating hours of work . . . contained in any valid wage order in effect in 1997.'" (alteration in original)). Accordingly, the RLA exemption excuses US Airways from both Wage Order 9's overtime requirements and Section 510's overtime requirements.

18-16096

**AFFIRMED**.

18-16096